# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **IN RE:** | **No. 3:23-cv-00918** |
| | **Judge Trauger** |
| **CUMMINGS MANOOKIAN, PLLC** | |
| | **Appeal from:** |
| **Debtor.** | **No. 3:19-bk-07235** |

## APPELLANT BRIAN MANOOKIAN'S STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF RECORD

Pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellant Brian Manookian hereby files this Statement of the Issues to be Presented on Appeal and Designation of Items to be Included in the Appellate Record.

## I. <u>Issues To Be Presented</u>

Whether the Bankruptcy Court erred in failing to recuse itself where it belatedly revealed, but declined to detail, multiple *ex parte* communications about this litigation with one or more attorneys representing parties in this litigation, and where the Court continues to decline to reveal the substance, date, and parties to each of the *ex parte* communications.

Whether the Bankruptcy Court erred in failing to recuse itself where it quashed a subpoena to itself seeking to determine the specifics of the Court's *ex parte* communications and, in that Order, articulated additional biases and prejudices against the moving party.

Whether the Bankruptcy Court erred in relying upon a vacated Tennessee state court order regarding Appellant—an order that was issued by a judge who was subsequently disqualified from the action by the Tennessee Court of Appeals due to his actual or perceived bias against Appellant.

## II.      Designation of Items To Be Included in Appellate Record

The items to be included in the appellate record consist of the following:

• All docket entries in the bankruptcy proceeding (No. 3:19-bk-07235) and related adversary proceeding (No. 3:20-ap-90002), specifically including adversary proceeding docket entries 161, 165, 173, 174, 177, 178, 229 and all attachments thereto.

• Transcript of June 29, 2022 adversary proceeding hearing on motion to disqualify.

• Transcript of April 4, 2023 hearing on motion to disqualify.

Date:  September 11, 2023                    Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Appellant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed September 11, 2023 and served electronically upona all counsel of record:

Jay R. Lefkovitz
Lefkovitz & Lefkovitz, PLLC
312 East Broad Street, Suite A
Cookeville, TN 38501
(931) 528-5297 (T)
(931) 526-6244 (F)
JLefkovitz@lefkovitz.com

*Counsel for Debtor Cummings Manookian*

Phillip Young  One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (T)
phillip@thompsonburton.com

*Counsel for Trustee Jeanne Anne Burton*

John P. Konvalinka
Grant, Konvalinka & Harrison, P.C.
633 Chestnut Street, Suite 900
Republic Centre
Chattanooga, TN  37450-0900
(423) 756-8400 (T)
(423) 756-6518 (F)
jkonvalinka@gkhpc.com

*Counsel for Creditor Grant, Konvalinka & Harrison, P.C.*

Daniel Puryear
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
(615) 255-4859 (T)
(615) 630-6602 (F)
dpuryear@puryearlawgroup.com

*Counsel for Creditor D.F. Chase, Inc.*

*/s/ John Spragens*

3

# U.S. Bankruptcy Court
## MIDDLE DISTRICT OF TENNESSEE (Nashville)
## Bankruptcy Petition #: 3:19−bk−07235

*Assigned to:* Charles M Walker
Chapter 7
Voluntary
Asset

*Date filed:* 11/06/2019
*341 meeting:* 12/02/2019

| | |
|---|---|
| **Debtor**<br>**CUMMINGS MANOOKIAN, PLLC**<br>45 MUSIC SQUARE WEST<br>NASHVILLE, TN 37203<br>DAVIDSON−TN<br>Tax ID / EIN: 47−2636732 | represented by **STEVEN L LEFKOVITZ**<br>LEFKOVITZ AND LEFKOVITZ, PLLC<br>908 Harpeth Valley Place<br>NASHVILLE, TN 37221<br>615 256−8300<br>Fax : 615 255−4516<br>Email: slefkovitz@lefkovitz.com<br><br>**JOHN T. SPRAGENS**<br>SPRAGENS LAW PLC<br>311 22ND AVE N<br>NASHVILLE, TN 37203<br>615−983−8900<br>Fax : 615−682−8533<br>Email: JOHN@SPRAGENSLAW.COM |
| **Trustee**<br>**JEANNE ANN BURTON**<br>Jeanne Ann Burton PLLC<br>4117 Hillsboro Pk<br>Suite 103−116<br>NASHVILLE, TN 37215<br>615 678−6960 | represented by **PHILLIP G YOUNG**<br>Thompson Burton PLLC<br>One Franklin Park<br>6100 Tower Circle, Suite 200<br>FRANKLIN, TN 37067<br>615−465−6008<br>Fax : 931−381−0058<br>Email: phillip@thompsonburton.com |
| **U.S. Trustee**<br>**US TRUSTEE**<br>OFFICE OF THE UNITED STATES<br>TRUSTEE<br>701 BROADWAY STE 318<br>NASHVILLE, TN 37203−3966<br>615 736−2254 | represented by **MEGAN REED SELIBER**<br>US Trustee's Office<br>701 Broadway<br>Suite 318<br>Nashville, TN 37203<br>615−736−2254<br>Email: megan.seliber@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 11/06/2019 | 1 | Chapter 7 Voluntary Petition for Non−Individuals. Fee Amount is $335.00. Schedule A/B due 11/20/2019. Incomplete Filings due by 11/20/2019. (LEFKOVITZ AND LEFKOVITZ |
| 11/06/2019 | 2 | First Meeting of Creditors and Notice of Appointment of Interim Trustee − Meeting on 12/0 Broadway, Room 100, Nashville, TN 37203. JEANNE ANN BURTON, is appointed Interi of creditors unless the appointment is rejected within five days. Trustee is deemed covered exceed $720,000. Absent election of a Trustee pursuant to 11 U.S.C. Section 341(a), Interim |

| | | | |
|---|---|---|---|
| | | | appointment or qualification under the same bond. (admin, ) (Entered: 11/06/2019) |
| 11/09/2019 | | 3 | BNC Certificate of Notice. (RE: related document(s)2 Meeting (AutoAssign Chapter 7b)) N 11/09/2019) |
| 11/11/2019 | | 4 | Receipt of Voluntary Petition (Chapter 7)(3:19−bk−07235) [misc,volp7] ( 335.00). Receipt 1) (U.S. Treasury) (Entered: 11/11/2019) |
| 11/14/2019 | | 5 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of Chase. (PURYEAR, DANIEL) (Entered: 11/14/2019) |
| 11/18/2019 | | 6 | Application and Notice to Employ Thompson Burton PLLC as Attorney. *(Special Counsel)* 12/17/2019 at 09:00 AM at Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashv Certificate of Service mailed on 11/18/19. Filed on the behalf of: Trustee JEANNE ANN B 11/18/2019) |
| 11/19/2019 | | 7 | Amended Schedule(s) Schedule E/F. Fee Amount is $31.00 Filed on the behalf of: Debtor C AND LEFKOVITZ, PLLC) (Entered: 11/19/2019) |
| 11/19/2019 | | 8 | *Debtor's* Notice *of Amendment to Schedule F* Filed on the behalf of: Debtor CUMMINGS N (LEFKOVITZ AND LEFKOVITZ, PLLC) (Entered: 11/19/2019) |
| 11/19/2019 | | 9 | Original Schedule(s) Schedule A/B,Schedule G,Schedule H, Filed on the behalf of: Debtor (LEFKOVITZ AND LEFKOVITZ, PLLC) (Entered: 11/19/2019) |
| 11/19/2019 | | 10 | Statement of Financial Affairs for Non−Individual Filed on the behalf of: Debtor CUMMIN LEFKOVITZ, PLLC) (Entered: 11/19/2019) |
| 11/20/2019 | | 11 | Receipt of Amended Schedule(s)(3:19−bk−07235) [misc,amdsch] ( 31.00). Receipt number Treasury) (Entered: 11/20/2019) |
| 12/03/2019 | | 12 | Meeting of Creditors Held as Scheduled. (BURTON, JEANNE) (Entered: 12/03/2019) |
| 12/04/2019 | | 13 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of George Robertson, M.D., Middle Tennessee Pulmonary, Toby Smith, M.D.. (NORTH, PHI |
| 12/09/2019 | | 14 | Objection to (6 Application and Notice to Employ − BK Motion) Certificate of Service mai 12/17/2019 at 09:00 AM at Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashv Party BRIAN MANOOKIAN (RE: related document(s)6). (jmw) (Entered: 12/09/2019) |
| 12/13/2019 | | 15 | Exhibit and Witness List Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: rel (Entered: 12/13/2019) |
| 12/17/2019 | | 16 | *Supplemental* Brief/Memorandum in Support of *Application of Trustee to Employ Special C* ANN BURTON (RE: related document(s)6, 14). (YOUNG, PHILLIP) (Entered: 12/17/201 |
| 12/19/2019 | | 17 | Witness and Exhibit List from trial or Hearing *Hearing Held 12/17/19* (RE: related docume Motion, 14 Objection (Hearing)) (lel) (Entered: 12/19/2019) |
| 12/19/2019 | | 18 | *Brian Manookian's Supplemental Reply/ Response to (In Opposition of) Trustee's Motion to* Interested Party BRIAN MANOOKIAN (RE: related document(s)6, 14). (anm) (Entered: 1 |
| 12/20/2019 | | 19 | *Trustee's* Response to *Brian Manookian's Supplemental Reply*. (Attachments: # 1 Exhibit A BURTON (RE: related document(s)6, 14, 18). (YOUNG, PHILLIP) (Entered: 12/20/2019) |
| 12/20/2019 | | | |

| Date | | No. | Description |
|---|---|---|---|
| | | | Email Judge Charles M. Walker of Late Filed Matter. Certificate of Service Mailed on 12/2 ANN BURTON (RE: related document(s)19). (YOUNG, PHILLIP) (Entered: 12/20/2019) |
| 12/20/2019 | | 20 | Order *Regarding Trustee's Application and Notice to Employ Thompson Burton PLLC as S Trustee Until December 24, 2019 to File Supplemental Application and Supporting Affidav Provide Details and Full Disclosure of Any Current or Potential Conflicts that May Exist.* ( Signed on 12/20/2019. (sdt) (Entered: 12/20/2019) |
| 12/21/2019 | | 21 | *Supplemental* Brief/Memorandum in Support of *Application of Trustee to Employ Special C* Motion) # 2 Exhibit 2 (Receivership Order) # 3 Exhibit 3 (TRO) # 4 Exhibit 4 (Agreed Ord Into Court) # 6 Exhibit 6 (Second TRO) # 7 Exhibit 7 (Injunction)) Filed on the behalf of: T document(s)6, 20). (YOUNG, PHILLIP) (Entered: 12/21/2019) |
| 12/21/2019 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Trustee JEAN (YOUNG, PHILLIP) (Entered: 12/21/2019) |
| 12/22/2019 | | 22 | BNC Certificate of Notice. (RE: related document(s)20 Order) Notice Date 12/22/2019. (A |
| 12/23/2019 | | 23 | Order Granting *Trustee's* Application to Employ *Thompson Burton PLLC as Special Couns* Related Doc #14, 16, 18, 19, 21), BY THE COURT: Judge Charles M. Walker (anm) (Ente |
| 12/23/2019 | | 24 | *Brian Manookian's Request for Leave to Respond in Opposition and* Objection to (6 Applic Objection (Hearing), 20 Order, 21 Brief/Memorandum − BK) Certificate of Service mailed Party BRIAN MANOOKIAN (RE: related document(s)6, 14, 20, 21). (anm) (Entered: 12/2 |
| 12/23/2019 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Interested Part document(s)24). (jmw) (Entered: 12/23/2019) |
| 12/25/2019 | | 25 | BNC Certificate of Notice. (RE: related document(s)23 Application to Employ − BK Order 12/26/2019) |
| 12/26/2019 | | 26 | Order Denying *Brian Manookian's Request for Leave to Respond* (RE: Related Doc#: 21, 2 12/26/2019) |
| 12/28/2019 | | 27 | BNC Certificate of Notice. (RE: related document(s)26 Order Denying − SA Order) Notice |
| 01/02/2020 | | 28 | Trustee's Notice of Assets & Request for Notice to Creditors Deadline to file Proof of Clain 01/02/2020) |
| 01/05/2020 | | 29 | BNC Certificate of Notice. (RE: related document(s)28 Trustee's Notice of Assets) Notice |
| 01/08/2020 | | 30 | Adversary case 3:20−ap−90002.  Complaint by Jeanne Ann Burton against Hagh Law PLL Bank and Trust Company. Fee Amount is $350.00. Filed By Trustee, Fees will be deferred. AP Cover Sheet) Nature of Suit: (13 (Recovery of money/property − 548 fraudulent transfe of property)) (YOUNG, PHILLIP) (Entered: 01/08/2020) |
| 01/24/2020 | | 31 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of (CASH, HARRY) (Entered: 01/24/2020) |
| 01/28/2020 | | 32 | *Trustee's* Motion and Notice to Compel *Turnover of Records* Filed on the behalf of: Truste (Entered: 01/28/2020) |
| 01/28/2020 | | 33 | Notice of Hearing on Motion and Notice to Compel − BK Motion− *Turnover of Records −* scheduled 2/11/2020 at 09:00 AM at Courtroom 2, 2nd Floor Customs House, 701 Broadwa document(s)32) (lel) (Entered: 01/28/2020) |
| 01/30/2020 | | 34 | BNC Certificate of Notice. (RE: related document(s)33 Notice of Hearing) Notice Date 01/ |

| | | | |
|---|---|---|---|
| 01/31/2020 | | 35 | Motion For Sanctions for Violation of the Automatic Stay Certificate of Service mailed on ANN BURTON. (BURTON, JEANNE) (Entered: 01/31/2020) |
| 01/31/2020 | | 36 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of PLLC. (GABBERT, CRAIG) (Entered: 01/31/2020) |
| 02/03/2020 | | 37 | Order Continuing Hearing Re: (related document(s): 32 Motion and Notice to Compel − BF Notice of Hearing) **Hearing has been rescheduled for 02/18/2020 at 10:00 AM in Court Broadway, Nashville, TN 37203.** Hearing rescheduled due to scheduling conflict. Respons (Entered: 02/03/2020) |
| 02/03/2020 | | 38 | Notice of Hearing on Motion for Sanctions for Violation of the Automatic Stay − BK Moti Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203. (RE: related |
| 02/04/2020 | | 39 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of PLLC. (ROSE, GLENN) (Entered: 02/04/2020) |
| 02/05/2020 | | 40 | BNC Certificate of Notice. (RE: related document(s)38 Notice of Hearing) Notice Date 02/ |
| 02/07/2020 | | 41 | *Brian Manookian's* Response to *Trustee's Motion to Compel*. Filed on the behalf of: Interes document(s)32). (anm) (Entered: 02/07/2020) |
| 02/07/2020 | | 42 | *Debtor's* Response to *Trustee's Motion and Notice to Compel Turnover of Records*. Filed or MANOOKIAN, PLLC (RE: related document(s)32, 41). (LEFKOVITZ AND LEFKOVITZ |
| 02/07/2020 | | 43 | Submitted Agreed Order Filed on the behalf of: Interested Parties Afsoon Hagh, Hagh Law (GABBERT, CRAIG) (Entered: 02/07/2020) |
| 02/12/2020 | | 44 | *Joint* Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Con BURTON, 41 Response filed by Interested Party BRIAN MANOOKIAN, 42 Response file Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)32, 41, ⋅ |
| 02/12/2020 | | 45 | Submitted Agreed Order *Continuing Hearing on Trustee's Motion to Compel Turnover of R* ANN BURTON (RE: related document(s)44). (YOUNG, PHILLIP) (Entered: 02/12/2020) |
| 02/13/2020 | | 46 | *Agreed* Order Mooting *Trustee's* Motion for Sanctions for Violation of the Automatic Stay Charles M. Walker (anm) (Entered: 02/13/2020) |
| 02/13/2020 | | 47 | *Agreed* Order *for* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Reco* **rescheduled for 3/3/2020 at 09:00 AM in Courtroom 2, 2nd Floor Customs House, 701** 2/13/2020. (anm) (Entered: 02/13/2020) |
| 02/15/2020 | | 48 | BNC Certificate of Notice. (RE: related document(s)46 Order on Motion for Sanctions for ` Notice Date 02/15/2020. (Admin.) (Entered: 02/15/2020) |
| 02/15/2020 | | 49 | BNC Certificate of Notice. (RE: related document(s)47 Order to Continue Hearing) Notice |
| 02/27/2020 | | 50 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of MEGAN) (Entered: 02/27/2020) |
| 03/02/2020 | | 51 | Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Compel − BURTON) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related documen 03/02/2020) |
| 03/02/2020 | | 52 | Submitted Order *Continuing Hearing on Trustee's Motion to Compel Turnover of Records* BURTON (RE: related document(s)51). (YOUNG, PHILLIP) (Entered: 03/02/2020) |

| | | | |
|---|---|---|---|
| 03/04/2020 | | 53 | Order *Granting* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Recor* **rescheduled for 3/24/2020 at 09:15 AM in Courtroom 2, 2nd Floor Customs House, 70** 3/4/2020. (anm) (Entered: 03/04/2020) |
| 03/06/2020 | | 54 | BNC Certificate of Notice. (RE: related document(s)53 Order to Continue Hearing) Notice |
| 03/10/2020 | | 55 | Submitted Agreed Order *for turnover* Filed on the behalf of: Trustee JEANNE ANN BURT |
| 03/11/2020 | | 56 | *Agreed* Order Granting Turnover of Property. Re: *Funds in the Amount of $23,637.22, Hela* 3/11/2020. (anm) (Entered: 03/11/2020) |
| 03/13/2020 | | 57 | Application and Notice to Employ Larry Williams, CPA as Accountant. If timely response Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203. Responses 3/13/2020. Filed on the behalf of: Trustee JEANNE ANN BURTON. (BURTON, JEANNE |
| 03/13/2020 | | 58 | BNC Certificate of Notice. (RE: related document(s)56 Order on Turnover of Property − B (Entered: 03/14/2020) |
| 03/17/2020 | | 59 | Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Compel − BURTON) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related documen 03/17/2020) |
| 03/17/2020 | | 60 | Submitted Order *Continuing Hearing on Trustee's Motion to Compel Turnover of Records* BURTON (RE: related document(s)59. (YOUNG, PHILLIP) (Entered: 03/17/2020) |
| 03/18/2020 | | 61 | Order *Granting* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Recor* **rescheduled for 4/21/2020 at 01:00 PM in Courtroom 2, 2nd Floor Customs House, 70** 3/18/2020. (anm) (Entered: 03/18/2020) |
| 03/20/2020 | | 62 | BNC Certificate of Notice. (RE: related document(s)61 Order to Continue Hearing) Notice |
| 04/07/2020 | | 63 | Submitted Order *to employ Accountant* Filed on the behalf of: Trustee JEANNE ANN BUF JEANNE) (Entered: 04/07/2020) |
| 04/07/2020 | | 64 | Submitted Order *amended order to employ Accountant to show corrected effective date* File BURTON (RE: related document(s)57, 63). (BURTON, JEANNE) (Entered: 04/07/2020) |
| 04/10/2020 | | 65 | Clerk's Remark − The related document has the following defect(s): Order Not Processed.. document(s)63 Submitted Order *to employ Accountant* Filed on the behalf of: Trustee JEAN document(s)57).) (lel) (Entered: 04/10/2020) |
| 04/13/2020 | | 66 | *Amended* Order Granting *Trustee's* Application to Employ *Larry Williams, CPA, as Accoun* COURT: Judge Charles M. Walker (anm) (Entered: 04/13/2020) |
| 04/14/2020 | | 67 | Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Compel − BURTON) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related documen 04/14/2020) |
| 04/14/2020 | | 68 | Submitted Order *Granting Motion to Continue Hearing on Motion to Compel* Filed on the l related document(s)67). (YOUNG, PHILLIP) (Entered: 04/14/2020) |
| 04/15/2020 | | 69 | Order *Granting* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Recor* number 888−363−4749 Access Code 7250422) pursuant to Judge Walker's CH7 & 11 Tues located on the Court's website at: http://www.tnmb.uscourts.gov/coronavirus−disease−covid−19−information−relating−cou (RE: Related Doc#: 32, 67). **Hearing has been rescheduled for 5/19/2020 at 10:15 AM in Broadway, Nashville, TN 37203.** Signed on 4/15/2020. (anm) (Entered: 04/15/2020) |

| | | | |
|---|---|---|---|
| 04/15/2020 | | 70 | BNC Certificate of Notice. (RE: related document(s)66 Application to Employ − BK Order 04/16/2020) |
| 04/17/2020 | | 71 | BNC Certificate of Notice. (RE: related document(s)69 Order to Continue Hearing) Notice |
| 04/23/2020 | | 72 | Trustee's Interim Report period ending 3/31/2020.. (BURTON, JEANNE) (Entered: 04/23/ |
| 04/27/2020 | | 73 | Motion and Notice for Compromise and Settlement *TRUSTEES MOTION TO APPROVE F AND CUMMINGS LAW LLC.* If timely response hearing will be held on 5/26/2020 at 09:0(701 Broadway, Nashville, TN 37203. <span style="color:red">Responses due by 5/18/2020.</span> (Attachments: # 1 App Trustee JEANNE ANN BURTON (YOUNG, PHILLIP) (Entered: 04/27/2020) |
| 05/15/2020 | | 74 | Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Compel − BURTON) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related documen 05/15/2020) |
| 05/15/2020 | | 75 | Submitted Order *Continuing Hearing on Trustee's Motion to Compel Turnover of Records* BURTON (RE: related document(s)74. (YOUNG, PHILLIP) (Entered: 05/15/2020) |
| 05/18/2020 | | 76 | Order *Granting* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Recor* **rescheduled for 6/30/2020 at 10:15 AM in Courtroom 2, 2nd Floor Customs House, 70** 5/18/2020. (anm) (Entered: 05/18/2020) |
| 05/18/2020 | | 77 | Objection to *Trustee's Motion to Approve Fee and Expense Division Among Debtor and Cu* Grant, Konvalinka & Harrison, P.C. (RE: related document(s)73. (CASH, HARRY) (Enter |
| 05/19/2020 | | 78 | Clerk's Remark − The related document has the following defect(s): Document submitted u Objection to *Trustee's Motion to Approve Fee and Expense Division Among Debtor and Cu* Grant, Konvalinka & Harrison, P.C. (RE: related document(s)73).) (lel) (Entered: 05/19/20 |
| 05/19/2020 | | 79 | Hearing Set − (Objection) *Objection to Trustee's Motion to Approve Fee and Expense Divi* Hearing scheduled 5/26/2020 at 10:00 AM at Courtroom 2, 2nd Floor Customs House, 701 document(s)77 Objection) (lel) (Entered: 05/19/2020) |
| 05/20/2020 | | 80 | BNC Certificate of Notice. (RE: related document(s)76 Order to Continue Hearing) Notice |
| 05/22/2020 | | 81 | Motion to Continue Hearing On (Related Document(s): 73 Motion and Notice for Comprom JEANNE ANN BURTON, 77 Objection filed by Creditor Grant, Konvalinka & Harrison, F BURTON (RE: related document(s)73, 77). (YOUNG, PHILLIP) (Entered: 05/22/2020) |
| 05/22/2020 | | 82 | Expedited Submitted Order *Continuing Hearing on Trustee's Motion to Approve Expense L* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)81). (YC |
| 05/26/2020 | | 83 | *Expedited* Order *Granting* Continuance of Hearing *on Trustee's Motion to Approve Fee and* Law LLC. Hearing Scheduled via AT&T Teleconference (Phone Number: 888−363−4749; 81). **Hearing has been rescheduled for 6/9/2020 at 10:00 AM in Courtroom 2, 2nd Floo 37203.** Signed on 5/26/2020. (anm) (Entered: 05/26/2020) |
| 05/28/2020 | | 84 | BNC Certificate of Notice. (RE: related document(s)83 Order to Continue Hearing) Notice |
| 06/09/2020 | | 85 | Submitted Order *Approving Fee and Expense Division Among Debtor and Cummings Law* BURTON (RE: related document(s)73). (YOUNG, PHILLIP) (Entered: 06/09/2020) |
| 06/10/2020 | | 86 | Order Granting *Trustee's* Motion for Compromise and Settlement *and Approving Fee and l* Law LLC (RE: Ref Doc #73) ( Related Doc #77), BY THE COURT: Judge Charles M. Wal |
| 06/12/2020 | | 87 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Notice. (RE: related document(s)86 Compromise/Settlement − BK Ord... 06/12/2020) |
| 06/29/2020 | | 88 | Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Compel − ... BURTON) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related documen... 06/29/2020) |
| 06/29/2020 | | 89 | Expedited Submitted Order *Granting Motion to Continue Hearing on Motion to Compel* Fi... BURTON (RE: related document(s)88). (YOUNG, PHILLIP) (Entered: 06/29/2020) |
| 06/29/2020 | | 90 | Order *Granting* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Recor... Conference (Phone Number: 888−363−4749, Access Code 7250422#)* (RE: Related Doc#: ... **8/18/2020 at 10:15 AM in Courtroom 2, 2nd Floor Customs House, 701 Broadway, Na**... (Entered: 06/29/2020) |
| 07/01/2020 | | 91 | BNC Certificate of Notice. (RE: related document(s)90 Order to Continue Hearing) Notice... |
| 08/18/2020 | | 92 | Submitted Order *Compelling Turnover of Documents* Filed on the behalf of: Trustee JEAN... (YOUNG, PHILLIP) (Entered: 08/18/2020) |
| 08/19/2020 | | 93 | Order Granting *Trustee's* Motion to Compel *Turnover of Documents* (RE: Ref Doc # 32), B... (Entered: 08/19/2020) |
| 08/21/2020 | | 94 | BNC Certificate of Notice. (RE: related document(s)93 Order to Compel − BK Order) Noti... 08/21/2020) |
| 03/15/2021 | | 95 | Receipt of Certification fees − $77.00 by KH. Receipt Number 626023. (admin) (Entered: 0... |
| 03/15/2021 | | 96 | Receipt of Copy fees − $3.50 by KH. Receipt Number 626023. (admin) (Entered: 03/15/20... |
| 04/28/2021 | | 97 | Trustee's Interim Report period ending 3/31/2021. (BURTON, JEANNE) (Entered: 04/28/2... |
| 05/18/2021 | | 98 | Objection and Notice of: Objection to Claim 3 by Claimant North, Pursell & Ramos, PLC, on behalf of Family Medical Associates, a/k/a Family Medical, P.C. in the amount of $40,827.48. . Filed By: JEANNE ANN BURTON on behalf of Jeanne Ann Burton PLLC. If timely response hearing will be held on 6/25/2021 at 11:00 AM via AT&T Conference Line using Call−In Number 1−888−363−4749 and Access Code 7250422#. Responses due by 6/17/2021. (BURTON, JEANNE) (Entered: 05/18/2021) |
| 05/18/2021 | | 99 | Objection and Notice of: Objection to Claim 4 by Claimant North, Pursell & Ramos, PLC, on behalf of Toby Smith, M.D. and Middle TN Pulmonary Assoc. in the amount of $54,220.02. . Filed By: JEANNE ANN BURTON on behalf of Jeanne Ann Burton PLLC. If timely response hearing will be held on 6/25/2021 at 11:00 AM via AT&T Conference Line using Call−In Number 1−888−363−4749 and Access Code 7250422#. Responses due by 6/17/2021. (BURTON, JEANNE) (Entered: 05/18/2021) |
| 05/18/2021 | | 100 | Objection and Notice of: Objection to Claim 6 by Claimant Ronette Leal McCarthy, Esq. in the amount of $0.00. . Filed By: JEANNE ANN BURTON on behalf of Jeanne Ann Burton PLLC. If timely response hearing will be held on 6/25/2021 at 11:00 AM via AT&T Conference Line using Call−In Number 1−888−363−4749 and Access Code 7250422#. Responses due by 6/17/2021. (BURTON, JEANNE) (Entered: 05/18/2021) |

| | | | |
|---|---|---|---|
| 05/18/2021 | | [101](#) | Withdrawal of Claim(s): 1 Filed By: MICHAEL G ABELOW on behalf of INSBANK. (ABELOW, MICHAEL) (Entered: 05/18/2021) |
| 06/17/2021 | | [102](#) | *Response to* Objection to ([98](#) Objection and Notice of Objection for Claim, [99](#) Objection and Notice of Objection for Claim) Certificate of Service mailed on June 17, 2021. Hearing will be held on 6/25/2021 at 11:00 AM via AT&T Conference Line using Call−In Number 1−888−363−4749 and Access Code 7250422#. Filed on the behalf of: Creditor Phillip Family Medical Associates (RE: related document(s)[98](#), [99](#)). (NORTH, PHILLIP) (Entered: 06/17/2021) |
| 06/22/2021 | | [103](#) | Motion to Continue Hearing On (Related Document(s): [98](#) Objection and Notice of Objection for Claim filed by Attorney Jeanne Ann Burton PLLC, [99](#) Objection and Notice of Objection for Claim filed by Attorney Jeanne Ann Burton PLLC, [102](#) Objection (Hearing) filed by Creditor Phillip Family Medical Associates) Certificate of Service mailed on 6/22/21. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)[98](#), [99](#), [102](#)). (YOUNG, PHILLIP) (Entered: 06/22/2021) |
| 06/22/2021 | | [104](#) | Expedited Submitted Order *Continuing Hearing on Trustee's Objection to Claims 3 and 4* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)[103](#)). (YOUNG, PHILLIP) (Entered: 06/22/2021) |
| 06/22/2021 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)[103](#), [104](#)). (YOUNG, PHILLIP) (Entered: 06/22/2021) |
| 06/22/2021 | | [105](#) | Order *Granting* Continuance of Hearing *on Trustee's Objection to Claim Numbers 3 and 4* (RE: Related Doc#: [98](#), [99](#), [102](#), [103](#)). **Hearing has been rescheduled for 7/21/2021 at 11:00 AM Telephonically. The call−in number is 1−888−363−4749; Access Code is 7250422# for Judge Walker.** Signed on 6/22/2021. (jmw) (Entered: 06/22/2021) |
| 06/24/2021 | | [106](#) | BNC Certificate of Notice. (RE: related document(s)[105](#) Order to Continue Hearing) Notice Date 06/24/2021. (Admin.) (Entered: 06/24/2021) |
| 06/29/2021 | | [107](#) | Notice *of Extension of Time to Respond to Chapter 7 Trustee's Objection to Claim Number 6 Filed by Ronette Leal McCarthy* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)[100](#)). (YOUNG, PHILLIP) (Entered: 06/29/2021) |
| 07/06/2021 | | [108](#) | Motion and Notice for Compromise and Settlement . If timely response hearing will be held on 8/11/2021 at 11:00 AM via AT&T Conference Line using Call−In Number 1−888−363−4749 and Access Code 7250422#. <span style="color:red">Responses due by 7/27/2021.</span> (Attachments: # [1](#) Exhibit A # [2](#) Appendix Mailing Matrix) Certificate of Service mailed on 7/6/21. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 07/06/2021) |
| 07/19/2021 | | [109](#) | Submitted Agreed Order *Resolving Chapter 7 Trustee's Objection to Claim Numbers 3 and 4* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)[98](#), [99](#)). (YOUNG, PHILLIP) (Entered: 07/19/2021) |
| 07/20/2021 | | [110](#) | Submitted Agreed Order *Resolving Chapter 7 Trustee's Objection to Claim Number 6 Filed by Ronette Leal McCarthy, Esq.* Filed on the |

| | | | |
|---|---|---|---|
| | | | behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)100). (YOUNG, PHILLIP) (Entered: 07/20/2021) |
| 07/27/2021 | | 111 | Objection to *Trustee's Motion to Approve Compromise and Settlement*. (Attachments: # 1 Exhibit 1) Filed on the behalf of: Creditor Grant, Konvalinka & Harrison, P.C. (RE: related document(s)108). (KONVALINKA, JOHN) (Entered: 07/27/2021) |
| 07/27/2021 | | 112 | Objection to (108 Motion and Notice for Compromise and Settlement − BK Motion) Certificate of Service mailed on 7/6/2021. Hearing will be held on 8/11/2021 at 11:00 AM. The call−in number is 1−888−363−4749; Access Code is 7250422# for Judge Walker. (Attachments: # 1 Exhibit COA Opinion − Chase # 2 Exhibit "Walk−Away" Offer Letter # 3 Exhibit COA − Denial of Chase Petition for Rehearing) Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)108). (SPRAGENS, JOHN) (Entered: 07/27/2021) |
| 07/28/2021 | | 113 | Clerk's Remark − The related document has the following defect(s): Document submitted under incorrect event.. − LBR 9013 Response docketed without entering hearing information. (RE: related document(s)111 Objection to *Trustee's Motion to Approve Compromise and Settlement*. (Attachments: # 1 Exhibit 1) Filed on the behalf of: Creditor Grant, Konvalinka & Harrison, P.C. (RE: related document(s)108).) (lel) (Entered: 07/28/2021) |
| 07/28/2021 | | 114 | Hearing Set − (Objection) *Objection to Trustee's Motion to Approve Compromise and Settlement.* **Hearing scheduled 8/11/2021 at 11:00 AM. The call−in number is 1−888−363−4749; Access Code is 7250422# for Judge Walker.** (RE: related document(s)111 Objection) (lel) (Entered: 07/28/2021) |
| 08/04/2021 | | 115 | *Agreed Order To Disallow Claim(s) as to North, Pursell & Ramos, PLC, on Behalf of Family Medical Associates a/k/a Family Medical, P.C. and Toby Smith, M.D. and Middle TN Pulmonary Associates and Resolving Chapter 7 Trustee's Objection to Claim Numbers 3,4* (RE: Related Doc#: 98, 99, 102). Signed on 8/4/2021. (anm) (Entered: 08/04/2021) |
| 08/04/2021 | | 116 | *Agreed Order Resolving Chapter 7 Trustee's Objection to Claim(s) 6 Filed by Ronette Leal McCarthy, Esq.* (Ref Doc # 100) BY THE COURT: Judge Charles M. Walker. (anm) (Entered: 08/04/2021) |
| 08/05/2021 | | 117 | Motion to Continue Hearing On (Related Document(s): 108 Motion and Notice for Compromise and Settlement − BK Motion filed by Trustee JEANNE ANN BURTON, 111 Objection filed by Creditor Grant, Konvalinka & Harrison, P.C., 112 Objection (Hearing) filed by Interested Party BRIAN MANOOKIAN) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)108, 111, 112). (YOUNG, PHILLIP) (Entered: 08/05/2021) |
| 08/05/2021 | | 118 | Submitted Agreed Order *Continuing Hearing on Motion to Approve Compromise and Settlement* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)117). (YOUNG, PHILLIP) (Entered: 08/05/2021) |
| 08/06/2021 | | 119 | BNC Certificate of Notice. (RE: related document(s)115 Order To Disallow Claim − BK Order (SA)) Notice Date 08/06/2021. (Admin.) (Entered: 08/06/2021) |
| 08/06/2021 | | 120 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Notice. (RE: related document(s)116 Order on Objection for Claim) Notice Date 08/06/2021. (Admin.) (Entered: 08/06/2021) |
| 08/09/2021 | | 121 | *Agreed* Order *Granting Trustee's Motion for* Continuance of Hearing *on Trustee's Motion to Approve Compromise and Settlement.* (RE: Related Doc#: 108, 111, 112, 117). **Hearing has been rescheduled for 9/17/2021 at 11:00 AM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** Signed on 8/9/2021. (anm) (Entered: 08/09/2021) |
| 08/11/2021 | | 122 | BNC Certificate of Notice. (RE: related document(s)121 Order to Continue Hearing) Notice Date 08/11/2021. (Admin.) (Entered: 08/11/2021) |
| 09/10/2021 | | 123 | Notice *of Filing Supplement to Manookian Objection to Proposed Chase Claim and Settlement* (Attachments: # 1 Exhibit Tennessee Supreme Court Order Denying Permission to Appeal # 2 Exhibit Chase Motion to Stay # 3 Exhibit Manookian Motion for Partial Summary Judgment) Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)108, 112). (SPRAGENS, JOHN) (Entered: 09/10/2021) |
| 09/14/2021 | | 124 | *Trustee's* Response to *Objection of Grant, Konvalinka & Harrison, PC to Trustee's Motion to Approve Compromise and Settlement.* (Attachments: # 1 Exhibit A # 2 Exhibit B) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)111). (YOUNG, PHILLIP) (Entered: 09/14/2021) |
| 09/14/2021 | | 125 | *Trustee's* Response to *Brian Manookian's Objection to Proposed Chase Claim and Settlement.* (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)112, 123). (YOUNG, PHILLIP) (Entered: 09/14/2021) |
| 09/14/2021 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)124, 125). (YOUNG, PHILLIP) (Entered: 09/14/2021) |
| 09/15/2021 | | 126 | *Trustee's* Exhibit and Witness List *for September 17, 2021 Hearing on Trustee's Motion to Approve Compromise and Settlement* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)108, 111, 112, 114 , 121, 123, 124, 125). (YOUNG, PHILLIP) (Entered: 09/15/2021) |
| 09/15/2021 | | 127 | Exhibit and Witness List *for September 17, 2021 Hearing on Trustee's Motion to Approve Compromise and Settlement* Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)108, 112, 123, 125). (SPRAGENS, JOHN) (Entered: 09/15/2021) |
| 09/17/2021 | | 128 | Order Continuing Hearing Re: (related document(s): 121 Order to Continue Hearing) **Hearing has been rescheduled for 09/29/2021 at 01:00 PM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (lel) (Entered: 09/17/2021) |
| 09/22/2021 | | 129 | Submitted Agreed Order *Regarding Hearing on Trustee's Motion to Approve Compromise and Settlement* Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 09/22/2021) |

| | | | |
|---|---|---|---|
| 09/22/2021 | | <u>130</u> | Order *Granting* Continuance of Hearing *on Trustee's Motion to Approve Compromise and Settlement* (RE: Related Doc#: 128 ). **Hearing has been rescheduled for 9/29/2021 at 01:00 PM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** Signed on 9/22/2021. (kmw) (Entered: 09/22/2021) |
| 09/23/2021 | | <u>131</u> | *Trustee's* Motion for *Approval of Participation fo Phillip Young at September 29, 2021 Hearing.* Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 09/23/2021) |
| 09/23/2021 | | <u>132</u> | Expedited Submitted Order *Approving Participation of Phillip Young at September 29, 2021 Hearing* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)<u>131</u>). (YOUNG, PHILLIP) (Entered: 09/23/2021) |
| 09/23/2021 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)<u>131</u>). (YOUNG, PHILLIP) (Entered: 09/23/2021) |
| 09/24/2021 | | 133 | Hearing Set − (Response) *Trustee's Response to Objection of Grant, Konvalinka & Harrison, PC to Trustee's Motion to Approve Compromise and Settlement.* **Hearing scheduled 9/29/2021 at 01:00 PM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (RE: related document(s)<u>124</u> Response) (lel) (Entered: 09/24/2021) |
| 09/24/2021 | | 134 | Hearing Set − (Response) *Trustee's Response to Brian Manookian's Objection to Proposed Chase Claim and Settlement.* **Hearing scheduled 9/29/2021 at 01:00 PM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (RE: related document(s)<u>125</u> Response) (lel) (Entered: 09/24/2021) |
| 09/24/2021 | | <u>135</u> | Order *Setting Forth Procedures for Hearing on the Trustee's Motion for Compromise and Settlement.* (RE: Related Doc#: <u>108</u>, <u>111</u>, <u>112</u>, <u>123</u>, <u>124</u>, <u>125</u>). Signed on 9/24/2021. (anm) (Entered: 09/24/2021) |
| 09/24/2021 | | <u>136</u> | *Trustee's* Motion for *To Strike Brian Manookian's Objection and to Preclude His Participation in the September 29, 2021 Hearing for Lack of Standing.* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)<u>112</u>, <u>123</u>). (YOUNG, PHILLIP) (Entered: 09/24/2021) |
| 09/24/2021 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)<u>136</u>). (YOUNG, PHILLIP) (Entered: 09/24/2021) |
| 09/24/2021 | | <u>137</u> | *Trustee's* Exhibit and Witness List *for September 29, 2021 Hearing on Trustee's Motion to Approve Compromise and Settlement* Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 09/24/2021) |
| 09/24/2021 | | <u>138</u> | Notice of Hearing on Motion − BK Motion. *Trustee's Motion for To Strike Brian Manookian's Objection and to Preclude His Participation in the September 29, 2021 Hearing for Lack of Standing.* **Hearing scheduled 9/29/2021 at 01:00 PM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (RE: related document(s)<u>136</u>) (lel) (Entered: 09/24/2021) |
| 09/24/2021 | | <u>139</u> | |

| | | | |
|---|---|---|---|
| | | | Exhibit and Witness List *for September 29, 2021 Hearing on Trustee's Motion to Approve Compromise and Settlement* Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s) 128 , 130, 135). (SPRAGENS, JOHN) (Entered: 09/24/2021) |
| 09/24/2021 | | 140 | BNC Certificate of Notice. (RE: related document(s)130 Order to Continue Hearing) Notice Date 09/24/2021. (Admin.) (Entered: 09/24/2021) |
| 09/26/2021 | | 141 | BNC Certificate of Notice. (RE: related document(s)138 Notice of Hearing) Notice Date 09/26/2021. (Admin.) (Entered: 09/26/2021) |
| 09/26/2021 | | 142 | BNC Certificate of Notice. (RE: related document(s)135 Order) Notice Date 09/26/2021. (Admin.) (Entered: 09/26/2021) |
| 09/27/2021 | | 143 | Exhibit and Witness List *for September 29, 2021 Hearing* Filed on the behalf of: Creditor Grant, Konvalinka & Harrison, P.C. (RE: related document(s)135). (KONVALINKA, JOHN) (Entered: 09/27/2021) |
| 09/27/2021 | | 144 | Response to *Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation in the September 29, 2021 Hearing for Lack of Standing.* Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)136). (SPRAGENS, JOHN) (Entered: 09/27/2021) |
| 09/30/2021 | | 145 | Witness and Exhibit List from trial or Hearing *Hearing Held 9/29/2021* (RE: related document(s)136 Motion − BK Motion, 138 Notice of Hearing) (lel) (Entered: 09/30/2021) |
| 10/01/2021 | | 146 | Submitted Order *Granting Motion to Approve Compromise and Settlement and Finding that Brian Manookian Lacks Standing* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)108, 136). (YOUNG, PHILLIP) (Entered: 10/01/2021) |
| 10/01/2021 | | 147 | Order Granting *Trustee's* Motion for Compromise and Settlement *and Finding that Brian Manookian Lacks Standing.* (RE: Ref Doc #108) ( Related Doc #111, 112, 123, 124, 125, 136, 144), BY THE COURT: Judge Charles M. Walker. (anm) (Entered: 10/01/2021) |
| 10/03/2021 | | 148 | BNC Certificate of Notice. (RE: related document(s)147 Compromise/Settlement − BK Order) Notice Date 10/03/2021. (Admin.) (Entered: 10/03/2021) |
| 10/14/2021 | | 149 | Notice of Appeal and Statement of Election to District Court. Fee Amount is $298.00. Appellant Designation due by 10/28/2021. Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)147). (SPRAGENS, JOHN) (Entered: 10/14/2021) |
| 10/14/2021 | | 150 | Receipt of Notice or Amended Notice of Appeal and Statement of Election(3:19−bk−07235) [appeal,ntcapl] ( 298.00). Receipt number 17240536. Fee amount $ 298.00. (re:Doc# 149) (U.S. Treasury) (Entered: 10/14/2021) |
| 10/19/2021 | | 151 | Certificate of Service mailed on 10/19/2021 *on Notice of Appeal and Statement of Election* (RE: related document(s)149). (jjk) (Entered: 10/19/2021) |
| 10/19/2021 | | 152 | |

| | | | |
|---|---|---|---|
| | | | Transmittal of Notice of Appeal and Documents Related to Appeal (Rules 8003(d), 8005(b)) to District Court. (RE: related document(s)149). (jjk) (Entered: 10/19/2021) |
| 10/20/2021 | | 153 | Acknowledgement of Receipt of Appeal from District Court. Case info: District Court Case No. 3:21−cv−00797. (jjk) (Entered: 10/20/2021) |
| 10/21/2021 | | 154 | Request for Transcript. Fee Amount is $32.00. Filed on the behalf of: Debtor CUMMINGS MANOOKIAN, PLLC (SPRAGENS, JOHN) (Entered: 10/21/2021) |
| 10/21/2021 | | 155 | Receipt of Request for Transcript(3:19−bk−07235) [misc,tsreq] ( 32.00). Receipt number 17252118. Fee amount $ 32.00. (re:Doc# 154) (U.S. Treasury) (Entered: 10/21/2021) |
| 10/25/2021 | | 157 | Transcript regarding Hearing Held 09/29/21. Remote electronic access to the transcript is restricted until 01/24/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office. Contact the Court Reporter/Transcriber Access Transcripts, telephone number 855−873−2223. Deadline to file Notice of Intent to Request Redaction is 11/1/2021. Deadline to file Request for Redaction is 11/15/2021. Redacted transcript due by 11/29/2021.. (WATSON, ILENE) (Entered: 10/25/2021) |
| 10/28/2021 | | 158 | Statement of Issues on Appeal, (Attachments: # 1 Exhibit 9/29/2021 Hearing Transcript) Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)149, 152 ). (SPRAGENS, JOHN) (Entered: 10/28/2021) |
| 11/05/2021 | | 159 | Appellee's Designation of Contents for Inclusion in Record of Appeal Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 11/05/2021) |
| 12/10/2021 | | 160 | Certified Record on Appeal Transmitted to District Court. District Court Case #21−cv−00797. (lel) (Entered: 12/10/2021) |
| 12/20/2021 | | 161 | Motion and Notice to Compel *Discovery Responses from Manookian, PLLC* (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4)Certificate of Service mailed on 12/20/21. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 12/20/2021) |
| 12/20/2021 | | 162 | Motion and Notice to Compel *Discovery Responses from Hagh Law, PLLC* (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4)Certificate of Service mailed on 12/20/21. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 12/20/2021) |
| 12/20/2021 | | 163 | Motion and Notice to Compel *Discovery Responses from Afsoon Hagh* (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3)Certificate of Service mailed on 12/20/21. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 12/20/2021) |
| 12/21/2021 | | 164 | Remark − *Notification to the Filer re: Motions and Notices to Compel Discovery Responses from Manookian, PLLC, Hagh Law, PLLC and Afsoon Hagh. The Motions and Notice to Compel Discovery Responses are filed in the bankruptcy case as opposed to the associated adversary proceeding (AP #3:20−90002). The Clerk will take no action on behalf of* |

| | | | |
|---|---|---|---|
| | | | *the Filer to correct the filings in the main case. See, ECF Procedure 5, Consequences of Electronic Filing.* (RE: related document(s)161 Motion and Notice to Compel − AP Motion, 162 Motion and Notice to Compel − AP Motion, 163 Motion and Notice to Compel − AP Motion) (rmw) (Entered: 12/21/2021) |
| 04/22/2022 | | 165 | Notice of Appearance and Request for Service pursuant to Rule 2002. Filed on the behalf of: Creditor TN Dept of Revenue. (MCCORMICK, WILLIAM) (Entered: 04/22/2022) |
| 04/27/2022 | | 166 | Trustee's Interim Report period ending 3/31/2022. (BURTON, JEANNE) (Entered: 04/27/2022) |
| 03/13/2023 | | 167 | Adversary case 3:23−ap−90036. Complaint by BRIAN CUMMINGS against BRETTON KEEFER, JEANNE BURTON, AFSOON HAGH. Fee Amount is $350.00. Filed By Trustee, Fees will be deferred. BRIAN CUMMINGS. (Attachments: # 1 State Court Documents # 2 Docket) Nature of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) (knh) (Entered: 03/13/2023) |
| 03/15/2023 | | 168 | *United States District Court Order Referring Civil Case No. 3:22−cv−00301 to Bankruptcy Judge Charles M. Walker* . (tca) (Entered: 03/15/2023) |
| 04/07/2023 | | 169 | Order Scheduling Hearing − *Evidentiary Hearing*. (RE: Related Doc#: 108, 112, 123, 125, 136, 144, 147). **Hearing scheduled 5/25/2023 at 09:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** Signed on 4/7/2023. (anm) (Entered: 04/07/2023) |
| 04/09/2023 | | 170 | BNC Certificate of Notice. (RE: related document(s)169 Order Scheduling Hearing) Notice Date 04/09/2023. (Admin.) (Entered: 04/09/2023) |
| 04/11/2023 | | 171 | Motion to Continue Hearing On (Related Document(s): 169 Order Scheduling Hearing) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)169). (YOUNG, PHILLIP) (Entered: 04/11/2023) |
| 04/21/2023 | | 172 | Trustee's Interim Report period ending 3/31/2023. (BURTON, JEANNE) (Entered: 04/21/2023) |
| 04/27/2023 | | 173 | Order Scheduling Hearing − *Evidentiary Hearing*. (RE: Related Doc#: 108, 112, 123, 125, 136, 144, 147, 169, 171). **Hearing scheduled 6/28/2023 at 01:00 PM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** − *All parties and/or counsel must appear in person.* Signed on 4/27/2023. (rmw) (Entered: 04/27/2023) |
| 04/29/2023 | | 174 | BNC Certificate of Notice. (RE: related document(s)173 Order Scheduling Hearing) Notice Date 04/29/2023. (Admin.) (Entered: 04/29/2023) |
| 05/01/2023 | | 175 | *Second* Motion to Continue Hearing On (Related Document(s): 173 Order Scheduling Hearing) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)173). (YOUNG, PHILLIP) (Entered: 05/01/2023) |

| | | | |
|---|---|---|---|
| 05/03/2023 | | 176 | Order Scheduling Hearing − *Setting Scheduling Conference*. (RE: Related Doc#: 108, 112, 136, 144, 147). **Hearing scheduled 5/10/2023 at 11:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** Signed on 5/3/2023. (anm) (Entered: 05/03/2023) |
| 05/05/2023 | | 177 | BNC Certificate of Notice. (RE: related document(s)176 Order Scheduling Hearing) Notice Date 05/05/2023. (Admin.) (Entered: 05/05/2023) |
| 05/10/2023 | | 178 | Order Scheduling Hearing − *Evidentiary. All Parties and/or Counsel Must Appear in Person*. (RE: Related Doc#: 108, 112, 136, 144, 147). **Hearing scheduled 8/30/2023 at 11:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** Signed on 5/10/2023. (rww) (Entered: 05/10/2023) |
| 05/12/2023 | | 179 | BNC Certificate of Notice. (RE: related document(s)178 Order Scheduling Hearing) Notice Date 05/12/2023. (Admin.) (Entered: 05/12/2023) |
| 07/19/2023 | | 180 | *Brian Manookian and Manookian PLLC's* Notice *of Objections to Claim Settlement and Failure to Recuse*. Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)178). (SPRAGENS, JOHN) (Entered: 07/19/2023) |
| 08/01/2023 | | 181 | *Trustee's* Response to *Brian Manookian's Renewed Objection to Proposed Settlement with the Chase Parties*. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)180). (YOUNG, PHILLIP) (Entered: 08/01/2023) |
| 08/02/2023 | | 182 | Notice of Hearing on Notice − BK Notice, Response.*Brian Manookian and Manookian PLLC's Notice of Objections to Claim Settlement and Failure to Recuse. Filed on the behalf of: Interested Party BRIAN MANOOKIAN and Trustee's Response to Brian Manookian's Renewed Objection to Proposed Settlement with the Chase Parties. Filed on the behalf of: Trustee JEANNE ANN BURTON* **Hearing scheduled 8/30/2023 at 11:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** (RE: related document(s)180, 181) (leq) (Entered: 08/02/2023) |
| 08/04/2023 | | 183 | BNC Certificate of Notice. (RE: related document(s)182 Notice of Hearing) Notice Date 08/04/2023. (Admin.) (Entered: 08/04/2023) |
| 08/16/2023 | | 184 | Exhibit and Witness List. Filed on the behalf of: Interested Party BRIAN MANOOKIAN. (SPRAGENS, JOHN) (Entered: 08/16/2023) |
| 08/16/2023 | | 185 | Notice *of Filing Order of Dismissal in State Action*. Filed on the behalf of: Interested Party BRIAN MANOOKIAN. (SPRAGENS, JOHN) (Entered: 08/16/2023) |
| 08/16/2023 | | 186 | *Trustee's* Exhibit and Witness List*for August 30, 2023 Hearing*. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 08/16/2023) |
| 08/23/2023 | | 187 | Motion to Recuse Judge *Motion to Disqualify Judge Charles M. Walker*. Filed on the behalf of: Interested Party BRIAN MANOOKIAN. (SPRAGENS, JOHN) (Entered: 08/23/2023) |

| | | | |
|---|---|---|---|
| 08/24/2023 | | <u>188</u> | *Trustee's* Response to *Motion to Disqualify Bankruptcy Judge Charles Walker*. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)<u>187</u>). (YOUNG, PHILLIP) (Entered: 08/24/2023) |
| 08/28/2023 | | <u>189</u> | Order Denying *Motion to Disqualify Judge Charles Walker*. (RE: Related Doc#: <u>187</u>, <u>188</u>). Signed on 8/28/2023. (leq) (Entered: 08/28/2023) |
| 08/28/2023 | | <u>190</u> | Notice of Appeal and Statement of Election to District Court. Fee Amount is $298.00. Appellant Designation due by 09/11/2023. Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)<u>189</u>). (SPRAGENS, JOHN) (Entered: 08/28/2023) |
| 08/28/2023 | | 191 | Receipt of Notice or Amended Notice of Appeal and Statement of Election( <u>3:19−bk−07235</u>) [appeal,ntcapl] ( 298.00). Receipt number A18249159. Fee amount $ 298.00. (re:Doc# <u>190</u>) (U.S. Treasury) (Entered: 08/28/2023) |
| 08/29/2023 | | <u>192</u> | Certificate of Service mailed on August 29, 2023 *on Notice of Appeal and Statement of Election* (RE: related document(s)<u>190</u>). (leq) (Entered: 08/29/2023) |
| 08/29/2023 | | 193 | Transmittal of Notice of Appeal and Documents Related to Appeal (Rules 8003(d), 8005(b)) to District Court. (RE: related document(s)<u>190</u>). (leq) (Entered: 08/29/2023) |
| 08/29/2023 | | 194 | Acknowledgement of Receipt of Appeal from District Court. Case info: 3:23−cv−00918. . (leq) (Entered: 08/29/2023) |
| 08/30/2023 | | <u>195</u> | BNC Certificate of Notice. (RE: related document(s)<u>189</u> Denying − SA Order) Notice Date 08/30/2023. (Admin.) (Entered: 08/30/2023) |
| 09/12/2023 | | <u>196</u> | Appellee's Designation of Contents for Inclusion in Record of Appeal. Certificate of Service Mailed on 9/12/23. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 09/12/2023) |
| 09/12/2023 | | <u>197</u> | Appellant's Designation of Contents For Inclusion in Record On Appeal. Appellee designation due by 9/26/2023. Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)<u>190</u>). (leq) (Entered: 09/12/2023) |
| 09/12/2023 | | 198 | Remark *The Clerk is in receipt of a Notice by Brian Manookian of Filing Statement of Issues and Designation of Record on Appeal filed in the U.S. District Court Middle District of Tennessee, September 11, 2023, in civil case # 3:23−cv−00918. The Bankruptcy Court Clerk has docketed the referenced document on the record at docket entry #197.* (RE: related document(s)<u>197</u> Appellant Designation) (leq) (Entered: 09/12/2023) |

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF TENNESSEE

Case number *(if known)* _____  Chapter  **7**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  **4/19**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **CUMMINGS MANOOKIAN, PLLC** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-2636732** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **45 MUSIC SQUARE WEST NASHVILLE, TN 37203**<br>Number, Street, City, State & ZIP Code | <br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Davidson**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)  _____

6. Type of debtor

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☑ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor _____ | | Relationship _____ |
| | District _____ | When _____ | Case number, if known _____ |

**11. Why is the case filed in this district?**

Check all that apply:

- [x] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- [x] No
- [ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- [ ] It needs to be physically secured or protected from the weather.
- [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- [ ] Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

- [ ] No
- [ ] Yes. Insurance agency _____
  Contact name _____
  Phone _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:
- [x] Funds will be available for distribution to unsecured creditors.
- [ ] After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- [x] 1-49
- [ ] 50-99
- [ ] 100-199
- [ ] 200-999
- [ ] 1,000-5,000
- [ ] 5001-10,000
- [ ] 10,001-25,000
- [ ] 25,001-50,000
- [ ] 50,001-100,000
- [ ] More than100,000

**15. Estimated Assets**

- [ ] $0 - $50,000
- [x] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [ ] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

**16. Estimated liabilities**

- [ ] $0 - $50,000
- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [x] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [ ] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | |
|---|---|

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **November  6, 2019**
               MM / DD / YYYY

**X** **/s/ BRIAN MANOOKIAN**                          **BRIAN MANOOKIAN**
Signature of authorized representative of debtor                 Printed name

Title    **CHIEF MANAGER**

**18. Signature of attorney**

**X** **/s/ Steven L. Lefkovitz**               Date  **November  6, 2019**
Signature of attorney for debtor                   MM / DD / YYYY

**Steven L. Lefkovitz 5953**
Printed name

**LEFKOVITZ & LEFKOVITZ**
Firm name

**618 CHURCH ST.,  #410**
**NASHVILLE, TN 37219**
Number, Street, City, State & ZIP Code

Contact phone   **615-256-8300**       Email address   **slefkovitz@lefkovitz.com**

**5953 TN**
Bar number and State

**Fill in this information to identify the case:**

Debtor name    **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:    **MIDDLE DISTRICT OF TENNESSEE**

Case number (if known)

☐ Check if this is an
      amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ■ No. Go to Part 2.

    ☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
|---|---|---|
| 3.1   Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$760,000.00** |
| **DEAN CHASE ET AL** <br> **C/O PURYEAR LAW** <br> **104 WOODMONT BLVD, SUITE 201** <br> **Nashville, TN 37205** | ■ Contingent <br> ■ Unliquidated <br> ■ Disputed | |
| **Date(s) debt was incurred** __ | **Basis for the claim:** __ | |
| **Last 4 digits of account number** __ | Is the claim subject to offset? ■ No ☐ Yes | |

### Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **D.F. CHASE, INC.** <br> **C/O PURYEAR LAW** <br> **104 WOODMONT BLVD, SUITE 201** <br> **Nashville, TN 37205** | Line   **3.1** <br><br> ☐ Not listed. Explain ____ | __ |
| 4.2 | **SANDRA CHASE** <br> **C/O PURYEAR LAW** <br> **104 WOODMONT BLVD, SUITE 201** <br> **Nashville, TN 37205** | Line   **3.1** <br><br> ☐ Not listed. Explain ____ | __ |

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $          **0.00** |
| 5b. Total claims from Part 2 | 5b.   + | $      **760,000.00** |
| 5c. Total of Parts 1 and 2 <br>     Lines 5a + 5b = 5c. | 5c. | $      **760,000.00** |

# United States Bankruptcy Court
## Middle District of Tennessee

In re    **CUMMINGS MANOOKIAN, PLLC** _____     Case No. _____
_____ Debtor(s)     Chapter    **7** _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | **3,000.00** |
| Prior to the filing of this statement I have received | $ | **3,000.00** |
| Balance Due | $ | **0.00** |

2.    The source of the compensation paid to me was:

☑ Debtor    ☐ Other (specify):

3.    The source of compensation to be paid to me is:

☑ Debtor    ☐ Other (specify):

4.    ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.   A
copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.  [Other provisions as needed]
   **Exemption planning; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on
   household goods**

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, attendance at 2004 examination or deposition,
   judicial lien avoidances, preparation and filing of reaffirmation agreements and applications as needed, relief
   from stay actions, motions to redeem property, representation in any loan modification process, substitution of
   collateral, filing motions to aprove professionals, motions to approve sale of property, motions to authorize
   retention of special counsel, representation in any other Court or legal matter, conversion to another chapter of
   bankruptcy, or any other adversary proceeding.**

## CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

**November  6, 2019** _____      **/s/ Steven L. Lefkovitz** _____
_Date_     **Steven L. Lefkovitz 5953**
     _Signature of Attorney_
     **LEFKOVITZ & LEFKOVITZ**
     **618 CHURCH ST.,  #410**
     **NASHVILLE, TN 37219**
     **615-256-8300  Fax: 615-255-4516**
     **slefkovitz@lefkovitz.com**
     _Name of law firm_

# United States Bankruptcy Court
## Middle District of Tennessee

In re    **CUMMINGS MANOOKIAN, PLLC** _____

                                     Debtor(s)

Case No. _____

Chapter    **7** _____

# VERIFICATION OF CREDITOR MATRIX

I, the CHIEF MANAGER of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:    **November 6, 2019** _____

                               **/s/ BRIAN MANOOKIAN** _____
                               **BRIAN MANOOKIAN**/CHIEF MANAGER
                               Signer/Title

CUMMINGS MANOOKIAN, PLLC
45 MUSIC SQUARE WEST
NASHVILLE TN 37203

.

STEVEN L. LEFKOVITZ
LEFKOVITZ & LEFKOVITZ
618 CHURCH ST., #410
NASHVILLE, TN 37219

D.F. CHASE, INC.
C/O PURYEAR LAW
104 WOODMONT BLVD, SUITE 201
NASHVILLE TN 37205

DEAN CHASE ET AL
C/O PURYEAR LAW
104 WOODMONT BLVD, SUITE 201
NASHVILLE TN 37205

SANDRA CHASE
C/O PURYEAR LAW
104 WOODMONT BLVD, SUITE 201
NASHVILLE TN 37205

# United States Bankruptcy Court
## Middle District of Tennessee

In re   **CUMMINGS MANOOKIAN, PLLC**

Debtor(s)

Case No.

Chapter   **7**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **CUMMINGS MANOOKIAN, PLLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**BRIAN MANOOKIAN**
**45 MUSIC SQUARE WEST**
**NASHVILLE, TN 37203**

☐ None [*Check if applicable*]

November  6, 2019

Date

/s/ Steven L. Lefkovitz

Steven L. Lefkovitz 5953

Signature of Attorney or Litigant

Counsel for   **CUMMINGS MANOOKIAN, PLLC**

**LEFKOVITZ & LEFKOVITZ**
**618 CHURCH ST., #410**
**NASHVILLE, TN 37219**
**615-256-8300 Fax:615-255-4516**
**slefkovitz@lefkovitz.com**

| | | |
|---|---|---|
| Debtor | **CUMMINGS MANOOKIAN, PLLC** <br> Name | EIN **47−2636732** |

United States Bankruptcy Court **MIDDLE DISTRICT OF TENNESSEE**

Date case filed for chapter **7   11/6/19**

Case number: **3:19−bk−07235**

## Official Form 309C (For Corporations or Partnerships)

# Notice of Chapter 7 Bankruptcy Case −− No Proof of Claim Deadline

12/15

**For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

---

**The staff of the bankruptcy clerk's office cannot give legal advice.**

---

**Do not file this notice with any proof of claim or other filing in the case.**

| | | |
|---|---|---|
| **1. Debtor's full name** | CUMMINGS MANOOKIAN, PLLC | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | 45 MUSIC SQUARE WEST <br> NASHVILLE, TN 37203 | |
| **4. Debtor's attorney** <br> Name and address | LEFKOVITZ AND LEFKOVITZ, PLLC <br> 618 CHURCH ST STE 410 <br> NASHVILLE, TN 37219 | Contact phone: 615 256−8300 <br><br> Email: slefkovitz@lefkovitz.com |
| **5. Bankruptcy trustee** <br> Name and address | JEANNE ANN BURTON <br> Jeanne Ann Burton PLLC <br> 4117 Hillsboro Pk <br> Suite 103−116 <br> NASHVILLE, TN 37215 | Contact phone: 615 678−6960 <br><br> Email: None |
| **6. Bankruptcy clerk's office** <br> Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 701 Broadway Room 170 <br> Nashville, TN 37203 | Hours open: 8:00AM−4:00PM <br> Monday−Friday <br><br> Contact phone: 615−736−5584 <br><br> Date: 11/6/19 |
| **7. Meeting of creditors** <br> The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **December 2, 2019 at 10:00 AM** <br><br> The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. <br><br> *** Valid photo identification required *** | Location: <br><br> **Customs House, 701 Broadway, Room 100, Nashville, TN 37203** |
| **8. Proof of claim** <br> Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. <br><br> If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **9. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |

Official Form 309C (For Corporations or Partnerships) **Notice of Chapter 7 Bankruptcy Case −− No Proof of Claim Deadline**

In re:                                                              Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                            Chapter 7
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-3        User: admin            Page 1 of 1           Date Rcvd: Nov 07, 2019
                  Form ID: 309C            Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 09, 2019.
db            +CUMMINGS MANOOKIAN, PLLC,    45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
7037352       +D.F. CHASE, INC.,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7037353       +DEAN CHASE ET AL,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7037354       +SANDRA CHASE,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty            E-mail/Text: slefkovitz@lefkovitz.com Nov 08 2019 02:38:03      LEFKOVITZ AND LEFKOVITZ, PLLC,
          618 CHURCH ST STE 410,   NASHVILLE, TN 37219
tr             EDI: BJABURTON.COM Nov 08 2019 07:13:00      JEANNE ANN BURTON,   Jeanne Ann Burton PLLC,
          4117 Hillsboro Pk,   Suite 103-116,   NASHVILLE, TN 37215
                                     TOTAL: 2

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 09, 2019                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 6, 2019 at the address(es) listed below:
NONE.                                                                       TOTAL: 0

| Information to identify the case: | | |
|---|---|---|
| Debtor | **CUMMINGS MANOOKIAN, PLLC** | EIN **47−2636732** |
| | Name | |
| United States Bankruptcy Court **MIDDLE DISTRICT OF TENNESSEE** | | Date case filed for chapter **7   11/6/19** |
| Case number:  **3:19−bk−07235** | | |

Official Form 309C (For Corporations or Partnerships)

## Notice of Chapter 7 Bankruptcy Case −− No Proof of Claim Deadline     12/15

**For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | |
|---|---|---|
| **1.  Debtor's full name** | CUMMINGS MANOOKIAN, PLLC | |
| **2.  All other names used in the last 8 years** | | |
| **3.  Address** | 45 MUSIC SQUARE WEST NASHVILLE, TN 37203 | |
| **4.  Debtor's attorney** Name and address | LEFKOVITZ AND LEFKOVITZ, PLLC 618 CHURCH ST STE 410 NASHVILLE, TN 37219 | Contact phone: 615 256−8300 Email: slefkovitz@lefkovitz.com |
| **5.  Bankruptcy trustee** Name and address | JEANNE ANN BURTON Jeanne Ann Burton PLLC 4117 Hillsboro Pk Suite 103−116 NASHVILLE, TN 37215 | Contact phone: 615 678−6960 Email: None |
| **6.  Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 701 Broadway Room 170 Nashville, TN 37203 | Hours open: 8:00AM−4:00PM Monday−Friday Contact phone: 615−736−5584 Date: 11/6/19 |
| **7.  Meeting of creditors** The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **December 2, 2019 at 10:00 AM** The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. *** Valid photo identification required *** | Location: **Customs House, 701 Broadway, Room 100, Nashville, TN 37203** |
| **8.  Proof of claim** Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **9.  Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |

Official Form 309C (For Corporations or Partnerships) **Notice of Chapter 7 Bankruptcy Case −− No Proof of Claim Deadline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

IN RE: )
) No. 3:19-BK-07235
CUMMINGS MANOOKIAN, PLLC ) Chapter 7
) Judge Charles M. Walker
Debtor. )

## <u>NOTICE OF APPEARANCE</u>
## <u>AND REQUEST FOR NOTICES</u>

The undersigned, Daniel H. Puryear, hereby enters his appearance as counsel for Dean Chase, Sandra Chase and D.F. Chase, Inc., creditors and parties in interest, and pursuant to Fed. R. Bankr. P. 2002 and LBR 9010-1, on behalf of creditors, hereby requests that all matters which must be noticed to creditors, any creditors' committee, and any other parties-in-interest, and all other notices in this case, whether sent by the Court, the Debtor(s), or any other party-in-interest in this case, be sent to the undersigned at the following address and, pursuant to Rule 2002(g), that the following be added to the Court's master mailing list:

Daniel H. Puryear, Esq.
104 Woodmont Boulevard
Woodmont Centre, Suite 201
Nashville, TN 37205
Telephone: (615) 630-6601
Facsimile: (615) 630-6602
dpuryear@puryearlawgroup.com

Respectfully submitted,

*/s/ Daniel H. Puryear*

Daniel H. Puryear; No. 18190
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com

*Counsel for Judgment Creditors Dean Chase,
Sandra Chase and D.F. Chase, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 14, 2019, the foregoing was served via the Court's electronic case filing system and/or U.S. Mail, postage prepaid, upon:

Steve Lefkovitz. Esq.
Lefkovitz And Lefkovitz, PLLC
618 Church Street, Suite 410
Nashville, TN 37219
(615) 256-8300 – Telephone
slefkovitz@lefkovitz.com

Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103−116
Nashville, TN 37215
(615) 678−6960 – Telephone

U.S. Trustee
US Trustee Office of the United States Trustee
701 Broadway, Suite 318
Nashville, TN 37203-3966
(615) 736-2254 – Telephone

*/s/ Daniel H. Puryear*

Daniel H. Puryear

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No: 3:19-bk-07235 |
| | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |

---

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: December 9, 2019**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: December 17, 2019, at**
**9:00 a.m., in Courtroom Two, 2nd Floor, Customs House, 701 Broadway, Nashville,**
**Tennessee.**

---

### NOTICE OF MOTION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

Jeanne Ann Burton, Chapter 7 Trustee, has asked the court for the following relief: permission of the Court to employ special counsel.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before December 9, 2019, you or your attorney must:

1.  File with the court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.**

    If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2.  **Your response must state that the deadline for filing responses is December 9, 2019, the date of the scheduled hearing is December 17, 2019, and the motion to which you are responding is the Motion of Trustee to Employ Special Counsel.**

3.    You must serve your response or objection **by electronic service through the Electronic Filing system** described above.    You must also mail a copy of your response or objection to:

| | | |
|---|---|---|
| Jeanne Ann Burton, Trustee | United States Trustee | Phillip G. Young, Jr. |
| Jeanne Ann Burton PLLC | 701 Broadway, Customs House Suite 318 | Thompson Burton PLLC |
| 4117 Hillsboro Pk Ste 103-116 | Nashville, TN 37203 | One Franklin Park |
| Nashville, TN  37215 | | 6100 Tower Cir., Ste 200 |
| | | Franklin, TN 37067 |

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated: November 18, 2019

By: /s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone:  615-678-6960
Jeanne.burton@comcast.net

2

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

IN RE:                                    )
                                          )
CUMMINGS MANOOKIAN, PLLC,                 )        Case No: 3:19-bk-07235
                                          )        Chapter 7
                                          )        Judge Walker
            Debtor.                       )

## APPLICATION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

   Jeanne Ann Burton, Chapter 7 Trustee herein, respectfully represents the following to the Court:

   1.  The Trustee was duly appointed on November 6, 2019, to serve as Trustee in this Chapter 7 bankruptcy case, has been duly qualified, and is now serving in said capacity.

   2.  The Trustee requests approval of the employment, Thompson Burton PLLC, One Franklin Park, 6100 Tower Circle, Suite 200, Franklin, TN 37067, to represent the Trustee, as special counsel, in the above-captioned case.

   3.  Applicant anticipates that the services of Thompson Burton PLLC will consist of representation of the Trustee in connection with representation of the Trustee in litigation before the Bankruptcy Court; representation of the Trustee in litigation before the Williamson County Circuit Court; scheduling and taking Rule 2004 exams and filing turnover motions, the pursuit of actions under §§ 544, 546, 547, 548, or 549 of the Bankruptcy Code against any party; representation in any other legal actions the trustee may have against the any party; identifying and prosecuting claims, contested matters and causes of action on behalf of the estate; and prosecuting objections to proofs of claims and motions for administrative expenses.

   4.  Applicant has selected Thompson Burton PLLC as attorneys in this matter because of their extensive experience and knowledge in the area of debtors' protection and creditors' rights, and in particular, bankruptcy litigation. Applicant believes that Thompson Burton PLLC is well qualified to perform the necessary legal services in connection with the pursuit and determination of these matters.

   5.  Thompson Burton, PLLC has indicated its willingness to act on the Trustee's behalf. It is anticipated that the primary attorney working on this matter will be Phillip Young. Mr. Young's current billing rate is currently $395.00 per hour. While it is anticipated that Mr. Young will be the primary professional performing work in this matter, Thompson Burton PLLC has other attorneys whose billing rate ranges between $150.00 - $395.00 per hour that might be asked to perform work. The rates reflected in this motion became effective January 1, 2019.

3

6.      While Phillip G. Young served as a receiver for the purposes of collecting choses of action belonging to the Debtor in Williamson County Circuit Court, neither Phillip G. Young nor the law firm of Thompson Burton PLLC represents any interest adverse to the Trustee or the estate in the matters upon which he is to be engaged. Phillip G. Young's role as receiver will not present a conflict to his representation of the Trustee. The Unsworn Declaration of Phillip G. Young, Jr. is attached hereto as <u>Appendix A</u>. Thompson Burton PLLC's employment is in the best interest of the estate.

WHEREFORE, the Trustee respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 18, 2019.

Respectfully submitted,

<u>/s/ Jeanne Ann Burton    </u>
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone:  615-678-6960
Jeanne.burton@comcast.net

4

**APPENDIX A**

I VERIFY UNDER PENALTY OF PERJURY THAT THE STATEMENTS CONTAINED IN

THE FOREGOING MOTION ARE TRUE AND CORRECT TO THE BEST OF MY

KNOWLEDGE, INFORMATION AND BELIEF, AND THAT NEITHER I NOR ANY

MEMBER OF THE LAW FIRM OF THOMPSON BURTON PLLC, HAVE ANY

CONNECTION WITH THE DEBTOR, THE CREDITORS, OR ANY OTHER PARTY IN

INTEREST (OTHER THAN THE TRUSTEE), THEIR RESPECTIVE ATTORNEYS AND

ACCOUNTANTS EXCEPT AS DISCLOSED BELOW:

On June 20, 2019, I was appointed by the Williamson County Circuit Court to serve as receiver pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103 for the execution of a levy on choses of action of the Debtor and a non-debtor entity, see *Dean Chase, Sandra Chase and D.F. Chase, Inc. v. Cummings Manookian PLC, Manookian PLLC, Brian Philip Manookian, Hammervold PLC, Mark Hammervold, Cummings Law LLC, Brian Cummings and Afsoon Hagh*, Case No. 2019-221.   With the Debtor's Chapter 7 filing, there is nothing further for me to do as receiver over the Debtor's choses of action in Circuit Court; however, the receivership may remain open as to the remaining defendants, subject to the limitations of the automatic stay.  As receiver and pursuant to the orders of the Williamson County Circuit Court, I am currently holding in trust $45,948.36 levied from accounts receivable of the Debtor.  I expect that the Trustee and the Chase parties to determine whether any of the receivership funds should be returned to the bankruptcy estate; I will have no active role in that determination.  As receiver, I am owed no money by the Debtor, have not represented the Debtor, and have represented no creditor of the Debtor.  I have

5

no conflict of interest in representing the Trustee in this matter, have no adverse interest to the estate, and am a disinterested party, as that term is defined by the Bankruptcy Code.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young

6



IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

IN RE: )
)
CUMMINGS MANOOKIAN, PLLC, ) Case No: 3:19-bk-07235
) Chapter 7
) Judge Walker
Debtor. )

## ORDER TO EMPLOY SPECIAL COUNSEL

Upon consideration of the notice and motion of Jeanne Ann Burton, Trustee, for authority to employ Thompson Burton PLLC, as special counsel, in connection with the above-styled matter, and it appearing that Phillip G. Young and all members in the firm of Thompson Burton PLLC, are duly admitted to practice in this Court, and represent no interest adverse to this estate, and no objections having been filed;

And it appearing to the Court that employment of counsel in this matter is necessary; It is hereby

**ORDERED** that Jeanne Ann Burton, Trustee, is authorized to employ Thompson Burton PLLC to represent her, as special counsel, in the administration of the above-styled estate.

Special counsel for the Trustee will make application to the Court for approval of all fees.

7

**This Order was signed and entered electronically as indicated at the top of the first page.**

APPROVED FOR ENTRY:

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone: 615-678-6960
Jeanne.burton@comcast.net

8

## Certificate of Service

The undersigned hereby certifies that a copy of the preceding Application was electronically filed and served via the Court's ECF system this 18th day of November, 2019, and was served by United States mail on the following parties:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

Brian Manookian
45 Music Square West
Nashville, TN 37203

Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
ATTN: Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

Mark Hammervold
1758 N. Artesian Ave.
Chicago, IL 60647-5311

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone: 615-678-6960
Jeanne.burton@comcast.net

9

Debtor name     **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:     MIDDLE DISTRICT OF TENNESSEE

Case number (if known)     **3:19-bk-07235**

■ Check if this is an amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:     List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ■ No. Go to Part 2.

    ☐ Yes. Go to line 2.

### Part 2:     List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| **3.1** Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$760,000.00** |
| **DEAN CHASE ET AL**<br>**C/O PURYEAR LAW**<br>**104 WOODMONT BLVD, SUITE 201**<br>**Nashville, TN 37205** | ■ Contingent<br>■ Unliquidated<br>■ Disputed | |
| Date(s) debt was incurred __ | Basis for the claim: __ | |
| Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| | | |
|---|---|---|
| **3.2** Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$300,000.00** |
| **GRANT KONVALINKA & HARRIS**<br>**633 CHESTNUT STREET**<br>**SUITE 900**<br>**Chattanooga, TN 37450** | ■ Contingent<br>■ Unliquidated<br>■ Disputed | |
| Date(s) debt was incurred __ | Basis for the claim: __ | |
| Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

### Part 3:     List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **D.F. CHASE, INC.**<br>**C/O PURYEAR LAW**<br>**104 WOODMONT BLVD, SUITE 201**<br>**Nashville, TN 37205** | Line **3.1**<br>☐ Not listed. Explain ____ | _ |
| 4.2 | **SANDRA CHASE**<br>**C/O PURYEAR LAW**<br>**104 WOODMONT BLVD, SUITE 201**<br>**Nashville, TN 37205** | Line **3.1**<br>☐ Not listed. Explain ____ | _ |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
| --- | --- |

**5. Add the amounts of priority and nonpriority unsecured claims.**



| | | Total of claim amounts |
| --- | --- | --- |
| **5a. Total claims from Part 1** | 5a. | $ 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ 1,060,000.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 1,060,000.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

|  |  |  |
|---|---|---|
| | } | Case No. 3:19-bk-07235 |
| **CUMMINGS MANOOKIAN, PLLC** | } | |
| | } | Chapter 7 |
| | } | |
| **Debtor(s)** | } | |

## NOTICE OF AMENDMENT TO SCHEDULE E/F

      **NOW COMES** the Debtor(s), through counsel, and hereby gives notice that Schedule E/F has

been amended to include the following creditor(s):

| | | |
|---|---|---|
| GRANT KONVALINKA & HARRIS<br>633 CHESTNUT STREET<br>SUITE 900<br>Chattanooga, TN  37450 | | |
| | | |

Respectfully submitted,


**LEFKOVITZ & LEFKOVITZ**


By: */s/ Steven L. Lefkovitz*
Steven L. Lefkovitz, No. 5953
Attorney for the Debtor(s)
618 Church St., #410
Nashville, TN  37219
(615) 256-8300    fax (615) 255-4516
slefkovitz@lefkovitz.com

## CERTIFICATE OF SERVICE

A copy of the foregoing has been sent to the U.S. Trustee, Chapter 13 Trustee and all creditors and parties-in-interest to receive notice electronically via the Court's ECF filing system on November 19, 2019.

**/s/ Steven L. Lefkovitz**
Steven L. Lefkovitz

Debtor name    **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF TENNESSEE

Case number (if known)    **3:19-bk-07235**

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __November 19, 2019__     X **/s/ BRIAN MANOOKIAN**
                                       Signature of individual signing on behalf of debtor

                                       **BRIAN MANOOKIAN**
                                       Printed name

                                       **CHIEF MANAGER**
                                       Position or relationship to debtor

| Fill in this information to identify the case: |

Debtor name    **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF TENNESSEE

Case number (if known)    **3:19-bk-07235**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals     **12/15**

| Part 1: | **Summary of Assets** |

1.   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*...............................................................................................    $      **0.00**

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*...............................................................................................    $      **70,000.00**

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*...............................................................................................    $      **70,000.00**

| Part 2: | **Summary of Liabilities** |

2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................................    $      **0.00**

3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*...............................................................................................    $      **0.00**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................................................    +$      **1,060,000.00**

4.   Total liabilities .............................................................................................................................
    Lines 2 + 3a + 3b    $      **1,060,000.00**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Fill in this information to identify the case: |
| --- |

Debtor name    **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF TENNESSEE

Case number (if known)    **3:19-bk-07235**

☐ Check if this is an
amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property   12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.
Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties
which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts
or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write
the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an
additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset
schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the
debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ■ No.  Go to Part 2.
   ☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ■ No.  Go to Part 3.
   ☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

10. **Does the debtor have any accounts receivable?**

   ☐ No.  Go to Part 4.
   ■ Yes Fill in the information below.

11.    **Accounts receivable**

    11a. 90 days old or less:    **70,000.00**   -   **0.00**  = ....    **$70,000.00**
            face amount         doubtful or uncollectible accounts

12.    **Total of Part 3.**
    Current value on lines 11a + 11b = line 12.  Copy the total to line 82.    **$70,000.00**

| Part 4: | Investments |
| --- | --- |

13. **Does the debtor own any investments?**

   ■ No.  Go to Part 5.
   ☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
| --- | --- |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

■ No. Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:**    Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.**   **Office furniture** | | | |
| **40.**   **Office fixtures** | | | |
| **41.**   **Office equipment, including all computer equipment and communication systems equipment and software** Debtor does not own any office equipment or furniture. | $0.00 | | $0.00 |
| **42.**   **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

**43.**   **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.      $0.00

**44.**   **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

**45.**   **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 8:**    Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:**    Real property

**54. Does the debtor own or lease any real property?**

■ No. Go to Part 10.
☐ Yes Fill in the information below.

**Part 10:**    Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
| --- | --- |

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

<table>
<tr><td></td><td style="text-align:right">Current value of<br>debtor's interest</td></tr>
<tr><td>71.    <b>Notes receivable</b><br>Description (include name of obligor)</td><td></td></tr>
<tr><td>72.    <b>Tax refunds and unused net operating losses (NOLs)</b><br>Description (for example, federal, state, local)</td><td></td></tr>
<tr><td>73.    <b>Interests in insurance policies or annuities</b></td><td></td></tr>
<tr><td>74.    <b>Causes of action against third parties (whether or not a lawsuit<br>has been filed)</b></td><td></td></tr>
<tr><td>75.    <b>Other contingent and unliquidated claims or causes of action of<br>every nature, including counterclaims of the debtor and rights to<br>set off claims</b></td><td></td></tr>
<tr><td>76.    <b>Trusts, equitable or future interests in property</b></td><td></td></tr>
<tr><td>77.    <b>Other property of any kind not already listed</b> <i>Examples:</i> Season tickets,<br>country club membership<br><b>There are cases where costs have been advanced in<br>lawsuits contingent upon cases being successfully<br>resolved but are presently unrealized due to the cases<br>being pending without resolution.</b></td><td style="text-align:right"><b>Unknown</b></td></tr>
</table>

78.   **Total of Part 11.**                                              | **$0.00** |
      Add lines 71 through 77. Copy the total to line 90.

79.   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
      ■ No
      ☐ Yes

| Part 12: | Summary |
| --- | --- |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $70,000.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9* ...........................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $70,000.00 + 91b. | $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $70,000.00 |

Case 3:23-cv-00918    Document 3    Filed 09/14/23    Page 53 of 313 PageID #: 85

50

**Fill in this information to identify the case:**

Debtor name    **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF TENNESSEE

Case number (if known)    **3:19-bk-07235**

☐ Check if this is an
    amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
     ■ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
     ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1   State what the contract or lease is for and the nature of the debtor's interest | |
|      State the term remaining | |
|      List the contract number of any government contract | |
| 2.2   State what the contract or lease is for and the nature of the debtor's interest | |
|      State the term remaining | |
|      List the contract number of any government contract | |
| 2.3   State what the contract or lease is for and the nature of the debtor's interest | |
|      State the term remaining | |
|      List the contract number of any government contract | |
| 2.4   State what the contract or lease is for and the nature of the debtor's interest | |
|      State the term remaining | |
|      List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name          **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF TENNESSEE

Case number (if known)    **3:19-bk-07235**

☐ Check if this is an
    amended filing

Official Form 206H
# Schedule H: Your Codebtors                                                    **12/15**

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1  **Brian Manookian** | **45 MUSIC SQUARE WEST NASHVILLE, TN 37203** | **DEAN CHASE ET AL** | ☐ D _____ <br> ☑ E/F __**3.1**__ <br> ☐ G _____ |

In re    **CUMMINGS MANOOKIAN, PLLC**                       Case No.    **3:19-bk-07235**

                                     Debtor(s)            Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

I, the CHIEF MANAGER of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:    **November 19, 2019**                 **/s/ BRIAN MANOOKIAN**

                                            **BRIAN MANOOKIAN**/**CHIEF MANAGER**
                                            Signer/Title

Debtor name   **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:  MIDDLE DISTRICT OF TENNESSEE

Case number (if known)  **3:19-bk-07235**

☐ Check if this is an
   amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

**04/19**

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

**Part 1:**   Income

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2019** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$0.00** |
| **For prior year:**<br>From **1/01/2018** to **12/31/2018** | ■ Operating a business<br>☐ Other _____ | **$789,092.00** |
| **For year before that:**<br>From **1/01/2017** to **12/31/2017** | ■ Operating a business<br>☐ Other _____ | **$6,852,426.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| | | |

---

**Part 2:**   List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| | | | |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | GRANT KONVALINKA &<br>HARRIS V. Debtor | CIVIL CASE | CHANCERY COURT OF<br>HAMILTON COUNTY | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | CHASE V. STEWART | CONTEMPT ACTION AGAINST THE DEBTOR WHICH IS PENDING IN THE CASE BUT THE DEBTOR IS NOT A DEFENDANT IN THE CASE | CIRCUIT COURT OF WILLIAMSON COUNTY TN | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

☐ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|
| **DEAN CHASE ET AL**<br>**C/O PURYEAR LAW**<br>**104 WOODMONT BLVD, SUITE 201**<br>**Nashville, TN 37205** | **PHILLIP YOUNG HAS BEEN APPOINTED RECEIVED IN THE CHASE V. STEWART CASE** | Unknown |
| | Case title<br>**CHASE V. STEWART** | Court name and address<br>**CIRCUIT COURT OF**<br>**WILLIAMSON COUNTY** |
| | Case number | |
| | Date of order or assignment | |

### Part 4:   Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

    ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

### Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

### Part 6:   Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **LEFKOVITZ & LEFKOVITZ**<br>**618 CHURCH ST., #410**<br>**NASHVILLE, TN 37219** | **Attorney Fees $3,000**<br>**Court Costs $335** | | **$3,335.00** |
| | Email or website address<br>**slefkovitz@lefkovitz.com** | | | |
| | Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

☑ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor in 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| **Part 7:** | **Previous Locations** |
|---|---|

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☑ Yes. State the nature of the information collected and retained.

      <u>SOCIAL SECURITY NUMBER AND MEDICAL RECORDS</u>

      Does the debtor have a privacy policy about that information?
      ☐ No
      ☑ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | **INS BANK**<br>**2106 CRESTMOOR ROAD**<br>**Nashville, TN 37215** | XXXX- | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **SPRING OF 2019** | **Unknown** |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:**   **Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:**   **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.**  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**   Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.   **MAHAN AND ASSOCIATES** <br> **2531 Park Dr** <br> **SUITE C** <br> **Nashville, TN 37214** | **WITHIN THE LAST 2 YEARS** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

Name and address

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ **No**

☐ **Yes.** Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Brian Manookian | 45 MUSIC SQUARE WEST NASHVILLE, TN 37203 | CHIEF MANAGER | 100% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ **No**

☐ **Yes.** Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ **No**

☐ **Yes.** Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ **No**

☐ **Yes.** Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ **No**

☐ **Yes.** Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

---

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **November 19, 2019**

**/s/ BRIAN MANOOKIAN**                                   **BRIAN MANOOKIAN**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **CHIEF MANAGER**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

## IN THE UNTIED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

IN RE: )
) No. 3:19-BK-07235
CUMMINGS MANOOKIAN, PLLC ) Chapter 7
) Judge Charles M. Walker
Debtor. )

## NOTICE OF APPEARANCE
## AND REQUEST FOR NOTICES

The undersigned, Phillip North, hereby enters his appearance as counsel for Toby Smith, M.D., Middle Tennessee Pulmonary, George Robertson, Sr., M.D. and Family Medical Associates, creditors and parties in interest, and pursuant to Fed. R. Bankr. P. 2002 and LBR 9010-1, on behalf of creditors, hereby requests that all matter which must be noticed to creditors, any creditors' committee, and any other parties-in-interest, and all other notices in this case, whether sent by the Court, the Debtor(s), or any other party-in-interest in this case, be sent to the undersigned at the following address and, pursuant to Rule 2002(g), that the following be added to the Court's master mailing list:

Phillip North
Philip's Plaza
414 Union Street, Ste. 1850
Nashville, TN 37219
Telephone: (615) 255-2555
Facsimile: (615) 255-0032
pn@npr.legal

Respectfully submitted,

/s/ Phillip North
Phillip North, #2407
***North, Pursell & Ramos, PLC***
Philip's Plaza
414 Union Street, Suite 1850
Nashville, Tennessee 37219-1783
(615) 255-2555 – Telephone
(615) 255-0032 – Facsimile
pn@npr.legal
*Counsel for Toby Smith, M.D.,Middle Tennessee Pulmonary Associate, PLLC, George Robertson, M.D. and Family Medical Associates.*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 4, 2019, the foregoing was served via the Court's electronic case filing system and/or U.S. Mail, postage prepaid, upon:

Steve Lefkovitz, Esq.
Lefkovitz & Lefkovitz, PLLC
618 Church Street, Ste. 410
Nashville, TN 37219
(615) 256-8300 – Telephone
slefkovitz@lefkovitz.com

Jeanne Ann Burton, Trustee
Jeanne Ann Burton, PLLC
4117 Hillsboro Pike, Ste. 103-116
Nashville, TN 37215
(615) 678-6960 – Telephone

U.S. Trustee
U.S. Trustee Office of the United States Trustee
701 Broadway, Ste. 318
Nashville, TN 37203-3966
(615) 736-2254 - Telephone

/s/ Phillip North
Phillip North

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

IN RE:                                    )
                                          )
CUMMINGS MANOOKIAN, PLLC                  )    Case No: 3:19-bk-07235
                                          )    Chapter 7
                                          )    Judge Walker
        Debtor.                           )

---

## BRIAN MANOOKIAN'S OPPOSITION AND OBJECTION TO MOTION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

---

Brian Manookian, as the one hundred percent owner of the Debtor (Cummings Manookian, PLLC), opposes and objects to the Trustees' Motion to Employ Thompson Burton PLLC or Phillip Young, Esq. as Special Counsel in this matter. The deadline to file a response to the Trustees' Motion is December 9, 2019 and the date of the scheduled hearing is December 17, 2019.

1.      Prior to the initiation of this bankruptcy proceeding Phillip Young of Thompson Burton PLLC served as the receiver for Cummings Manookian in a case to collect certain of Cummings Manookian's choses in action.

2.      Acting on behalf of Cummings Manookian, Phillip Young and Thompson Burton, PLLC undertook a number of actions to improperly freeze, divest, or encumber the assets of unrelated third-parties.

3.      As a result of Phillip Young and Thompson Burton's actions, Cummings Manookian has been exposed to significant monetary liability to third-parties and is likely

1

to be sued by those third-parties with Philip Young and Thompson Burton as co-defendants.

4.     Indeed, Cummings Manookian has received written notice of forthcoming claims against Cummings Manookian, Phillip Young, and Thompson Burton, jointly, (hereinafter, collectively the "Debtor-Receiver Co-Defendants") for improperly and illegally encumbering the assets and interfering with the contracts of Hagh Law and Afsoon Hagh. The Debtor-Receiver Co-Defendants are currently subject to a settlement demand, which, if not accepted, will result in litigation being filed against Cummings Manookian, Phillip Young, and Thompson Burton.

5.     Consequently, Phillip Young and Thompson Burton have an undeniable and inextricable conflict of interest with Cummings Manookian that precludes their appointment as special counsel in this case. Among the many other concrete conflicts created as a result of Phillip Young and Thompson Burton being named as co-defendants with the Debtor, Cummings Manookian will almost certainly allege comparative fault and other affirmative defenses blaming Phillip Young and Thompson Burton for any damages caused to third-parties for their actions as prior receivers for the Debtor. Cummings Manookian may also have its own claims against Phillip Young and Thompson Burton for actions taken in its name leading to it being sued.

6.     Brian Manookian does not oppose the appointment of Special Counsel, generally, to assist the Trustee in this matter. However, he opposes the appointment of Special Counsel with a clear conflict of interest, as exists here.

2

For all of the above reasons, Brian Manookian respectfully requests that the Trustees' Motion for Appointment of Special Counsel be DENIED, WITHOUT PREJUDICE, in order to allow the Trustee an opportunity to select Special Counsel with no relationship to the Debtor.

Respectfully submitted,

Brian Manookian
45 Music Square West
Nashville, TN 37203
T: 615.266.3333
F: 615.266.0250

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response was electronically served via the ECF filing system to the following individuals by U.S. Mail on December 9, 2019:

Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pk Ste 103-116
Nashville, TN 37215

United States Trustee
701 Broadway, Customs House, Suite 318
Nashville, TN 37203

Phillip G. Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Cir., Ste 200
Franklin, TN 37067

3

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No: 3:19-bk-07235 |
| | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |
| | ) | **Hearing Date: December 17, 2019** |
| | ) | **at 9:00 a.m.** |

**TRUSTEE JEANNE ANN BURTON'S WITNESS AND EXHIBIT LIST FOR
DECEMBER 17, 2019 HEARING ON MOTION TO EMPLOY SPECIAL COUNSEL**

Comes now Movant, Jeanne Ann Burton, by and through undersigned counsel, and hereby gives notice of the witnesses she may call, and exhibits she may introduce, at the December 17, 2019 hearing on the Trustee's Motion to Employ Special Counsel (Doc. 6) and the objection of Brian Manookian thereto (Doc. 14):

**WITNESS LIST**

1.      Jeanne Ann Burton, Trustee.   If called to testify, Trustee Burton will testify regarding the reasons she selected proposed counsel, her prior experience with proposed counsel, assets disclosed by the Debtor, assets that the Debtor failed to disclose, liabilities disclosed by the Debtor, liabilities that the Debtor failed to disclose, and allegations made in Mr. Manookian's objection.

2.      Phillip G. Young, Jr.   If called to testify, Mr. Young will testify regarding his prior actions as receiver in the case of *Chase v. Cummings Manookian*, the court orders that authorized those actions, the statements made in the motion to employ, and allegations made in Mr. Manookian's objection.

3.      The Trustee reserves the right to call the witnesses identified by Brian Manookian and any other witnesses needed to rebut evidence offered by Brian Manookian.

## EXHIBIT LIST

4.     All documents previously filed with the Court in this matter, including statements, schedules, and proofs of claim.

5.     All documents filed in the *Chase v. Cummings Manookian* state court matter including the motion to appoint a receiver, the order appointing a receiver, temporary restraining orders and an injunction order.

6.     The Trustee reserves the right to introduce any exhibits identified by Brian Manookian and any exhibits needed to rebut evidence offered by Brian Manookian.

DATED:  December 13, 2019

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:     (615) 465-6000
phillip@thompsonburton.com

Attorneys for Chapter 7 Trustee

2

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

IN RE: )
)
CUMMINGS MANOOKIAN, PLLC, ) Case No: 3:19-bk-07235
) Chapter 7
) Judge Walker
Debtor. )

## SUPPLEMENTAL AUTHORITY ON STANDING RELATED TO APPLICATION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

Jeanne Ann Burton, Chapter 7 Trustee herein, by and through counsel, respectfully offers this Supplemental Authority on Standing Related to Application of Trustee to Employ Special Counsel (the "Supplemental Brief"). At the hearing on the Trustee's Application to Employ Special Counsel (the "Motion") on December 17, 2019, the Trustee challenged the standing of the sole objecting party, Brian Manookian. At the hearing, the Court asked the Trustee to provide supplemental authority on the issue of Mr. Manookian's standing.

Bankruptcy courts are quite clear and consistent that a Chapter 7 debtor, or the principal of a corporate Chapter 7 debtor, lacks standing to challenge the actions of the bankruptcy trustee or the administration of the estate. *See, e.g., Furlough v. Cage (In re Technicool Systems),* 896 F.3d 382 (5th Cir. 2008) (principal of a chapter 7 debtor corporation had no standing to challenge trustee's employment of counsel); *In re White*, 2018 Bankr. LEXIS 2289 (Bankr. E.D. Mich. 2018) (Chapter 7 debtor had no standing to challenge trustee's fees and expenses); *In re St. Michael Motor Express,* 2016 Bankr. LEXIS 959 (Bankr. W.D. Tenn. 2016) (principal of chapter 7 debtor had no standing to challenge trustee's abandonment of property because the case was not a surplus case; *Khan v. Regions Bank*, 2011 Bankr. LEXIS 3786 (Bankr. E.D. Tenn. 2011) (debtor in an insolvent case had no standing to challenge a proof of claim); *Ultimore, Inc. v. Bucala,* 464 B.R. 626 (Bankr. S.D.N.Y. 2012) (debtor had no standing to pursue a cause of

action because it was not an interested party); *Boyd v. Shuford*, 2018 U.S. Dist. LEXIS 54661 (W.D.N.C. 2018) (Chapter 7 debtor had no standing to challenge attorneys' fees because it was not a surplus case); *Pascazi v. Fiber Consultants, Inc.,* 445 B.R. 124 (Bankr. S.D.N.Y. 2011) (debtor's principal had no standing to object to a claim because the case was not a surplus case). This is because a Chapter 7 debtor, or its corporate principal, is not deemed an "interested party" by these courts. *Id.* The two exceptions to this general rule are where (1) a proceeding might affect a discharge or an exempt asset or (2) where the case is likely to be a surplus case. *See In re St. Michael Motor Express*, 2016 Bankr. LEXIS 959, *11 (Bankr. W.D. Tenn. 2016). If the Debtor claims standing because a matter is a surplus case, it is the debtor's burden to prove that the case is likely to result in a surplus *Id*.

In this matter, there will be no discharge (because the Debtor is a corporate entity) and there are no exempt assets. Mr. Manookian has signed statements under penalty of perjury that list $70,000 of assets against more than $1,000,000 of claims (now more than $2,000,000 with the filing of Claim No. 1, which was not listed by the Debtor in the schedules). Based upon the facts of this case and the law regarding standing of the principal of a corporate chapter 7 debtor, Mr. Manookian has no standing to object to the Motion or any future motions filed by the Trustee.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6000
phillip@thompsonburton.com

Attorneys for Chapter 7 Trustee

2

**Certificate of Service**

The undersigned hereby certifies that a copy of the preceding document was electronically filed and served via the Court's ECF system this 17th day of December, 2019, and was served by United States mail and email on the following party:

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6000
phillip@thompsonburton.com

Attorneys for Chapter 7 Trustee

3

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

### Exhibit/Witness List

JEANNE ANN BURTON                                        CASE NO: 3:19-bk-07235

vs.            Movant

BRIAN MANOOKIAN                                          ADV NO:

            Respondent

| Presiding Judge | Plaintiff's/Movant's Attorney | Defendant's/Respondent's Attorney |
|---|---|---|
| Charles M Walker | | |
| **Trial/Hearing Date(s)** | **Court Reporter** | **Courtroom Deputy** |
| 12/17/2019 - 12/17/2019 | Tanja Brewer | Lauren Langston |

| Pltf./Mov. | Def./Resp. | Date Offered | Marked | Stipulated | Admitted | DESCRIPTION OF EXHIBITS * and WITNESSES |
|---|---|---|---|---|---|---|
| x | | 12/17/2019 | | | x | Phillip G. Young, Jr.; Sworn Witness |

IN THE UNITED STATES BANKRUPTCY COURT FOR THE ~~FILED~~

MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE 2019 DEC 19 PM 2: 09

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF TN.

IN RE:                                 )

                                       )

CUMMINGS MANOOKIAN, PLLC               )        Case No: 3:19-bk-07235

                                       )        Chapter 7

                                       )        Judge Walker

        Debtor.                        )

---

## BRIAN MANOOKIAN'S SUPPLEMENTAL REPLY IN OPPOSITION TO MOTION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

---

Brian Manookian, as the owner of the Debtor (Cummings Manookian, PLC), files this Supplemental Reply in Opposition to the Chapter Seven Trustee's Motion to Employ Phillip Young as Special Counsel.

1.      On December 9, 2019, Brian Manookian filed his Opposition to Phillip Young's Employment as Special Counsel in this case. As bases for his objection, Mr. Manookian stated that Debtor Cummings Manookian had received written notice of forthcoming claims against Cummings Manookian and Phillip Young, jointly, for actions Mr. Young had previously taken on Debtor's behalf.

2.      Mr. Manookian objected to the actual conflict of interest posed by Phillip Young simultaneously serving as Special Counsel to the Debtor and a co-Defendant of the Debtor as a consequence of actions previously taken on the Debtor's behalf.

3.      Since that time, Phillip Young has been named as a co-Defendant with the Debtor in at least one filed lawsuit, *Hagh Law v. Phillip Young, Cummings Manookian PLC, and Hammervold PLC*, Davidson County Circuit Court, Case No. 19C2966. That

1

Case 3:23-cv-00918    Document 3    Filed 09/14/23    Page 76 of 313 PageID #: 108

73

lawsuit alleges that Phillip Young placed bogus and improper attorney's liens on behalf of the Debtor and Hammervold PLC in at least one case where the Debtor and Hammervold PLC had no participation and were not entitled to any payment. The suit seeks damages as well as declaratory relief jointly against Phillip Young, Cummings Manookian PLC, and Hammervold PLC.

4.    As a result of Phillip Young's actions, the Debtor will incur expenses in the form of attorney's fees; may seek indemnification from Phillip Young; and is entitled to assert defenses, comparative fault, and independent claims against Phillip Young.

5.    Based upon previously received written notices of forthcoming claims, it is anticipated that Phillip Young will be named as a co-Defendant with the Debtor in various additional suits as a result of Phillip Young's conduct purportedly on behalf of the Debtor.

6.    Brian Manookian does not generally object to the employment of Special Counsel in this case to assist the Chapter Seven Trustee. Mr. Manookian does, however, object to the employment of Phillip Young who has actual, present conflicts of interest with the Debtor that Mr. Young did not divulge in his Application for Employment and has not disclosed in an amended Application.

7.    Phillip Young has maintained his attempts to secure employment in this matter, notwithstanding his presently existing, substantive, actual conflicts of interest, by relying on non-substantive arguments regarding standing. But Mr. Young has an affirmative obligation to disclose and address actual conflicts of interest wholly independent of any other individual's standing. Those actual conflicts of interest prevent him from acting as Special Counsel in this matter.

2

74

For all of the above reasons, Mr. Manookian respectfully requests that the Trustee's Motion to Employ Special Counsel be **DENIED WITHOUT PREJUDICE** in order to allow the Trustee to identify and select alternative Special Counsel whose involvement in this matter does not compound controversy and present an actual conflict of interest.

Respectfully submitted,

Brian Manookian
45 Music Square West
Nashville, TN 37203
T: 615.266.3333
F: 615.266.0250

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response was electronically served via the ECF filing system to the following individuals on December 19, 2019:

Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pk Ste 103-116
Nashville, TN 37215

United States Trustee
701 Broadway, Customs House, Suite 318
Nashville, TN 37203

Phillip G. Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Cir., Ste 200
Franklin, TN 37067

3

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

IN RE:                          )
                               )
CUMMINGS MANOOKIAN, PLLC,   )     Case No: 3:19-bk-07235
                               )     Chapter 7
                               )     Judge Walker
       Debtor.               )

## TRUSTEE'S RESPONSE TO BRIAN MANOOKIAN'S SUPPLEMENTAL REPLY

Jeanne Ann Burton, Chapter 7 Trustee herein, by and through proposed counsel, respectfully responds to Brian Manookian's Supplemental Reply in Opposition to Motion of Trustee to Employ Special Counsel (Doc. 18) (the "Supplemental Reply").

It appears that Brian Manookian, who is not a party in interest and has no standing, is acting in concert with his wife, Afsoon Hagh, [1] to manufacture a conflict of interest to prevent the Trustee from retaining special counsel to pursue assets of the estate, including the preservation of $710,000. These actions are an abuse of process, an abuse of this Court, and the Trustee implores the Court to not tolerate such acts.

Mr. Manookian's Supplemental Reply makes reference to a complaint that was filed, but he failed to attach a copy. The Trustee attaches copy of the complaint as <u>Exhibit A</u> so that the Court may evaluate the alleged conflict of interest for itself. The only way that special counsel has an interest adverse to the estate is if special counsel and the estate were alleged to be jointly liable for some debt. However, the complaint primarily seeks declaratory relief against the

---

[1] The Trustee notes that Afsoon Hagh filed a complaint in state court at 1:32 p.m. on December 19, 2019; Brian Manookian paper-filed his Supplemental Reply at 2:09 p.m. the same day.

Debtor.  This does not create *even the allegation* of a conflict between proposed special counsel and the estate.[2]

Ms. Hagh has flagrantly violated the automatic stay by filing a lawsuit against the Debtor in the Davidson County Circuit Court.  Ms. Hagh cannot maintain the attached complaint against the Debtor due to the automatic stay.  *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 911 (6th Cir. 1993) ("we hold that actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances").  Indeed, at an injunction hearing before the Williamson County Circuit Court on December 10, 2019, John Spragens, counsel for Hagh Law PLLC, agreed that this Court, not the state court, was the proper forum for determining ownership of disputed fees.

In summary, the Court should not allow Ms. Hagh and/or Mr. Manookian to use the filing of a highly suspect complaint to manufacture a conflict for special counsel.  Ms. Hagh's attempts to sue the Debtor in state court violate the automatic stay and will be voided.  Even taking the complaint at face value, it does not even allege joint and several liability between the estate and special counsel.  It is in this estate's best interest and not adverse to the estate to allow the Trustee to retain special counsel, and not to allow Mr. Manookian and Ms. Hagh to attempt to stall the Trustee's administration of this estate, so that they may frustrate the Trustee's efforts and duty to preserve a possible asset of the estate prior to January 17, 2020, when a state court injunction expires.

---

[2] Moreover, the allegations in the complaint are demonstrably false.  Ms. Hagh alleges that there is no basis for Cummings Manookian to claim an interest in fees from a case styled *Miller v. Vanderbilt University Medical Center*.  However, undersigned counsel is in possession of a signed engagement letter between the plaintiff, Carla Miller, and Cummings Manookian, the Debtor, dated April 3, 2018.  The Debtor undeniably has an interest in the *Miller* fees.

2

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6000
phillip@thompsonburton.com

Attorneys for Chapter 7 Trustee

## Certificate of Service

The undersigned hereby certifies that a copy of the preceding document was electronically filed and served via the Court's ECF system this 20th day of December, 2019, and was served by United States mail and email on the following party:

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6000
phillip@thompsonburton.com

Attorneys for Chapter 7 Trustee

3

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| **HAGH LAW PLLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO._____** |
| **v.** | ) | |
| | ) | |
| **PHILLIP YOUNG, CUMMINGS** | ) | |
| **MANOOKIAN PLC, HAMMERVOLD** | ) | |
| **PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF
_____

The Plaintiff for its causes of action respectfully states to the Court the following:

### I.   PARTIES, VENUE, AND JURISDICTION

1.     Plaintiff Hagh Law PLLC is a Tennessee Professional Limited Liability Company with its principle place of business located in Davidson County, Tennessee.

2.     Defendant Phillip Young is a Tennessee licensed attorney who engages in the practice of law in Davidson County, Tennessee.

3.     Defendant Cummings Manookian PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

4.     Defendant Hammervold PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

1

5.      This suit seeks damages and declaratory relief. The Plaintiff requests a declaration regarding a purported attorney's lien improperly asserted by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

6.      Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-101.  This Court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101 and Tenn. Code Ann. § 29-14-102.

**II.**                         **FACTUAL ALLEGATIONS**

7.      Plaintiff Hagh Law PLLC is a law firm in Nashville, Tennessee specializing in personal injury and wrongful death cases.

8.      On or around March 19, 2019, Afsoon Hagh of Hagh Law PLLC filed suit against Vanderbilt University Medical Center on behalf of Carla Miller in Davidson County Circuit Court (hereinafter "the Miller Case").

9.      On or around August 12, 2019, Phillip Young filed a "Notice of Attorney's Lien" in the Miller Case on behalf of Cummings Manookian PLC and Hammervold PLC.

10.     Neither Cummings Manookian PLC nor Hammervold PLC are attorneys in the Miller case or have performed any work in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to any payment or fee in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to a lien on any proceeds or damages awarded in the Miller Case.

11.     Phillip Young has been advised that neither Cummings Manookian PLC nor Hammervold PLC has any cognizable claim to a payment or fee in the Miller Case.

2

Defendant Young nevertheless refuses to strike, remove, or otherwise withdraw his attorney's lien in the Miller Case.

12.    The recording and ongoing presence of the bogus attorney's lien has had and continues to have a negative effect on the progression and successful prosecution of the Miller Case resulting in damages to the Plaintiff.

**III.**                                **COUNT ONE – DECLARATORY JUDGMENT**

13.    The allegations in the foregoing paragraphs are hereby incorporated by reference, as if set forth herein.

14.    Tenn. Code Ann. § 29-14-102 provides that "Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

15.    Tenn. Code Ann. § 29-14-102 additionally provides that "[t]he declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."

16.    Tenn. Code Ann. § 29-14-101 provides that the purpose of this court's declaratory power "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

17.    Tenn. Rule Civ. Pro. 57, Declaratory Judgments, provides that "[t]he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

3

Copy

18.    There is a bona fide controversy, uncertainty, and insecurity as to the propriety of the attorney's lien claimed and filed by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

### RELIEF REQUESTED

**WHEREFORE**, the Plaintiff requests the following:

1.    That proper process be issued and served upon the Defendants and the Defendant be required to appear and answer this Verified Complaint.

2.    That the court order a speedy hearing on this matter, advancing it on the court's calendar.

3.    That the court enter a judgment in favor of the Plaintiff declaring that neither Phillip Young, Cummings Manookian PLC, nor Hammervold PLC is entitled to an attorney's lien, payment, or a fee in the Miller Case.

4.    That the Plaintiff be awarded reasonable damages incurred as a result of the improper placement of the bogus attorney's lien, including its attorney's fees.

5.    That the Plaintiff be awarded its costs pursuant to Tenn. Code Ann. § 29-14-111.

6.    That the Plaintiff be awarded any such further and other general relief to which it may be entitled.

4

Respectfully Submitted,

**Afsoon Hagh, #28393**
Hagh Law PLC
45 Music Square West
Nashville, TN 37203
(615) 266-3653 (phone)
(615) 266-3655 (fax)
afsoon@haghlaw.com

5

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/20/2019



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                              )
                                    )        CASE NO: 3:19-bk-07235
CUMMINGS MANOOKIAN, PLLC,           )        Chapter 7
                                    )        Honorable Charles M. Walker
            Debtor.                 )

ORDER

This matter came before the court pursuant to the Chapter 7 Trustee's Application and

Notice to Employ Thompson Burton PLLC as special counsel for the estate.

The relevant legal authority is Section 327(e) of the Bankruptcy Code which provides

that "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other

than to represent the trustee in conducting the case, an attorney that has represented the debtor, if

in the best interest of the estate, and if such attorney does not represent or hold any interest

adverse to the debtor or to the estate with respect to the matter on which such attorney is to be

employed."

Based on the Objection and the Supplemental Reply filed by Mr. Manookian, the Court

believes that the disclosures within the Application require additional detail. Neither the

Application nor the testimony elicited during the December 17, 2019 hearing contain the

specificity necessary for the Court to rule. The scope of the employment must be more specific

and provide the details necessary for the Court to address whether the applicant has an adverse

interest to the debtor or the estate with respect to the matter or matters on which such attorney is

to be employed.  Therefore, the trustee has until Tuesday, December 24, 2019 to file a supplemental application and supporting affidavit to specifically detail the scope of work that is currently contemplated for Thompson Burton PLLC, as opposed to the broad general statement in paragraph 3 of the Application and provide details and full disclosure of any current or potential conflicts that may exist.  The supplement should also detail any and all prepetition actions by Thompson Burton PLLC as they relate to the scope of employment contemplated for the estate.

Upon review of the supplemental application, the Court shall enter the appropriate order.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

This Order has been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

IN RE:                                      )
                                            )
CUMMINGS MANOOKIAN, PLLC,                    )        Case No: 3:19-bk-07235
                                            )        Chapter 7
                                            )        Judge Walker
            Debtor.                          )

**SUPPLEMENT TO APPLICATION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL**

Jeanne Ann Burton, Chapter 7 Trustee herein (the "Trustee"), pursuant to the Court's

December 20, 2019 Order (Doc. 20) (the "Order") respectfully supplements the Application of

Trustee to Employ Special Counsel (Doc. 6) (the "Employment App") as follows:[1]

1.      Pursuant to the Employment App, the Trustee seeks to employ Thompson Burton

PLLC ("TB") to represent the Trustee in this matter as special counsel for specified purposes,

pursuant to 11 U.S.C. 327(e).  The Trustee wishes to identify with greater specificity the services

that she anticipates that TB will provide to the Trustee.  In that regard, the Trustee hereby

amends Paragraph 3 of the Employment App as follows:

> The Trustee anticipates that the services of Thompson Burton PLLC will consist
> of representation of the Trustee in connection with (1) the collection of legal fees
> and expenses owed, or which the Trustee alleges are owed, to the Debtor; and (2)
> pursuit of causes of action against any entity or individual in possession of fees
> owed, or which the Trustee alleges are owed, to the Debtor, and/or any individual
> taking action to prevent the collection of such fees.  This representation is
> expected to include, but shall not necessarily be limited to:  (a) filing adversary
> proceedings before this Court; (b) filing pleadings before the Williamson County
> Circuit Court or other state courts (as needed) in furtherance of the collection of
> fees owed to the Debtor; (c) the scheduling and taking of depositions and/or Rule
> 2004 examinations related to the collection of fees; (d) filing motions for turnover
> and/or motions to compel cooperation in obtaining documents needed to pursue
> collection of fees owed to the Debtor; and (e) any other administrative matter
> necessary to collect fees owed to the Debtor.  At this time, the Trustee anticipates

---

[1] The Trustee hereby incorporates the Employment App, all statements made therein, and
all exhibits thereto as if fully restated herein.

that causes of actions might be filed against Afsoon Hagh, Hagh Law PLLC, First Citizens Bank, Brian Manookian and/or Manookian PLLC (the "Anticipated Defendants").[2]   The causes of action against the Anticipated Defendants might include, but are not limited to, claims for fraud, conspiracy to commit fraud, fraudulent transfer, turnover, injunctive relief, preferential transfer, successor liability, mere continuation of business, alter-ego, piercing the corporate veil, tortious interference and/or declaratory judgment.   The Trustee and TB reserve the right to request the Court to supplement this Application to add additional duties as necessary for the efficient administration of this estate.   However, TB will not be employed to represent the Trustee or the estate in *Hagh Law PLLC v. Phillip Young et al.,* a matter filed on December 19, 2019 in Davidson County Circuit Court.   Neither will TB represent the Trustee in reviewing or evaluating any potential causes of action or claims for contribution against former receiver Phillip G. Young.   Should the Trustee believe that either of these matters warrants employment of counsel, she will seek to employ separate special counsel.

2.      In further support of this Supplement and the Employment App, the Trustee relies upon the Amended Unsworn Declaration of Phillip G. Young, Jr. dated December 21, 2019 (the "Amended Declaration"), attached hereto as Appendix A.   The Amended Declaration establishes, contrary to the allegations of Brian Manookian in his objection and supplemental objection to the Motion, that neither Phillip G. Young, Jr. nor TB represents nor holds any interest adverse to the debtor or the estate with respect to the matters on which they are to be employed.

3.      The Amended Declaration also establishes that TB's employment in this case is in the best interest of the estate.   In fact, for the reasons stated in the Amended Declaration, the Trustee believes that TB is uniquely qualified to serve as special counsel for the collection of legal fees owed to this estate due to the knowledge its attorneys gained from Phillip G. Young's collection of legal fees as state court receiver.   Mr. Young has identified, and taken steps to secure, the Debtor's interest in legal fees owed to it in more than a dozen cases.   Mr. Young was

---

[2] No cause of action is currently anticipated against Brian Cummings, who has been fully cooperating with the turnover of Cummings Manookian fees.  The Trustee reserves the right to bring an action against Mr. Cummings should that cooperation cease.

2

successful in enjoining, through January 17, 2020, the disposition of $715,000 in fees which the estate may now have an interest. Were the Court to deny the Employment App, the Trustee believes that she would have an exceedingly difficult time employing special counsel who can educate themselves on the issues in this case and take action to secure the $715,000 prior to the expiration of the injunction on January 17, 2020. Accordingly, not only is TB's employment as special counsel in the best interest of the estate, denial of the Employment App would be extremely prejudicial to the estate, its creditors and legitimate parties in interest.

WHEREFORE, the Trustee respectfully requests entry of an order granting the relief requested in the Employment App, subject to the additions and alterations contained in this Supplement, and for such other and further relief as is just.

Dated: December 21, 2019.

Respectfully submitted,

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone: 615-678-6960
Jeanne.burton@comcast.net

3

**APPENDIX A**

**AMENDED DECLARATION OF PHILLIP G. YOUNG, JR.**

I verify under penalty of perjury that the statements contained in the foregoing document, and in this Amended Declaration, are true and correct to the best of my knowledge, information and belief. This Amended Declaration is intended to supplement my prior Declaration and the testimony I offered in court on December 17, 2019, pursuant to the Court's request, as well as the Trustee's Response filed on December 20, 2019 (Doc. 19) to Brian Manookian's supplemental reply. The purpose of this Amended Declaration is to clearly and completely detail for the Court my involvement in matters related to this case and any sources of potential conflict, whether or not such potential conflicts are related to the matters on which my firm is to be employed.

Neither I nor Thompson Burton PLLC, of which I am a member, has an interest adverse to the estate with respect to the matters on which we are to be employed. More specifically, neither I nor Thompson Burton PLLC has any interest that would adversely affect the collection of legal fees owed to Cummings Manookian PLC.[3]

I first became involved in this matter on June 20, 2019, when I was appointed by the Williamson County Circuit Court in the case of *Dean Chase, Sandra Chase and D.F. Chase, Inc. v. Cummings Manookian PLC, Manookian PLLC, Brian Philip Manookian, Hammervold PLC, Mark Hammervold, Cummings Law LLC, Brian Cummings and Afsoon Hagh*, Case No. 2019-221 (the "State Court Action"), to serve as receiver pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103 for the execution of a levy on choses in action (or accounts receivable for legal fees owed)

---

[3] In some documents, Cummings Manookian is listed as "Cummings Manookian PLC" and in others, such as the Petition, as "Cummings Manookian PLLC". The Secretary of State shows the proper name is "Cummings Manookian PLC".

4

of the Debtor and a non-debtor entity, Hammervold PLC. I attach to this Amended Declaration a copy of both the motion to appoint a receiver in the State Court Action (Exhibit 1) and the order that appointed me receiver in the State Court Action (Exhibit 2). In the Receivership Action, I was tasked with collecting the choses in action of Cummings Manookian PLC and Hammervold PLC in furtherance of the collection of a $750,000 sanction awarded in favor of the State Court Action plaintiffs against Cummings Manookian PLC, Hammervold PLC, Brian Manookian, and Mark Hammervold. I was not involved in the proceedings that led to the award of the sanctions. Rather, I was tasked by the state court, pursuant to the state levy and execution statutes, to collect on choses in action that might be used to pay the judgment. I was not authorized to make distributions without further court order.

I did not serve as receiver over Cummings Manookian PLC nor Hammervold PLC. That is, beyond the collection of fees owed to those two entities, I took no actions in their name. I did not undertake to run the businesses of those two firms, did not marshal any assets of those firms beyond their choses in action, did not evaluate their indebtedness, and did not evaluate any other assets. Rather, I levied on attorneys' fees that were owed to the firms pursuant to the state court's order and the state levy statutes (which authorize levies by sheriff or by receiver).

One of the specific powers I was given by the court in the State Court Action was to file attorneys' liens in any action in which Cummings Manookian PLC or Hammervold PLC were owed attorneys' fees. In furtherance of that, the state court directed certain parties, including Brian Cummings, Brian Manookian and Mark Hammervold, to provide me a list of all cases in which Cummings Manookian PLC or Hammervold PLC might have an interest in fees, and any documents related to those cases. After receiving the lists from these parties (but not having received documents, which led to my filing a motion to compel), and after personally conducting

5

a search of court records of counties within the Metro Nashville area, I filed attorneys' liens in the following cases:

| Case Name | Court |
| --- | --- |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

On July 3, 2019, I received checks from Brian Cummings for Hammervold PLC's and Cummings Manookian PLC's interest in fees for two cases that had just settled prior to my recording of attorneys' liens. Again on September 23, 2019, Brian Cummings turned over to me fees and expenses that were owed to Hammervold PLC and Cummings Manookian PLC on account of the settlement of the *Thompson v. Sidrys* matter in Putnam County Circuit Court. In total, as receiver I am currently holding in trust $71,254.35: $25,305.99 levied from Hammervold PLC choses in action and $45,948.36 levied from Cummings Manookian PLC choses in action. Of the amounts being held on account of Cummings Manookian choses in action, $23,637.22 was levied within the ninety days prior to this bankruptcy. I have informed the Trustee that I would have no participation in any evaluation of whether this amount was recoverable by the estate, that I would continue holding that money in trust pending a decision

6

by the Trustee on that matter, and that I would cooperate with any request made upon me with regard to those funds.

Until August 21, 2019, my role as receiver primarily involved the filing of attorneys' liens and the attempts (sometimes via motions to compel) to gather information needed for my collection of the choses in action. On August 21, 2019, I learned that one of the cases in which I had filed an attorneys' lien, the *Fitzgerald* case, was nearing a resolution and that it was expected to produce a fee exceeding $1 million. I reached out to counsel for the defendant in that matter and learned that Brian Manookian had instructed that the defendant make all fee checks payable to Hagh Law PLLC, a law firm that I knew to be owned and controlled by Mr. Manookian's wife, Afsoon Hagh, and which corporate entity had not been created until March 2019 – nearly a year after the *Fitzgerald* case was filed. While I was aware that Ms. Hagh had been involved in the *Fitzgerald* case, I also knew that the case had been filed for the Plaintiff by Cummings Manookian. I reached out to defense counsel to remind him of the attorneys' lien filed in the case; he informed me that he intended to pay all fees over to Hagh Law PLLC pursuant to Mr. Manookian's request.

In order to protect the receivership estate's interest in the *Fitzgerald* fee, I filed an *ex parte* motion for a temporary restraining order on August 23, 2019. The state court granted the motion, and I attach the temporary restraining order that prevented the disposition of the *Fitzgerald* fees hereto as Exhibit 3. In response to this TRO, both Mr. Manookian, on behalf of the *Fitzgerald* plaintiffs, and the counsel for the defendants in that case threatened to void the settlement if I would not agree to allow the fees to be paid to Hagh Law PLLC. Ultimately, Mr. Manookian and I reached an agreement on this issue; we agreed that Hagh Law PLLC would deposit and hold $760,000 in its IOLTA trust account pending further order of the court, but that

7

the remainder of the fee earned in the *Fitzgerald* case could be distributed to Hagh Law. The order that resolved this TRO is attached hereto as Exhibit 4.

Throughout September and into October, I continued my investigation into Cummings Manookian's ownership interest in the *Fitzgerald* funds and fees in other cases. In furtherance of that, I met with Mr. Manookian and requested documents of him. I received some responsive documents but never received all requested documents (including, most notably, a purported engagement letter between Hagh Law PLLC and the *Fitzgerald* plaintiffs, which Mr. Manookian claims post-dated the engagement letter with Cummings Manookian PLC).

While in the process of gathering this information, I learned that Hagh Law PLLC had transferred the $760,000 from an IOLTA trust account into a normal checking account in the name of "Afsoon Hagh d/b/a Hagh Law PLLC". Mr. Manookian told me that the money had been moved at the direction of the Board of Professional Responsibility, because the Tennessee Rules of Professional Conduct did not allow an attorney to maintain funds in a trust account after a lawsuit was resolved. Concerned about the safety of these funds and Hagh Law's unilateral decision to move these funds without relief from the prior order, I filed a motion asking the state court to order Afsoon Hagh and/or Hagh Law PLLC to deposit the $760,000 with the state court. The state court ruled on November 5, 2019, that Afsoon Hagh and Hagh Law PLLC were ordered to deposit $760,000 with the state court by no later than noon on November 12, 2019. That same day, Brian Manookian (who had filed an appearance in the case as counsel for Afsoon Hagh and Hagh Law PLLC) informed the court's secretary that he would be submitting a competing order and that the court should not enter the order for seven days. The next day, November 6, 2019, Mr. Manookian filed this bankruptcy case on behalf of Cummings Manookian, PLC. On November 8, 2019, he filed a notice of withdrawal of counsel for Afsoon

8

Hagh and Hagh Law PLLC, because his law license had again been suspended by the Board of Professional Responsibility. The state court entered the order requiring Afsoon Hagh and Hagh Law PLLC to deposit funds with the state court on November 12, 2019. I have attached a copy of that order hereto as Exhibit 5.

On the afternoon of November 12, 2019, I called the Williamson County Circuit Court to confirm whether Afsoon Hagh had deposited the $760,000 by noon as required by the court's order. The clerk indicated that no money had been deposited. I called twice more over the next six days and each time the court clerk indicated that no money had been deposited by Ms. Hagh. On November 18, 2019, after consulting with the Trustee in this case, I filed an *ex parte* motion with the state court seeking a temporary restraining order to freeze $760,000 in Afsoon Hagh's and/or Hagh Law PLLC's bank accounts. The court entered a temporary restraining order, a copy of which is attached as Exhibit 6. The temporary restraining order was amended and extended, as Ms. Hagh requested that the hearing on the injunction be continued. An injunction hearing was ultimately held on December 10, 2019. Brian Manookian appeared at the hearing as did John Spragens, counsel for Hagh Law PLLC and Afsoon Hagh. I appeared as Receiver and the Trustee attended as well. All parties agreed that an injunction freezing some of the *Fitzgerald* fees would remain in place through January 17, 2020, and the parties agreed that, because of the Debtor's bankruptcy filing, the Bankruptcy Court was the proper forum for determining ownership of those fees. The state court entered the injunction order in which he directed that $710,000 remain frozen through January 17, 2020. A copy of that order is attached as Exhibit 7.

The Debtor did not file schedules in this case until November 19, 2019. When it filed schedules, the Debtor listed no interest in the *Fitzgerald* funds as a potential asset, though Mr.

9

Manookian was aware that those funds were in dispute. The schedules also listed no cause of action again me as receiver, listed no debt to Afsoon Hagh or Hagh Law, PLLC, and did not list Ms. Hagh or her firm as a creditor of the estate.

Shortly after the filing of this case, the Trustee asked me to serve as special counsel in this case. In addition to the fact that my firm and I routinely represent Chapter 7 trustees in this district, the Trustee specifically indicated that she felt that the knowledge I had gained during my time as receiver would be invaluable to her in collecting the accounts receivable of the estate. Before agreeing to serve as special counsel, I spent considerable time considering possible conflicts, and discussing the same with the Trustee and the United States Trustee's office. After considering all issues and gathering input from these sources, I determined that there would be no conflict in me serving as special counsel in this case. In furtherance of this, I filed the Employment App on November 18, 2019. On December 9, 2019, Brian Manookian, the former principal of the Debtor, filed an objection to the Employment App. The basis for his objection was that Thompson Burton PLLC and I were going to be sued by his wife, Afsoon Hagh and/or Hagh Law PLLC for actions I took as receiver. He alleged that this would create a conflict between the Debtor and I and would disqualify me from serving as special counsel. Other than general threats of litigation (which Mr. Manookian made rather frequently), this was the first I learned that Ms. Hagh and/or her law firm alleged a cause of action against my law firm or me.

On the morning of December 16, 2019 (the day before the hearing on the Employment App), I received a letter by facsimile that purported to be from Afsoon Hagh. In the letter, Ms. Hagh threatened to sue me, Thompson Burton PLLC and/or the Debtor for my actions as receiver; more specifically, she alleged that I recorded "bogus attorney liens" in cases in which she said Cummings Manookian PLC had no interest. The letter said that she would be filing a

10

lawsuit on December 20, 2019. Later that day, Mr. Manookian sent an email to both the Trustee and I demanding that we indemnify him, as principal of the Debtor, against claims of Afsoon Hagh and/or Hagh Law PLLC. I did not respond to these communications except to the extent that I did so at the hearing in this Court on December 17, 2019.

On December 19, 2019, at 1:32 p.m., Hagh Law PLLC (through Afsoon Hagh as counsel) filed a suit against the Debtor, Hammervold PLC and me in the Davidson County Circuit Court. Ms. Hagh did not seek relief from the automatic stay prior to filing this complaint. A copy of this complaint is attached to the Trustee's response to Mr. Manookian's Supplemental Reply Brief, and can be found at Docket No. 19. Brian Manookian filed a Supplemental Reply with this Court on the same day, at 2:09 p.m., informing the Court of the filing of the complaint against me. The complaint alleges that, as receiver, I had no basis in law or in fact for recording an attorneys' lien in the *Carla Miller v. Vanderbilt University Medical Center* case. The complaint seeks declaratory relief against the Debtor, Hammervold PLC and me, and asks the state court to determine that the fees in the *Miller* case are owed to Hagh Law PLLC, and not the Debtor. The complaint also vaguely requests damages in an unknown amount, for unstated injuries, from unspecified defendants.

This newly-filed lawsuit does not create an adverse interest to the estate for Thompson Burton PLLC or me, as it is not related to my employment to collect fees owed to the Debtor. While the *Miller* case is one in which the Trustee intends to collect fees, my past actions as receiver have no bearing on the collection of attorneys' fees through an adversary proceeding. Moreover, the complaint does not state a claim against the Debtor for which relief can be granted: the complaint is voidable because it violates the automatic stay and it does not allege any facts that, even if proven true, would show how my actions as receiver for collection of

11

choses in action might impugn the Debtor. Finally, I believe the complaint is frivolous and violates numerous provisions of the Tennessee Rules of Civil Procedure and the Tennessee Rules of Professional Conduct. For example, while Ms. Hagh alleges that I had no basis in law or in fact for recording an attorneys' lien in the *Miller* case, Cummings Manookian PLC was a party to a signed engagement letter with the *Miller* plaintiff. I am in possession of an engagement letter dated April 3, 2018, between Cummings Manookian PLC (signed by Brian Cummings) and Carla Miller.[4] Despite these shortcomings, neither Thompson Burton PLLC nor I will represent the Trustee in any action related to the *Hagh Law PLLC v. Young* matter, including removal of that matter or a motion for sanctions for violation of the automatic stay.

Finally, although Brian Manookian does not raise it in his objection, I will note for the Court that I have no pre-petition claim against this estate. Because I was appointed by the Court not as receiver of Cummings Manookian PLC, but rather as an independent receiver to collect choses in action, I have no right to receive compensation from Cummings Manookian PLC apart from any funds that were levied prior to the bankruptcy filing and outside the ninety day preference window. For avoidance of doubt, to the extent that I or Thompson Burton PLLC would otherwise be entitled to any general unsecured claim against the estate for fees incurred during the receivership, we hereby waive and disclaim the same.

December 21, 2019

*/s/ Phillip G. Young, Jr.*
Phillip G. Young

---

[4] I will file the Miller engagement letter with the Court under seal, upon request of the Court. I am reluctant to file the engagement letter in this matter, since it is not directly relevant to the Court's consideration of the Employment App and since the engagement letter *may* include confidential information. Both the Trustee and I reserve all rights to produce the letter at a later date and nothing herein shall be an admission that the engagement letter is protected.

12

## Certificate of Service

The undersigned hereby certifies that a copy of the preceding Supplement was electronically filed and served via the Court's ECF system this 21st day of December, 2019, and was served by United States mail on the following parties on the 23rd day of December, 2019:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

Brian Manookian
45 Music Square West
Nashville, TN 37203

Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
ATTN: Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

Mark Hammervold
1758 N. Artesian Ave.
Chicago, IL  60647-5311

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone:  615-678-6960
Jeanne.burton@comcast.net

13

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT NASHVILLE

COPY

| | | |
|---|---|---|
| DEAN CHASE; SANDRA CHASE; and D.F. CHASE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | **2019-221** |
| v. | ) ) | No. _____ |
| CUMMINGS MANOOKIAN PLC; MANOOKIAN PLLC; BRIAN PHILIP MANOOKIAN; HAMMERVOLD PLC; MARK HAMMERVOLD; CUMMINGS LAW LLC; BRIAN CUMMINGS; and AFSOON HAGH, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION TO SUBJECT PROPERTY, ISSUE WRITS OF EXECUTION AND DISTRINGAS/FIERI FACIAS, APPOINT RECEIVER AND GRANT INJUNCTIVE RELIEF

Come the Plaintiffs, Dean Chase, Sandra Chase and D.F. Chase, by and through

counsel, and (a) pursuant to Tenn. Code Ann. § 26-4-101 *et.seq.* respectfully move this

Court for an order compelling the identification, preventing the transfer to third parties,

and compelling the turnover to Plaintiffs (or a receiver) of certain property as set forth

herein, (b) pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103, respectfully move the

Court to issue a *Writ of Execution and Distringas/Fieri Facias* on the assets of defendants

Cummings Manookian PLC and Hammervold PLC and appoint a receiver for the

collection of their choses in action; and (c) pursuant to Tenn. Code Ann. §29-1-102 and

Tenn. R. Civ. Proc. 65.04, respectfully move the court to enter a temporary injunction that prohibits all Defendants from:

      a.      Disbursing any monies due to, or on behalf of, any of the Sanctions Judgment Debtors (as defined below), their officers, directors, agents, heirs, successor or assigns;

      b.      Entering into any agreements for payments by any third parties for fees and expenses due to any of the Sanctions Judgment Debtors; and

      c.      Interfering with any actions undertaken by any receiver appointed by the Court.

In support of this Motion, Plaintiffs state as follows:

## I. FACTS

### A. The Events Leading to the Sanctions Judgment

1.      As set forth in the July 20, 2018 Order entered by this Court and attached as **Exhibit 1** (the "**July 20 Sanctions Order**") Mr. Manookian, acting through and on behalf of his law firm Cummings Manookian PLLC ("**Cummings Manookian**"), and Mr. Hammervold, acting through and on behalf of his law firm Hammervold PLC, entered appearances in 2015 as counsel for several defendants in *David Chase v. Chris Stewart, et al.* Williamson County, Tennessee Circuit Court, docket no. 2015-200 (the "**David Chase Action**").

2.      In the course of the David Chase Action, Mr. Manookian caused subpoenas to be served on Dean Chase, Sandra Chase, and DF Chase, who were not at that time parties to the David Chase Action. The subpoenas sought certain documents and commanded the

2

Chases, both individually and on behalf of D.F. Chase, to give depositions. (See **Exhibit 1**, p. 9). Subsequently, Mr. Manookian and the Chases entered into an agreed protective order (the "**Protective Order**"), which allowed them to designate documents that they were turning over pursuant to the subpoenas as confidential, and to designate deposition testimony is confidential. (See *Id.*, pp. 9-11). The Protective Order was eventually filed and entered by this Court. (See *Id.*, pp. 12-13).

3.      After Mr. Manookian requested authority to provide News Channel 4 WSMV with copies of Sandra Chase's deposition, which had been deemed confidential by Ms. Chase's counsel, counsel for Plaintiff David Chase filed an Expedited Motion for Sanctions, Protective Orders and Other Relief, which led to the Court ordering that all of the deposition testimony and documents that had been deemed confidential be placed under seal pending the entry of the Protective Order.  (See *Id.,* pp. 14-15).

4.      Ultimately, the videotaped transcripts of deposition testimony and copies of certain documents designated as confidential were disclosed to several local news outlets. (See *Id.*, pp. 20-25).  Additionally, the Court found that some of the confidential materials surfaced as exhibits to separate lawsuit filed by Mr. Manookian and Mr. Hammervold in the Circuit Court for Davidson County, Tennessee. (See *Id.*, pp. 18-20).  As a result, Plaintiffs Dean Chase, Sandra Chase and D.F. Chase were granted permission by this Court to intervene in the David Chase Action, and they filed motions to hold Mr. Manookian, Cummings Manookian, Mr. Hammervold, and Hammervold PLC in contempt for violating the Protective Order.  (See *Id.*, p. 25).

3

5.    After a series of hearings and follow-up motions that spanned more than two years, Judge Binkley of this Court found that Mr. Manookian had knowingly, willfully, and intentionally violated the Protective Order and, *inter alia,* attempted "to mislead the Court from uncovering his violations of the Court's Orders by any means necessary." (See *Id.*, pp. 31, 85-95). Judge Binkley also found that Mr. Hammervold had knowingly, willfully, and intentionally violated the Protective Order. (See *Id.*, pp. 93-94).

6.    Finding that Messrs. Manookian and Hammervold had (a) abused the discovery process, (b) failed to maintain candor with this court, (c) continuously violated the Agreed Protective Order, and (d) attempted to defraud the court for over two years, this Court imposed monetary sanctions on Mr. Manookian, Cummings Manookian, Mr. Hammervold, and Hammervold PLC (the "**Sanctions Judgment Debtors**"). (See *Id.*, pp.116-122).

7.    Specifically, the Court ruled that Plaintiffs Dean Chase, Sandra Chase and D.F. Chase (as well as certain corporate entities owned or controlled by Dean Chase) should be awarded their attorneys' fees as sanctions. (See *Id*). In the July 20 Sanctions Order and in a supplemental Order entered on September 27, 2018 attached as **Exhibit 2** (the "**Supplemental Sanctions Order**"), this Court awarded monetary sanctions against the Sanctions Judgment Debtors, jointly and severally, in favor of Dean Chase, Sandra Chase, and D.F. Chase, Inc. in the total amount of $748,769.21 (the "**Sanctions Judgment**"). (See **Exhibit 2**). Included within the amount awarded in the Sanctions Judgment, this Court held that certain companies owned or controlled by Dean Chase- CK

4

Global, LLC and NV Music Row, LLC- were entitled to share in that amount to the extent of $638,105.82. (See *Id.*).

8.    Pursuant to Tenn. R. App. P. 4(a), the Sanctions Judgment became final on October 27, 2018.

9.    Mr. Manookian, Mr. Hammervold and Hammervold PLC have appealed the Sanctions Judgment, but none of them have filed a supersedeas bond to stay execution thereon. Mr. Hammervold and Hammervold PLC have filed a "Motion to Stay Proceedings Pending Expedited Rule 10B Appeal" in the David Chase Action. However, it does not appear that they have set the motion for hearing, and no stay has been granted by this court as of the filing of this Complaint.

10.   The initial attempt to satisfy the Sanctions Judgment was unsuccessful, as evidenced by the returns thereon attached hereto as **Exhibit 3**.

11.   As such, the Sanctions Judgment remains wholly unsatisfied and the current balance of the judgment, including statutory post-judgment interest through April 24, 2019, was $778,751.52. The Sanctions Judgment balance increases by $143.60 every day due to the accumulation of post-judgment interest.

**B.    The Indefinite Suspension of Mr. Manookian From the Practice of Law and its Effect on Pending Cummings Manookian Litigation**

12.   At the time of its formation in 2014, Cummings Manookian had two members, Mr. Cummings and Mr. Manookian, as shown on the attached **Exhibit 4**.

5

13. In September 2018, the Tennessee Supreme Court suspended Mr. Manookian from the practice of law, upon a finding that he poses a threat of substantial harm to the public. A copy of the suspension order is attached as **Exhibit 5**. Per its order of February 27, 2019 attached hereto as **Exhibit 6**, Mr. Manookian remains suspended indefinitely and is, *inter alia*, prohibited from maintaining any presence where the practice of law is conducted. By virtue of his suspension from the practice of law, Mr. Manookian cannot legally be a member of Cummings Manookian. *See* Tenn. Code Ann. § 48-249-1109.

14. Likewise, sometime between September 20, 2018 and January 14, 2019, Mr. Cummings formally withdrew as a member from Cummings Manookian, as evidenced by the following facts:

a. On September 20, 2018, Mr. Cummings formed Cummings Law, as reflected by the filings with the Tennessee Secretary of State attached as **Exhibit 7**;

b. On or about September 26, 2018, Mr. Cummings filed at least six Notices of Change of Address & Firm Affiliation in pending cases, which reflected that he was then practicing by and through his new law firm, Cummings Law, as shown on **Exhibit 8**;

c. On December 19, 2018, Mr. Cummings filed with the Tennessee Secretary of State paperwork removing himself as registered agent for Cummings Manookian, as shown by attached **Exhibit 9**; and

d. On January 14, 2019, Mr. Manookian filed, on behalf of Cummings Manookian, its 2018 annual report showing that the number of members had dropped from two to one, as shown on attached **Exhibit 10**.

6

15.     However, notwithstanding Mr. Cummings withdrawal as a member, and the fact that Mr. Manookian cannot legally be that sole remaining member, Cummings Manookian continues to operate as a single member PLLC law practice.  The identity of that new member is not shown in the above referenced January 14, 2019 annual report filed with the Tennessee Secretary of State by Mr. Manookian.  On information and belief, that sole member now operating Cummings Manookian as a law practice is Mr. Manookian's wife, Ms. Hagh, as evidenced by the fact that *since* January 14, 2019, Ms. Hagh appears as counsel or co-counsel of record acting by and on behalf of Cummings Manookian. Attached as **Collective Exhibit 11** is a collection of docket sheets showing pending cases known to Plaintiffs as of the time of filing this Motion, in which Ms. Hagh continues to appear as counsel of record, along with copies of the recent pleadings or motions filed in those cases.  As shown in Exhibit 11, in one of these cases, Ms. Hagh's signature block does not use the name "Cummings Manookian" but does use the same address and the email address of "cummingsmanookian.com."   In the others, the name Cummings Manookian remains in her signature block.

16.     There are also many pending lawsuits that were initiated by one or more attorneys acting by and on behalf of Cummings Manookian and that, since Mr. Manookian's suspension and Mr. Cumming's departure from the firm, are now being handled exclusively either by former Cummings Manookian attorneys acting by and on behalf of other law firms, or by co-counsel in that litigation, or both. Some of these cases are being handled by Mr. Cummings on behalf of Cummings Law and/or Mr. Hammervold on behalf of Hammervold PLC and others are being handled by Ms. Hagh, possibly as a

7

sole practitioner. (See above referenced Exhibit 11).  Attached as **Exhibit 12** is a list of such pending cases known to Plaintiffs at the time of filing this action.  These are only the known cases to Plaintiffs at this time based on available online court records in various jurisdictions, and there well may be other cases in other jurisdictions.

17.    The cases still being handled by Ms. Hagh on behalf of Cummings Manookian and the cases initiated by Cummings Manookian and now being handled by Mr. Cummings and/or Mr. Hammervold are referred to herein collectively as the "**Pending Cummings Manookian Litigation**."

18.    Cummings Manookian is, and has been known primarily as, a plaintiff's medical malpractice firm, and the overwhelming majority of the cases comprising the Pending Cummings Manookian Litigation are healthcare liability cases.  It is therefore highly likely that the fee arrangements for Cummings Manookian in these cases is a contingency fee.  In any event, to the extent that professional fees owed under the fee agreements entered into with clients in the Pending Cummings Manookian Litigation are still due, in the form of delayed fixed fee payments, delayed hourly payments, contingency fees or otherwise, Cummings Manookian is entitled to such fees when and as due.  Such rights to payment, and any other rights to payment from any source, constitute choses in action under Tennessee law, and are herein referred to, along with other rights discussed herein, as the "**Cummings Manookian Choses in Action**.

## C.    The Cummings Manookian "Jeweler Agreements"

19.    In addition to the fees owed to Cummings Manookian related to the Pending Cummings Manookian Litigation, it appears that Cummings Manookian may be owed substantial amounts of money pursuant to "Consulting/Engagement Agreements" entered into with one or more jewelers, as discussed below.

20.    In 2016, Mr. Manookian, Mr. Cummings, Cummings Manookian, Mr. Hammervold, and Hammervold PLC were sued by Diamond Consortium, Inc. d/b/a The Diamond Doctor (the "**Diamond Doctor**") in the United States District Court for the Eastern District of Tennessee (the "**Texas Lawsuit**"). A copy of the Consolidated Amended Complaint in the Texas Lawsuit is attached as **Exhibit 13**.

21.    In the Texas Lawsuit, the Diamond Doctor alleged that Mr. Manookian was engaged in a scheme of extortion whereby he would target jewelers with internet and social media campaigns in which Cummings Manookian would create websites that accused the target jeweler of cheating their customers through the sale of "overgraded" diamonds, and post messages on the newsfeed of the jeweler's Facebook page making accusations about cheating customers.  (See **Exhibit 13**, pp. 4-5, 7-10).  According to the complaint, Mr. Manookian would then contact the target jeweler and tell them that the campaign against the jeweler would stop if the jeweler would "engage" Cummings Manookian as its outside legal counsel for several years. (See *Id.*).  The Diamond Doctor alleged that Mr. Manookian proposed that the Diamond Doctor pay Cummings Manookian $25,000 a month over a 10-year period or an aggregate fee of $3 million.  (See *Id.* p. 10).

9

22.     The Diamond Doctor also alleged that after the initial conversation between Mr. Manookian and the owner of The Diamond Doctor, Mr. Manookian sent the Diamond Doctor a proposed Consulting/Engagement Agreement, which, according to the complaint, "was a version another jeweler . . . supposedly executed with critical information concerning the payment terms and length redacted." (See **Exhibit 13**., p. 26 19-20). According to the Texas Lawsuit, a copy of the proposed agreement is attached as **Exhibit 14**.

23.     Mr. Manookian and all of the other defendants in the Texas Lawsuit denied wrongdoing, and the case was ultimately resolved with an injunction that that prohibited the parties from disparaging each other. However, Mr. Manookian, Mr. Cummings, and Cummings Manookian did not deny the allegations that Cummings Manookian had entered into retainer agreements with a number of jewelers.

24.     For example, the complaint in the Texas Lawsuit alleges that "several" jewelers had agreed to engage Cummings Manookian as their outside counsel. (See **Exhibit 13**, p. 9). Attached as an exhibit to that complaint was the transcript of a conversation between Mr. Manookian and the owner of the Diamond Doctor. An excerpt of this transcript is attached as **Exhibit 15**. In this conversation, Mr. Manookian states that Cummings Manookian "represents twenty or twenty-five stores, total." (See **Exhibit 15**, pp. 1, 3). In their answer, Mr. Manookian and Cummings Manookian admitted that Mr. Manookian had made this statement. (See **Exhibit 16**, p. 21).

10

25.     According to an article in the *Dallas Morning News*, Genesis Diamonds of Nashville and/or its owner, Boaz Ramon, entered into an engagement agreement with Cummings Manookian. As the article states:

> After Manookian's law partner filed three customer lawsuits for overgraded diamonds against Genesis, Ramon hired Cummings Manookian to represent him and his store. That creates an attorney-client relationship that precludes Manookian and the firm from representing unhappy customers in legal actions against the jeweler.

(See **Exhibit 17**).[1]  In his conversation with the owner of The Diamond Doctor, Mr. Manookian confirmed that Cummings Manookian now represented Genesis Diamonds, which is owned by Ramon Boaz. (See **Exhibit 15**, p. 2).  Mr. Boaz has been subpoenaed for a deposition by disciplinary counsel for the Tennessee Board of Professional Responsibility in one of the disciplinary actions currently being prosecuted against Mr. Manookian.  (See **Exhibit 18**).

26.     If the alleged agreement with Genesis Diamonds and the other twenty or more jewelers (the "**Jeweler Agreements**") is similar to the agreement proposed by Mr. Manookian to The Diamond Doctor, they are all generating many thousands of dollars per month in income, and if the jeweler terminates the agreement, it must pay Cummings Manookian the fees owed for the remainder of the term in one lump sum payment.

27.     Cummings Manookian's right to payments under these agreements are likewise choses in action under Tennessee law, and therefore part of the Cummings Manookian Choses in Action.

---

[1] The complaint also specifically identifies Solomon Brothers in Atlanta Georgia as having entered into an agreement to pay Cummings Manookian $20,000 per month for a period of five years, totaling $1.2 million. (See **Exhibit 13**, p. 10).

**D.    Mr. Hammervold and Hammervold PLC**

28.    Mr. Hammervold is a resident of the state of Illinois. He maintains a residence in Chicago.

29.    Hammervold PLC is listed with the Tennessee Secretary of State as a single member Tennessee limited liability company, with a principal place of business in Tennessee. (See **Exhibit 19**). However, in addition to the fact that Mr. Hammervold does not reside in Tennessee, there is every reason to think that this is a "phantom" address, based on the following facts:

a.    The principal address given for Hammervold PLC is in fact a "virtual office" space known as "Intelligent Office" located in downtown Nashville, at Suite 1550 of the UBS Tower, 315 Deaderick Street. (See **Exhibit 20**).

b.    Some customers lease space at this facility by leasing permanent offices, and others have the option of leasing generic spaces available to all tenants in hourly or daily increments. (See **Exhibit 21**).

c.    Moreover, in the most recent annual report filed with the Secretary of State, Mr. Hammervold changed to the mailing address for Hammervold PLC to 1758 N. Artesian Ave, Chicago, Illinois, Mr. Hammervold's permanent residential address since at least 2012. (See **Exhibit 22**).

30.    Notwithstanding the absence of a genuine physical presence in Tennessee through which to operate its assets, Mr. Hammervold, acting by and through Hammervold PLC, is counsel or co-counsel of record in a number of cases pending in Tennessee. Attached as **Exhibit 23** is a chart showing such cases as are known to Plaintiffs at the time

12

of filing this lawsuit based on available online court records, in which Mr. Hammervold, acting by and on behalf of Hammervold PLC, is counsel of record (the "**Hammervold Pending Litigation**"). The exhibit also contains copies of the complaints in these lawsuits. As shown on **Exhibit 23**, the amount claimed in those lawsuits exceeds $25 Million. There may very well be other cases in other jurisdictions.

31.     Hammervold PLC is entitled to the entirety of the compensation for the legal services and expenses rendered by its agents (whether those services were provided by Mr. Mr. Hammervold or other agents) in the Hammervold Pending Litigation, either in the form of a fixed fee, hourly billable rate, contingency fee based on percentage of recovery for the client(s), or some other calculation. Such rights to payment, and any other rights to payment from any source, constitute choses in action under Tennessee law, and are herein referred to as the "**Hammervold PLC Choses in Action**".

**E.     Manookian PLLC**

32.     On January 14, 2019, after his indefinite suspension from the practice of law, Mr. Manookian created Manookian, PLLC, a single member entity with the same address as Cummings Manookian. (See **Exhibit 24**). Although the entity was created on January 14, 2019, it had a delayed effective date of February 1, 2019. Mr. Manookian cannot lawfully own or be a member of a PLLC as a result of his suspension from the practice of law, and since he holds no other professional license in Tennessee. (See **Exhibit 25**)[2].

---

[2] Although Exhibit 25 only references a search under one category of professional licenses, all professional licenses of any type were searched.

Therefore, Mr. Manookian cannot himself legally be a member of Manookian, PLLC. See, e.g., Tenn. Code Ann. §48-249-1101 et. seq. The reason for the creation of Manookian PLLC is therefore unclear. However, the circumstances of this case- the formation of a PLLC by Mr. Manookian bearing his name, on the same date that he filed the new annual report of Cummings Manookian reducing its members from two to one, and the use of the same address as Cummings Manookian- raise a legitimate concern that the entity was created as a vehicle for the deposit of fees owed to Cummings Manookian.

## F.     MR. MANOOKIAN'S HISTORY OF VIOLATING COURT ORDERS

33.     In addition to the multiple violations of court orders that led to the Sanctions Judgment, Mr. Manookian has demonstrated in other litigation a willingness to defy court orders. On August 3, 2017, Mr. Manookian was sanctioned by the United States District Court in the Texas Lawsuit after the Court found that Mr. Manookian had "acted in bad faith and disrupted the litigation process." (**See Exhibit 26**). The Magistrate Judge found that Mr. Manookian had "engaged in a pattern of obfuscation," had failed "to provide credible explanations" about matters before the court, and had engaged in conduct that "essentially amounted to a flouting the Court's Orders." (See *Id.*). The Magistrate's Report and Recommendation was subsequently approved by the District Court Judge. (See **Exhibit 27**).

34.     Mr. Cummings was also counsel of record in *Shao v. HCA Health Services*, No. 16C2469, in which the Davidson County Circuit Court found that Mr. Manookian "has repeatedly ignored the clear directives of this Court and, at best, conducted himself in a

14

reckless manner." A copy of the Order imposing the sanctions and suspending Mr. Manookian practicing in Davidson County is attached as **Exhibit 28.**

## II. ARGUMENT

### A. This Motion is Appropriate Even in this Early Stage of the Litigation

Ordinarily, as judgment creditors against the Judgment Debtors as a result of the Sanctions Judgment in the David Chase Action, Plaintiffs would have filed this as a post-judgment motion in that case, as the Court has the inherent power to enter appropriate orders necessary for enforcement of the Court's judgment. *See, e.g. Cantrell v. Tolley*, No. W2010-02019-COA-R3-CV, 2011 Tenn. App. LEXIS 433, at *20 (Ct. App. Aug. 11, 2011). However, in *First American Trust Co. v. Franklin-Murray Development Company, L.P.*, 59 S.W.3d 135 (Tenn. Ct. App. 2001), the Tennessee Court of Appeals held that a trial court lacks jurisdiction to appoint a receiver for the collection of a judgment while a case is on appeal, even where the defendant has not filed a supersedeas bond or otherwise obtained a stay of execution. The *First American* court suggested that in order to have a receiver appointed while the case is on appeal, a judgment creditor should file a new lawsuit. *See Id.*, 59 S.W.3d at 142 n.10. Accordingly, Plaintiffs have no choice but to file a separate lawsuit to seek the relief that, absent an appeal, would be available by post-judgment motion in the Prior Lawsuit.

However, while the relief must, under the circumstances, be initially sought via this separate lawsuit, there is nothing that would prohibit this court from granting the entirety of the relief on motion, just as it could if filed under the caption of the David Chase Action

15

but for the pending appeal. Since no additional monetary damages are sought at this time as to any of the defendants in this lawsuit, no aspect of the relief sought in the complaint requires a trial to determine the rights or remedies available to Plaintiffs. The rights and remedies sought herein are, as set forth below, rights and remedies afforded to Judgment Creditors as a matter of statutory law. Judgment execution efforts otherwise normally effectuated by motion do not lose that character merely by being sought in a separate lawsuit. Likewise, the injunctive relief sought herein is available at any stage of litigation pursuant to Tenn. R. Civ. Proc. 65.

**B.     The Court Should Issue a *Writ of Execution and Distringas/Fieri Facias* and Appoint a Receiver to Collect on the Choses of Action of Cummings Manookian and Hammervold PLC**

In aid of execution, this Court can issue a *Writ of Distringas* pursuant to Tenn. Code Ann. § 26-1-105, which provides that:

> The party, in whose favor a judgment or decree is rendered against a corporation, may sue out a distringas or fieri facias, to be levied as well on the choses in action as on the goods, chattels, lands, and tenements of the corporation, and, in case of a levy on choses in action, the court may appoint a receiver to collect the same.

As the text of Tenn. Code Ann. § 26-1-105 plainly states, the Court is authorized to appoint a receiver to collect the choses in action and other assets of a corporate judgment debtor. Additional authority supporting the court's power to appoint a receiver to collect corporate assets as a form of judgment execution levy is found at Tenn. Code Ann. § 26-3-103, which states:

16

An execution against a corporation may be levied on its choses in action, as well as on the goods and chattels, lands and tenements, of such corporation; and in case of a levy on choses in action, the court may appoint a receiver to collect or conserve the same.

The cases interpreting these statutes are few, and thus there is little guidance from the courts regarding the circumstances supporting the availability of a *writ of distringas* and a receiver under the statutes. On their face, the statutes appear to justify a writ and a receiver whenever there is a corporate judgment debtor with any assets, which is certainly the case here. Though the text of this section only specifically references such a remedy against corporations, that is because other forms of limited liability entities did not exist at the times that statute was enacted, and courts have regularly contemplated its use in recent years as to other types of limited liability vehicles. See, e.g., *First American Trust Co.* v. *Franklin-Murray Development Co., L.P.*, 59 S.W.3d 135, 142, fn.9 (Tenn. Ct. App. 2001)(contemplating receivership for effectuating distringas warrant as to limited partnership) and *D-Med, Inc., et al. v. Mid America Energy, Inc.*, et al, No. 3:07-cv-419 (M.D. Tenn. 2008)(allowing distringas warrant and appointment of receiver as to multiple entities in same action, including LLCs and LLPS).

There are many circumstances in the instant action that justify the issuance of a *Writ of Distringas/Fieri facias* and the appointment of a receiver to collect, keep safe, manage and distribute the Choses in Action of the corporate Sanctions Judgment Debtors. These circumstances include the following:

1.      Judgment execution efforts against each of the Sanctions Judgment Debtors have been returned, which efforts have not satisfied the Sanctions Judgment in full or even in part.

2.    The primary assets of Cummings Manookian and Hammervold PLC appear to be their Choses in Action, as set forth above. The receiver requested in this matter, or an alternative receiver with equal qualifications appointed by this court, is necessary to ensure that these assets are properly collected and administered, to wit:

(a)    Although Plaintiffs also request injunctive relief in this motion, Mr. Manookian and Mr. Hammervold have demonstrated a clear willingness to violate court orders. Injunctive relief, therefore, is not sufficient by itself to protect Plaintiffs' interests;

(b)    Based on the nature of the Pending Cummings Manookian Litigation and Hammervold Pending Litigation, and the business model of law firms that tend to practice in these practice areas, it is reasonable to assume that a substantial portion- if not all- of the Pending Litigation is being handled on a contingency fee basis, in which the law firm receives its fee based on a percentage of amounts recovered for clients, and only at the conclusion of the litigation;

(c)    The potential recovery to Cummings Manookian and Hammervold PLC in their Pending Litigation is substantial;

(d)    Regardless of whether Cummings Manookian and Hammervold PLC are being compensated on an hourly basis or a contingency fee basis, absent the appointment of a receiver to control any payments on these Choses in Action, there is a substantial risk that payments arising out of fees earned in the pending lawsuits could be redirected in such a way as to circumvent payment

18

to Plaintiffs of the Sanctions Judgment. This risk is accentuated given the ongoing participation in many of these lawsuits by Mr. Cummings, acting by and through his law firm, Cummings Law as co-counsel, neither of which are Sanctions Judgment Debtors. As the former law partner of Mr. Manookian, and a long term colleague of both Mr. Manookian and Mr. Hammervold as shown by the number of cases in which they have appeared as co-counsel, it is reasonable to believe that there is a serious risk that any monies to be received as legal fees in any of these cases could be redirected among the lawyers by agreement in such a way as to be paid entirely to Mr. Cummings and/or Cummings Law, who could in turn remit to any of the Sanctions Judgment Debtors their portion of the fees, outside the purview of this court;

(e)      Likewise, the Jeweler Agreements, to the extent that they exist, are potentially generating hundreds of thousands of dollars of monthly income to Cummings Manookian or Mr. Manookian. It is also necessary that a receiver be appointed to determine the existence of any Jeweler Agreements, to make sure that Cummings Manookian is performing its obligations under the agreements, and to properly collect and account for the fees generated by such agreements, for the benefit of Plaintiffs.

A receiver is therefore necessary to preserve the rights of Cummings Manookian and Hammervold PLC in these Choses in Action, for the benefit of Plaintiffs. However, that receiver must necessarily be an attorney who would otherwise qualify as receiver for

19

an impaired, suspended or disbarred attorney under Tenn. S. Ct. Rule 9, § 29.[3] That is because, in order to review the documentation necessary to prepare for filing any such notices of attorneys' liens and take other necessary actions to collect any fees due Cummings Manookian and Hammervold PLC in all pending litigation, and to protect and enforce the rights of Cummings Manookian under the Jeweler Agreements and any other agreements, the receiver would necessarily have to review certain of records containing privileged attorney-client communications or other confidential information.

35. Accordingly, Plaintiffs request not only request the issuance of a Writ of Execution and Distringas/Fieri Facias as to the Cummings Manookian and Hammervold PLC Choses in Action, and also as to all other goods, chattels, lands and tenements of Cummings Manookian and Hammervold PLC as are allowed under Tenn. Code Ann. §26-6-105, but also for the appointment of a receiver to collect on all choses in action, said receiver to be vested with the usual powers, duties, rights of receivers appointed in similar cases, including specifically the following:

a. On-sight viewing (in native format) and making copies of all records of Cummings Manookian and Hammervold PLC related to any and all cases in which Cummings Manookian and/or Hammervold PLC have not yet received all compensation they are owed, including but not limited to the specifically identified Pending Litigation of both, and the Jeweler

---

[3] Tenn. Sup. Ct. Rule 9, §29 is not directly applicable in this case and is therefore not invoked as the basis for requesting a receiver here, since it provides the guidelines by which a court may appoint a receiver to protect primarily the interests of the *clients* of a lawyer no longer able to practice, whether by reason of disbarment, suspension, impairment or other similar reason. Nonetheless, it provides persuasive guidance in the factors that a court should consider in terms of the appointment of a receiver in this case.

20

118

Agreements and any other contract, as the Receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC, or anyone else;

b.     On sight viewing (in native format) and making copies of all contracts and financial records of Cummings Manookian and Hammervold PLC as the receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC or anyone else;

c.     The right to file notices of attorney' liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation, and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership;

d.     The right to contact clients, co-counsel, or opposing counsel of Cummings Manookian and Hammervold PLC to discuss any and all issues related to the matters in which Cummings Manookian were or are engaged including, but not limited to, status of proceedings, status of settlement discussions, fees structure and fees owed;

e.     The right to make demand on any obligee owing money to Cummings Manookian and/or Hammervold PLC for any reason, and to collect said money or property, by judicial action, if necessary, in the name of Cummings Manookian and/or Hammervold PLC.

21

f. The right to hire such consultants, accountants and other agents as the receiver, in his reasonable discretion, deems necessary to perform his duties; and

g. The right of the receiver to collect his hourly rate for services from proceeds collected, upon application made to this court after appropriate notice to all interested parties.

Plaintiffs propose as the Receiver Mr. Phillip Young, a Williamson County attorney in good standing, who would qualify as a receiver for an attorney if this matter were presented under Tenn. S. Ct. Rule 9, §29. Mr. Young has agreed to serve in this role and has substantial experience in receiverships generally, and specific experience in the context of representing the bankruptcy equivalent of a receivership for an attorney. Mr. Young's resume is attached hereto as **Exhibit 29**. Mr. Young's hourly rate would be $325 per hour.

## C. Injunctive Relief is Necessary to Prevent Interference with the Receiver's Duties in Aid of the Execution of this Court's Final Judgment

As already shown, Plaintiffs are entitled to the issuance of a *Writ of Execution and Distringas/Fieri Facias* and the immediate appointment of a receiver. The purpose of the preliminary injunction is to provide the receiver with the means for implementing the purposes of the receivership - execution of this Court's Judgment.

Rule 65.04 the Tennessee Rules of Civil Procedure provide that a temporary injunction is available where "the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the

adverse party will tend to render such final judgment ineffectual." In addition to these factors, Tennessee courts generally hold that when determining whether to grant injunctive relief, the trial court should consider such factors as the adequacy of other remedies, the benefit to the plaintiff, the harm to the defendant, and the public interest. *See, e.g. Humphries v. Minbiole*, No. M2011-00008-COA-R3-CV, 2012 Tenn. App. LEXIS 776, at *15 (Ct. App. Nov. 8, 2012). These factors weigh heavily in favor of granting injunctive relief in the instant case.


1.     **Irreparable Harm/Effectiveness of Final Judgment**

In this case, Plaintiffs can show that immediate and irreparable harm is likely to occur without the issuance of a preliminary injunction, and/or the acts or omissions of Defendants will tend to render the Sanctions Judgment ineffectual. Plaintiffs are suffering irreparable harm because the assets of Judgment Defendants, including cash and the proceeds of such assets, may be dissipated, concealed, or removed from this Court's jurisdiction. The findings of fact made in the Sanctions Judgment alone demonstrate a legitimate concern about whether Messrs. Manookian and Hammervold will abide by court orders in this case any more than they have abided by prior court orders. As such, it is necessary that this court likewise grant injunctive relief against *all* of the defendants in this case, in order to prevent effectuation of this order by any of the other persons under the control or influence of Messrs. Manookian and Hammervold. Absent injunctive relief against all Defendants in this lawsuit, Plaintiffs' ability to collect the Sanctions Judgment will be substantially impaired, thus rendering the Sanctions Judgment ineffectual.

## 2. **Adequacy of Other Remedies**

There are no other adequate remedies. The receiver cannot adequately perform the receiver's duties if the Defendants interfere with the receiver or usurp the receiver's authority by collecting fees and not turning them over to the receiver.

## 3. **Harm to Defendants and the Public Interest**

There is no foreseeable harm to Defendants from injunctive relief or appointment of the receiver. A preliminary injunction and receivership merely will maintain the status quo. More importantly, the granting of temporary injunctive relief and appointment of a receiver will protect Plaintiffs' and the public's interests, including those of other creditors, in the assets of the Sanctions Judgment Debtors - the only means of satisfaction of the Judgment awarded Plaintiffs. It is likely that the assets will be irretrievably transferred and substantially greater harm will occur if the Receiver is not appointed or sufficiently fortified with the authority necessary to make safe, collect, manage and dispose of the property of the Sanctions Judgment Debtors than may occur if the injunctive relief or receiver are granted.

Most significantly, injunctive relief and a receiver will substantially benefit the public interest. The Sanctions Judgment - against two lawyers and their firms – resulted from conduct consisting not only knowing, willful, and intentional violations of this Court's orders, but a prolonged effort to "defraud" this Court. It was primarily the cover-up by the Sanctions Judgment Debtors that caused Plaintiffs to spend more than $700,000 in attorneys' fees. The Court should employ whatever powers are available to make the

24

consequences of this type of conduct tangible, as a deterrent to future misconduct by

lawyers practicing in this – or any – Court.


**D.** **The Court Should Grant the Rights Available to Plaintiffs under Tenn. Code Ann. § 26-4-101 *et. seq.***

Tennessee law provides for a remedy designed for situations just like the one

presented by this case, in the form of what is known as a "Bill to Subject Property."

Specifically, Tenn. Code Ann. § 26-4-101 et. seq. provides:

> The creditor whose execution has been returned unsatisfied, in whole or in part, may proceed in the court granting the judgment, or may file a complaint in a court of general jurisdiction against the defendant in the execution and any other person, to compel the discovery of any property, including stocks, choses in action or money due such defendant, or the defendant's interest in property held in a trust for the defendant, except when the trust is exempt from the claims of the defendant's creditors under §§ 35-15-501 -- 35-15-509 of the Tennessee Uniform Trust Code.


A request for such a Bill to Subject has been made in this Lawsuit. Upon filing of

a Creditor's Bill, Tenn. Code Ann. § 26-4-102 provides that

> The court has power to compel the discovery, and to prevent the transfer, payment, or delivery of the property, and to subject the same to the satisfaction of the judgment or decree, whether such property could, if in the defendant's possession or with the title vested in the defendant, be levied upon by execution or not.

Furthermore, pursuant to Tenn. Code Ann. § 26-4-103, "[t]he Court is empowered

to order all such bonds and other instruments to be executed by either the complainant or

25

defendant, and all such transfers to be may be necessary to carry the jurisdiction into complete effect."

Pursuant to this statutory authority, Plaintiffs request, as to each and every Defendant, an order: (1) compelling the defendant to identify and turn over to Plaintiffs (or, as appropriate to any Receiver appointed by this Court) all documents related to any property encompassed within Tenn. Code. Ann. § 26-4-101 in which any of the Sanctions Judgment Debtors have an interest; (2) preventing the transfer, payment or delivery of said property to anyone else; and (3) ordering the immediate transfer of that property to Plaintiffs or, as deemed appropriate, to a receiver appointed by the court.

*THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF FILED IN THIS MATTER*

Respectfully submitted,

_____
Daniel H. Puryear, No. 18190
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com

_____
Gregory H. Oakley, BPR #16237
104 Woodmont Boulevard, Suite 201
Nashville, Tennessee 37205
(615) 209-9814
goakley@oakley-law.com

Counsel for Plaintiffs

THIS MOTION IS SET TO BE HEARD ON *May 21, 2019*
AT *9:00* O'CLOCK [AM/PM] ON THE CIRCUIT COURT MOTION
DOCKET HEARD AT THE WILLIAMSON COUNTY COURTHOUSE. IF NOT
WRITTEN RESPONSE TO THIS MOTION IS FILED AND SERVED IN THE
TIME SET BY THE LOCAL RULES OF PRACTICE, THIS MOTION MAY BE
GRANTED WITHOUT A HEARING.

27

125

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document is being served on the following via hand delivery, along with the summons and complaint in this action:

Cummings Manookian PLC
c/o Cummings Manookian PLC
45 Music Square West
Nashville, TN 37203

Manookian PLLC
c/o Manookian PLLC
45 Music Square West
Nashville, TN 37203

Brian Philip Manookian
2016 Sunset Hills Terrace
Nashville TN 37215

Hammervold PLC
c/o Incorp Services, Inc., Registered Agent
216 Centerview Dr Ste 317
Brentwood TN 37027

Mark Hammervold
1758 N Artesian Ave
Chicago IL 60647

Cummings Law, LLC
c/o Brian Cummings, Registered Agent
1901 Wildwood Avenue
Nashville TN 37212

Brian Cummings
4235 Hillsboro Pike Ste 300
Nashville TN 37215

Afsoon Hagh
2016 Sunset Hills Terrace
Nashville TN 37215

Dated: April 25, 2019

Greg Oakley

28

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

DEAN CHASE; SANDRA CHASE;    )
and D.F. CHASE, INC.,          )
                              )
     Plaintiffs,             )
                              )
v.                            )     No. 2019-221
                              )
CUMMINGS MANOOKIAN PLC;   )
MANOOKIAN PLLC; BRIAN      )
PHILIP MANOOKIAN;         )
HAMMERVOLD PLC; MARK      )
HAMMERVOLD; CUMMINGS LAW )
LLC; BRIAN CUMMINGS;       )
and AFSOON HAGH,         )
                              )
     Defendants.           )

## ORDER GRANTING IN PART, AND DENYING IN PART, PLAINTIFFS' MOTION TO SUBJECT PROPERTY, ISSUE WRITS OF EXECUTION AND DISTRINGAS/FIERI FACIAS, APPOINT RECEIVER AND GRANT INJUNCTIVE RELIEF

This matter came before this court on May 23, 2019 on the Motion of Plaintiffs (a) pursuant

to Tenn. Code Ann. §§ 26-1-105 and 26-3-103, for the issuance of *Writs of Execution and*

*Distringas/Fieri Facias* on the assets of defendants Cummings Manookian PLC and Hammervold

PLC and to appoint a receiver for the collection of their choses in action (Counts I and II of the

complaint); (b) for Relief pursuant to Tenn. Code Ann.§ 26-4-101 *et.seq.* (Count III of the

Complaint), and (c) for temporary injunctive relief pursuant Tenn. R. Civ. Proc. 65.04 (Count IV

of the Complaint) (hereinafter the "Plaintiffs' Motion"). The Court having first considered and

denied in full the separate motions of defendant Hammervold PLC to dismiss the above captioned

lawsuit and to disqualify Plaintiffs' counsel, as reflected by separate orders entered

contemporaneously herewith, and having thereafter further considered the merits of the Plaintiffs' Motion[1], the responses in objection filed thereto, and the arguments of all counsel at the hearing on this matter, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

<u>**COUNTS I AND II OF THE PLAINTIFF'S COMPLAINT**</u>

The Court **GRANTS** the relief requested in Plaintiffs' Motion as reflected in Counts I and II of the complaint, with certain conditions set forth herein to address: (a) the specific concerns of defendants Brian Cummings and Cummings Law concerning contacts with their clients, as raised in their written objection to Plaintiff's Motion and presented in oral argument at the hearing of this matter; and (b) to address one particular concern raised by defendant Brian Manookian concerning past settlements of cases where funds have already been released, as raised in oral argument of this matter.

Specifically, the Court finds it is necessary and appropriate to issue the requested writs and appoint a receiver pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103 in order to enable Plaintiffs to levy on the choses in action of Cummings Manookian PLC and Hammervold PLC, specifically any rights to money, or property of any kind, from any third party, including without limitation, from clients, counsel or co-counsel, and the contract or other rights arising under the Jeweler Agreements as referenced in Plaintiffs' Motion. The Court hereby appoints Phillip Young receiver of Cummings Manookian and Hammervold PLC for purposes of collecting all Choses of Action of these two entities, vesting in Mr. Young all of the usual powers and duties of a receiver under Tennessee law, including the following as requested in Plaintiffs' Motion and as modified herein:

---

[1] To the extent that capitalized terms are not otherwise defined herein, the Court incorporates the definitions for such capitalized terms used in Plaintiffs' Motion.

a.  On-sight viewing (in native format) and making copies of all records of Cummings Manookian and Hammervold PLC related to any and all cases in which Cummings Manookian and/or Hammervold PLC had not yet, as of 1:00 p.m. on May 23, 2019 (hereinafter the **"Order Effective Date"**) received all compensation they are owed, including but not limited to the specifically identified Pending Litigation of both, and the Jeweler Agreements and any other contract, as the Receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC, or anyone else;

b.  On sight viewing (in native format) and making copies of all contracts and financial records of Cummings Manookian and Hammervold PLC as the receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC or anyone else;

c.  The right to file notices of attorney' liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation, and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership;

d.  Except as set forth below as concerns cases in which Brian Cummings or Cummings Law are sole or co-counsel, the right to contact clients, co-counsel, or opposing counsel of Cummings Manookian and Hammervold PLC to discuss any and all issues related to the matters in which Cummings Manookian or Hammervold PLC, acting by or through any of their agents, were or are engaged

3

including, but not limited to, status of proceedings, status of settlement discussions, fees structure and fees owed;

e.  The right to make demand on any obligee owing money or property of any kind to Cummings Manookian and/or Hammervold PLC for any reason, and to collect said money or property, by judicial action, if necessary, in the name of Cummings Manookian and/or Hammervold PLC.

f.  The right to hire such consultants, accountants and other agents as the receiver, in his reasonable discretion, deems necessary to perform his duties; and

g.  The right of the receiver to collect his hourly rate for services from proceeds collected, upon application made to this court after appropriate notice to all interested parties.

Notwithstanding the foregoing, and in order to address the concerns raised by Brian Cummings and Cummings Law in their response, absent further court order, the Receiver is specifically ordered not to contact clients of Mr. Cummings or Cummings Law, and though no receiver has been requested in Plaintiffs' Motion as to Cummings Law, the court clarifies that the Receiver shall have no right to inspect the books and records of Cummings Law, absent further order of this Court.     However, this restriction, and for that matter any other restriction on the receiver's rights under this order, or any other term of this order, shall not in any way impair the right of Plaintiffs to engage in such discovery in this action as it is entitled under the Tennessee Rules of Civil Procedure, Tenn. Code Ann. § 26-4-101 et. seq., and any other basis at law or in equity, or from otherwise executing on the Sanctions Judgment against any of the Sanctions Judgment Debtors.

4

To the extent deemed necessary and appropriate in the exercise of his discretion, the Receiver may apply directly to the Clerk of this Court, and the Clerk is hereby directed to issue to the Receiver, all such writs of Execution, Distringas, and/or Fieri Facias as the Receiver deems appropriate to carry out the Receiver's duties. The Receiver is hereby authorized to carry out said writs to take possession of the proceeds of any Choses in Action of Cummings Manookian and or Hammervold PLC as would the sheriff if the writs had been issued to the sheriff, to the same extent as set forth in Title 26 of the Tennessee Code and in Tenn. R. Civ. Proc. 69.

In order to avoid the risk of Plaintiffs recovering any amount in excess of the Sanctions Judgment Balance plus accrued interest thereon at that time, the Receiver is ordered to not distribute any money collected in this matter, either in the form of payments to the Receiver or payments to Plaintiffs, pending further order of this court. Likewise, and for the same reason, to the extent that Plaintiffs recover any portion of the Sanctions Judgment Balance via judgment execution efforts undertaken in the underlying case in which the Sanctions Judgment was rendered, Plaintiffs shall timely report same to the Receiver and to this court in order to allow the Receiver to avoid recovering an amount greater than the Sanctions Judgment Balance plus accrued post-judgment interest through that date.

## COUNT III OF LAWSUIT

The Court **GRANTS** Plaintiffs' request for relief pursuant to Tenn. Code Ann. § 26-4-101 *et. seq.* as requested in Count III of the Lawsuit filed in the above captioned matter. Specifically, the court **ORDERS** that, within 30 days of the Order Effective Date (as that term is defined above), each Defendant[2] shall file with this court, and provide to Plaintiff, (a) a sworn statement identifying

---

[2] Other than Mark Hammervold in his individual capacity, since Mr. Hammervold has not been personally served with the lawsuit at this time

5

all rights or interest in property, of any kind, tangible or intangible, matured or unmatured (including but not limited to cash, stocks, choses in action or money due), and known by Defendant to be, or believed by Defendant to be, owned in whole or in part by any of the Sanctions Judgment Debtors, or held in trust for any of the Sanctions Judgment Debtors (unless held in a trust that is exempt from the claims of creditors pursuant to Tenn. Code Ann. §35-15-501 through 509), regardless of whether such property could be levied upon by execution or not, (b) the last known location and holder of said property, and (c) all documents on which the foregoing belief is based. It is further **ORDERED** that all Defendants are (except as specifically provided below) prohibited from transferring, paying or delivering said property to anyone else; or consenting to, or participating in, the transfer, payment or delivery of said property to anyone else, and to the extent said defendant has possession or control of said property, the Defendant shall act as follows: (i) to the extent that the property in question constitutes proceeds of any chose in action of Cummings Manookian and/or Hammervold PLC (including but not limited to fees, expenses or other compensation due from any source) said proceeds shall be immediately remitted by the Defendant to the Receiver in such manner as directed by the Receiver in writing, and (ii) to the extent that the property in question is any other type of property, the Defendant is instructed to hold said property in trust for the benefit of Plaintiffs, pending further order of this court.

## COUNT IV OF LAWSUIT

Plaintiffs' separate request for injunctive relief pursuant to Tenn. R. Civ. Proc. 65 is DENIED.

Any relief sought in Plaintiffs' Motion not addressed specifically herein, and all relief sought in Plaintiffs' Motion as to Mark Hammervold personally, is reserved for future ruling by this Court.

6

**IT IS SO ORDERED.**

_Judge David Allen_ (signature)

**Judge David Allen**

Submitted for Entry:

Daniel H. Puryear, No. 18190
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com

Greg Oakley with permission by (signature)

Gregory H. Oakley; No. 16237
104 Woodmont Boulevard, Suite 201
Nashville, Tennessee 37205
(615) 209-9814
goakley@oakley-law.com

_Counsel for Plaintiffs_

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, a true and correct copy of the foregoing has been served by: first class mail, postage prepaid, except where indicated below, to:

Brian Manookian, Esq.,
45 Music Square West
Nashville, TN 37203

*Pro se and Counsel for Cummings Manookian,*
*PLC, Manookian PLLC, and Afsoon Hagh*

Mark Hammervold, Esq.
1758 N. Artesian Ave.,
Chicago, IL 60647-5311

Mark Hammervold, Esq.
315 Deaderick St., Suite 1550
Nashville TN 37238

*Counsel for Hammervold, PLC*

Brian Cummings, Esq. **(via email only)**
4235 Hillsboro Pike, Suite 300
Nashville TN 37215
brian@cummingsinjurylaw.com

*Pro se and as Counsel for Cummings Law,*
*LLC*

Daniel H. Puryear

CLERK'S CERTIFICATE
I hereby certify that a true and exact copy of
foregoing has been mailed or delivered to
all parties or counsel of record.

6/20/19
Date          Circuit Court

8



IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

FILED
WILLIAMSON COUNTY
CIRCUIT COURT

2019 AUG 23  PM 3:43

ENTERED_____

DEAN CHASE, SANDRA CHASE,  )
and D.F. CHASE, INC.,  )
      )
    Plaintiffs,  )
      )
v.  )     No. 2019-221
      )
CUMMINGS MANOOKIAN PLC;  )
MANOOKIAN PLLC; BRIAN  )
PHILIP MANOOKIAN;  )
HAMMERVOLD PLC; MARK  )
HAMMERVOLD; CUMMINGS  )
LAW  LLC; BRIAN CUMMINGS;  )
and AFSOON HAGH,  )
      )
    Defendants.  )

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on the Motion for Temporary Restraining Order (the
"Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the
"Receiver").  In the Motion, the Receiver requests, among other things that Brian
Manookian, Afsoon Hagh, Hagh Law, PLLC, Steve Meisner, Brewer, Krause, Brooks &
Chastain, PLLC, and James Osborne (the "Restrained Parties"), as well as those persons or
entities in active concert or participation with any of them, be restrained from directly or
indirectly delivering to Hagh Law, PLLC, Brian Manookian or Afsoon Hagh the settlement
funds related to the resolution of *Marty Fitzgerald, et al. v. James Osborne* (the "Fitzgerald
Case"), a case pending in the Circuit Court for Williamson County, Tennessee.  The
Receiver relies on the Affidavit of Phillip G. Young, Jr. (the "Affidavit") and the
Memorandum of Law in Support of the Receiver's Motion for Temporary Restraining

Order (the "Memo of Law") in support of the Motion. Based upon the Motion, the Affidavit, and the Memo of Law (collectively, the "TRO Papers"), the Court finds as follows:

1.      Based upon the sworn allegations contained in the Affidavit, there is a substantial likelihood that the Receiver will succeed on the merits of the claims he has asserted. In the TRO Papers the Receiver sets forth allegations which, if proven true, give the Receiver a substantial likelihood of succeeding on his claims to some or all of the attorneys' fees earned by plaintiffs' counsel in the Fitzgerald Case.

2.      In the absence of a restraining order, the Receiver and this receivership estate face the prospect of losing a substantial source of recovery, namely some portion of the Fitzgerald Case settlement funds. Such an injury is the kind of irreparable harm contemplated under Tennessee Rule of Civil Procedure 65.03.

3.      It further appears that the harm to the Receiver and this receivership estate in the absence of a temporary restraining order is greater than any harm that may befall the Restrained Parties after the entry of such an order.

4.      The public has a strong interest in deterring attempts to circumvent court orders and diversion of funds from their rightful recipients, such as alleged by the Receiver here. An order restraining the Restrained Parties from delivering the Fitzgerald Case settlement funds to Hagh Law, PLLC not only prevents wrongful conduct, but also sends a message to any other person who may be tempted to willfully violate the terms of a court order.

5.      For all of the foregoing reasons, this Order is well taken and is being granted without notice to the Restrained Parties.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

A.    The Motion is hereby granted in its entirety.

B.    Brian Manookian, Afsoon Hagh, Hagh Law, PLLC, Steve Meisner, Brewer, Krause, Brooks & Chastain, PLLC, and James Osborne, as well as those persons or entities in active concert or participation with any of them, are restrained from directly or indirectly delivering to Hagh Law, PLLC, Brian Manookian or Afsoon Hagh the 1/3 the $4,050,000.00 representing the attorneys' fees ($1,336,500.00) related to the resolution of the Fitzgerald Case.

C.    The bond is hereby set in the amount of $10,000.00 and this Order shall be effective upon submission of the surety bond to the Clerk of Court.

This Temporary Restraining Order shall expire fourteen (14) days from the date of entry absent a further order of the Court. This Court shall conduct a hearing for determination of whether cause exists to grant a temporary injunction on August 30, 2019, at 9:00, a.m. in the Circuit Court for Maury County, Tennessee.

Entered this _23_ day of August, 2019, at _1_ :_53_, _p_ .m.


_____
Judge David Allen

SUBMITTED FOR ENTRY:


_____

Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

and

Ronald G. Steen, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6010 (phone)
Ronn@thompsonburton.com

Counsel to the Receiver

CLERK'S CERTIFICATE
I hereby certify that a true and exact copy of
foregoing has been mailed or delivered to
all parties or counsel of record.
8-23-19      A. Williams
Date          Circuit Court

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and personal service to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

Brian Manookian
45 Music Square West
Nashville, TN 37203

Afsoon Hagh
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

Mark Hammervold
315 Deaderick Street, Suite 1550
Nashville, TN 37238

Mark Hammervold
1758 N. Artesian Ave.
Chicago, IL 60647-5311

Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228

James Osborne
c/o Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228

Brewer, Krause, Brooks & Chastain, PLLC
ATTN Parks Chastain, Registered Agent
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228

This 23rd day of August, 2019.

Phillip G. Young, Jr.

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

DEAN CHASE, SANDRA CHASE, )
and D.F. CHASE, INC., )
 )
    Plaintiffs, )
 )
v. )    No. 2019-221
 )
CUMMINGS MANOOKIAN PLC; )
MANOOKIAN PLLC; BRIAN )
PHILIP MANOOKIAN; )
HAMMERVOLD PLC; MARK )
HAMMERVOLD; CUMMINGS )
LAW LLC; BRIAN CUMMINGS; )
and AFSOON HAGH, )
 )
    Defendants. )



## AGREED ORDER REGARDING TEMPORARY RESTRAINING ORDER

    This matter is before the Court on the Receiver's Motion to Approve Agreed Order Regarding Fitzgerald Case TRO (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver"). As evidenced by the signatures below, the Receiver and all parties (the "Restrained Parties") restrained by the Temporary Restraining Order entered by this Court on August 23, 2019 (the "TRO") have agreed to dissolve the TRO subject to certain terms and conditions. Based upon the agreement of the Receiver and the Restrained Parties, as evidenced by the signatures below, the Court finds as follows:

    1.  The Motion should be and hereby is GRANTED.

    Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

    A.    The TRO issued on August 23, 2019 is hereby dissolved.

B.     James Osborn, Steve Meisner, and/or Brewer, Krause, Brooks & Chastain, PLLC may deliver settlement funds pursuant to the terms of the settlement agreement reached in the case of *Marty Fitzgerald et al. v. James Osborn* (the "Fitzgerald Case").

C.     Nothing herein or in the dissolved TRO shall in any way impact the terms of the settlement agreement in the Fitzgerald Case.

D.     Nothing herein or in the dissolved TRO is an admission or indication that Cummings Manookian is entitled to any portion of the settlement funds in the Fitzgerald Case.

E.     Hagh Law PLLC has agreed to and shall therefore deposit and hold $760,000.00 from the Fitzgerald Case settlement funds in the IOLTA trust account belonging to Hagh Law PLLC in order to permit the Receiver a reasonable period of time to investigate whether he believes Cummings Manookian is entitled to any portion of the Fitzgerald Case settlement proceeds.

F.     If the Receiver claims that Cummings Manookian is entitled to any portion of the Fitzgerald Case settlement proceeds, he may file a motion with this Court – or bring an action in any other Court of competent jurisdiction – within thirty (30) days. If the Receiver alleges that he has not been provided sufficient information to make such a determination, then the Receiver may file a motion with this Court seeking an extension of time within which to ask for disposition of the funds. If an extension of time is granted, Hagh Law PLLC shall deliver to the Receiver, at his request but not less than

monthly, redacted account statements for the Hagh Law PLLC IOLTA trust account so that the Receiver may confirm that the $760,000.00 remains on deposit.

G. The hearing on a preliminary injunction previously scheduled for August 30, 2019 is hereby canceled, as the matter is now moot.

H. The TRO bond is hereby canceled and released.

I. Nothing in this Agreed Order is an admission by any Defendant as to the Receiver's rights to any portion of the proceeds of any settlement in the Fitzgerald Case, with the Defendants dispute.

J. Nothing in this Agreed Order prevents or waives any rights by any Defendant to seek relief in this case as to the $760,000.00 held pursuant to this Order including through declarative or injunctive action.

K. Nothing in this Agreed Order waives any causes of actions or claims belonging to Marty Fitzgerald, Melissa Fitzgerald, or James Osborn.

This 29th day of August, 2019.

David J. Allen

Judge David Allen

SUBMITTED FOR ENTRY:

_(signature)_

Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

_(signature)_ Steven Meisner (w/ permission by Phillip G. Y.)

Steven Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
(615) 630-7727 (phone)
smeisner@bkblaw.com

Counsel for James Osborn

_(signature)_ Brian Manookian (w/ permission by Phillip G. Y.)

Brian Manookian
45 Music Square West
Nashville, TN 37203
(615) 266-3333 (phone)
brian@tntriallawyers.com

Counsel for Hagh Law, PLLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and electronic mail to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205
dpuryear@puryearlawgroup.com

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Afsoon Hagh
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Hagh Law PLLC
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215
brian@cummingsinjurylaw.com

Mark Hammervold
175B N. Artesian Ave.
Chicago, IL 60647-5311
mark@hammervoldlaw.com

Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
smeisner@bkblaw.com

James Osborne
c/o Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
smeisner@bkblaw.com

Brewer, Krause, Brooks & Chastain, PLLC
ATTN Parks Chastain, Registered Agent
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
pchastain@bkblaw.com

This 28th day of August, 2019.

_____
Phillip G. Young, Jr.

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT FRANKLIN

| | | |
|---|---|---|
| DEAN CHASE, SANDRA CHASE, and D.F. CHASE, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2019-221 |
| CUMMINGS MANOOKIAN PLC; MANOOKIAN PLLC; BRIAN PHILIP MANOOKIAN; HAMMERVOLD PLC; MARK HAMMERVOLD; CUMMINGS LAW LLC; BRIAN CUMMINGS; and AFSOON HAGH, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER DIRECTING HAGH LAW. PLLC TO DEPOSIT FUNDS INTO COURT

This matter came before the Court on November 5, 2019 for a hearing on the Receiver's Motion for Order Directing Hagh Law, PLLC to Deposit Funds into Court or, in the Alternative, Granting Additional Time to File a Motion Regarding Funds (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver"). The Receiver appeared at the hearing and explained the facts leading up to the filing of the Motion. The Receiver also informed the Court that Brian Manookian, defendant herein and counsel for Hagh Law, PLLC, had emailed the Receiver on the morning of November 5, 2019, informing him that Hagh Law, PLLC was moving, or had moved, $760,000.00 (the "Funds") into a new trust account, and requesting a continuance of this matter to November to November 8, 2019 due to a scheduling conflict preventing Mr. Manookian's appearance. The Receiver informed the Court that he had no objection

to the requested continuance to allow Mr. Manookian's participation, though he expressed some continuing concern about the safe-keeping of the Funds without proof that the Funds had already been transferred into trust. Based upon the Motion, the prior pleadings filed with this Court, and the statements of the Receiver at the November 5, 2019 hearing, the Court finds as follows:

1. The Court is concerned that the Funds were moved by Hagh Law, PLLC and/or Mr. Manookian without a motion to alter or amend the Court's prior order requiring that the Funds be held in the Hagh Law, PLLC IOLTA trust account, and in contravention of the Court's prior order.

2. The Court finds that the relief sought in the Motion does not affect the substantive rights of any party; rather, it simply seeks to move the Funds from one sheltered account to a different sheltered account pending a decision regarding ownership of the Funds.

3. Good cause exists to grant the relief sought in the Motion.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

A. Mr. Manookian's request for a continuance of the hearing on the Motion is denied.

B. Hagh Law, PLLC is hereby ordered to deposit $760,000.00 with the Circuit Court for Williamson County, Tennessee by no later than Noon on November 12, 2019.

C.   The Circuit Court for Williamson County, Tennessee shall hold the Funds

on deposit pending further order of this Court.

*November 12, 2019.*

_____
Judge David Allen

SUBMITTED FOR ENTRY:

_____
Phillip G. Young, Jr., as Receiver
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and electronic mail to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205
dpuryear@puryearlawgroup.com

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Afsoon Hagh
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203

[brian@tntriallawyers.com](mailto:brian@tntriallawyers.com)

Hagh Law PLLC
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
[brian@tntriallawyers.com](mailto:brian@tntriallawyers.com)


Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215
brian@cummingsinjurylaw.com


Mark Hammervold
By Email Only
[mark@hammervoldlaw.com](mailto:mark@hammervoldlaw.com)

This 5th day of November, 2019.

_____
Phillip G. Young, Jr.

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT FRANKLIN

| | | |
|---|---|---|
| DEAN CHASE, SANDRA CHASE, and D.F. CHASE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 2019-221 |
| CUMMINGS MANOOKIAN PLC; MANOOKIAN PLLC; BRIAN PHILIP MANOOKIAN; HAMMERVOLD PLC; MARK HAMMERVOLD; CUMMINGS LAW LLC; BRIAN CUMMINGS; and AFSOON HAGH, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on the Motion for Temporary Restraining Order (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver"). In the Motion, the Receiver requests, among other things that Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company (the "Restrained Parties"), as well as those persons or entities in active concert or participation with any of them, be restrained from directly or indirectly allowing the withdrawal or transfer of funds in the amount of $760,000.00 from any account at First-Citizens Bank & Trust Company maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC. The Receiver relies on the Affidavit of Phillip G. Young, Jr. (the "Affidavit") and the Memorandum of Law in Support of the Receiver's Motion for Temporary Restraining Order (the "Memo of Law")

in support of the Motion. Based upon the Motion, the Affidavit, and the Memo of Law (collectively, the "TRO Papers"), the Court finds as follows:

1.      Based upon the sworn allegations contained in the Affidavit and the record herein, there is a substantial likelihood that the Receiver will succeed on the merits of the claims he has asserted. The Court has previously ordered Hagh Law, PLLC to deposit $760,000.00 with the Clerk of this Court, but it has failed to do so.

2.      In the absence of a restraining order, the Receiver, this receivership estate, and/or the newly created bankruptcy estate of Cummings Manookian, PLC face the prospect of losing a substantial source of recovery, all or some part of the $760,000.00 that Hagh Law, PLLC was ordered to pay into this Court. Such an injury is the kind of irreparable harm contemplated under Tennessee Rule of Civil Procedure 65.03.

3.      It further appears that the harm to the Receiver and this receivership estate in the absence of a temporary restraining order is greater than any harm that may befall the Restrained Parties after the entry of such an order.

4.      The public has a strong interest in deterring attempts to circumvent court orders and diversion of funds from their rightful recipients, such as alleged by the Receiver here. An order restraining the Restrained Parties from dissipating $760,000.00 not only prevents wrongful conduct, but also sends a message to any other person who may be tempted to willfully violate the terms of a court order.

5.      For all of the foregoing reasons, this Motion is well taken and is being granted without notice to the Restrained Parties.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

A.      The Motion is hereby granted in its entirety.

B.     Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company, as well as those persons or entities in active concert or participation with any of them, are restrained from directly or indirectly allowing the withdrawal or transfer of funds in the amount of $760,000.00 from any account at First-Citizens Bank & Trust Company maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC.

C.     The bond is hereby set in the amount of $50,000.00 and this Order shall be effective upon submission of the surety bond to the Clerk of Court.

This Temporary Restraining Order shall expire fourteen (14) days from the date of entry absent a further order of the Court. This Court shall conduct a hearing for determination of whether cause exists to grant a temporary injunction on November 25, 2019, at 1:00, p.m. in the Circuit Court for Lawrence County, Tennessee.

Entered this _18th_ day of November, 2019, at _2_:_02_, _P_.m.

_David I. Allen_
Judge David Allen

SUBMITTED FOR ENTRY:

Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and personal service to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

Brian Manookian
45 Music Square West
Nashville, TN 37203

Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
c/o Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

Mark Hammervold (mail only)
1758 N. Artesian Ave.
Chicago, IL 60647-5311

First-Citizens Bank & Trust Company (mail only)
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919-5546

First-Citizens Bank & Trust Company
ATTN: Branch Manager
228 South Royal Oaks Blvd.
Franklin, TN 37064

This 18th day of November, 2019

_____
Phillip G. Young, Jr.

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT FRANKLIN

| | | |
|---|---|---|
| **DEAN CHASE, SANDRA CHASE,** | ) | |
| **and D.F. CHASE, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 2019-221** |
| | ) | |
| **CUMMINGS MANOOKIAN PLC;** | ) | |
| **MANOOKIAN PLLC; BRIAN** | ) | |
| **PHILIP MANOOKIAN;** | ) | |
| **HAMMERVOLD PLC; MARK** | ) | |
| **HAMMERVOLD; CUMMINGS** | ) | |
| **LAW  LLC; BRIAN CUMMINGS;** | ) | |
| **and AFSOON HAGH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## TEMPORARY INJUNCTION

This matter is before the Court on the Receiver's Motion for Temporary Restraining Order and Temporary Injunction (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver"). The Court conducted a hearing on this matter at which the following individuals appeared: the Receiver; Ronn Steen, counsel for the Receiver; John Spragens, counsel for non-party Hagh Law, PLLC; Brian Manookian, *pro se*; and Jeanne Ann Burton, Chapter 7 Trustee for the bankruptcy estate of Cummings Manookian, PLC (collectively, the "Parties"). No evidence was heard, and the parties resolved their dispute by negotiating an agreement with one open term that was decided by the Court based on the pleadings and arguments presented in open court.

Accordingly, based on the agreement of the parties, it is ORDERED, ADJUDGED, AND DECREED as follows:

1.      Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company, as well as those persons or entities in active concert or participation with any of them, are hereby enjoined from directly or indirectly allowing the withdrawal or transfer of funds in any amount totaling up to $715,000.00 from First-Citizens Bank & Trust Company account ********3873 maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC.

2.      This Order does not restrict Afsoon Hagh and/or Hagh Law, PLLC from moving, withdrawing and/or transferring any amount from the aforementioned account, provided the account balance remains at least $715,000.00. Nor does this Order does freeze any other funds of Afsoon Hagh individually or Hagh Law, PLLC.

3.      This Temporary Injunction shall expire at 11:59 p.m. C.S.T. on January 17, 2020, absent a further order of this Court or another Court of competent jurisdiction.

Entered this _____ day of December, 2019.


_____
Judge David Allen

APPROVED FOR ENTRY:



_____

Phillip G. Young, Jr., as Receiver
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

and

Ronald G. Steen, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6010 (phone)
Ronn@thompsonburton.com

Counsel to the Receiver

In re:                                                              Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                            Chapter 7
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-3          User: sdt7475          Page 1 of 1          Date Rcvd: Dec 20, 2019
                             Form ID: pdf001         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 22, 2019.
db            +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 22, 2019                              Signature:  /s/Joseph Speetjens

─────────────────────────────────────────────────────────────────────────────────

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 20, 2019 at the address(es) listed below:
          DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          JEANNE ANN BURTON   TN24@ecfcbis.com
          LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
          slefkovitz@lefkovitz.com,
          stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
          cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
          es@lefkovitz.com
          PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
          PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor George  Robertson, M.D. pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
          US TRUSTEE   ustpregion08.na.ecf@usdoj.gov
                                                                                    TOTAL: 11



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/20/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                                      )
                                            )       CASE NO: 3:19-bk-07235
CUMMINGS MANOOKIAN, PLLC,                   )       Chapter 7
                                            )       Honorable Charles M. Walker
          Debtor.                           )

ORDER

This matter came before the court pursuant to the Chapter 7 Trustee's Application and

Notice to Employ Thompson Burton PLLC as special counsel for the estate.

The relevant legal authority is Section 327(e) of the Bankruptcy Code which provides

that "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other

than to represent the trustee in conducting the case, an attorney that has represented the debtor, if

in the best interest of the estate, and if such attorney does not represent or hold any interest

adverse to the debtor or to the estate with respect to the matter on which such attorney is to be

employed."

Based on the Objection and the Supplemental Reply filed by Mr. Manookian, the Court

believes that the disclosures within the Application require additional detail. Neither the

Application nor the testimony elicited during the December 17, 2019 hearing contain the

specificity necessary for the Court to rule. The scope of the employment must be more specific

and provide the details necessary for the Court to address whether the applicant has an adverse

interest to the debtor or the estate with respect to the matter or matters on which such attorney is

to be employed.  Therefore, the trustee has until Tuesday, December 24, 2019 to file a

supplemental application and supporting affidavit to specifically detail the scope of work that is

currently contemplated for Thompson Burton PLLC, as opposed to the broad general statement

in paragraph 3 of the Application and provide details and full disclosure of any current or

potential conflicts that may exist.  The supplement should also detail any and all prepetition

actions by Thompson Burton PLLC as they relate to the scope of employment contemplated for

the estate.

 Upon review of the supplemental application, the Court shall enter the appropriate order.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE**

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/23/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                      )
                               )     CASE NO: 3:19-bk-07235
CUMMINGS MANOOKIAN, PLLC,   )     Chapter 7
                               )     Honorable Charles M. Walker
        Debtor.          )

**ORDER OVERRULING OBJECTION AND EMPLOYING
THOMPSON BURTON PLLC AS SPECIAL COUNSEL**

This matter came before the Court for hearing on December 17, 2019 (the "Hearing"), on the Objection to the Chapter 7 Trustee's Application and Notice to Employ Thompson Burton PLLC as special counsel for the estate, filed pro se by Mr. Brian Manookian. Despite Mr. Manookian's dubious legal standing to object, the court considered the testimony of Phillip G. Young and argument of counsel and Mr. Manookian at the Hearing, as well as, the Application to Employ (Docket # 6), Mr. Manookian's Objection to the Employment (Docket #14), the Trustee's Supplemental Brief (Docket # 16), Mr. Manookian's Supplemental Reply (Docket # 18), Trustee's Response to Manookian's Reply (Docket #19), and Trustee's Supplemental Application to Employ (Docket # 21). After fully considering the matter, the Court finds as follows:

Pursuant to the requirements of 11 U.S.C. § 327(e), Phillip G. Young and all members in the firm of Thompson Burton PLLC, are duly admitted to practice in this Court, represent no interest adverse to the debtor or to the estate with respect to the matters on which Thompson

Burton PLLC is being employed by the Trustee and such employment is in the best interest of the estate.

      **IT IS HEREBY, ORDERED** that the Objection filed by Mr. Manookian located at docket entry #14 is **OVERRULED**. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016(b), the Application to Employ is **APPROVED**. Jeanne Ann Burton, Trustee, is authorized to employ Thompson Burton PLLC to represent her, as special counsel in the administration of the above-styled estate.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE FILED
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

2019 DEC 23  PM 2: 21

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF TN

IN RE:                              )
                                    )
CUMMINGS MANOOKIAN, PLLC            )      Case No: 3:19-bk-07235
                                    )      Chapter 7
                                    )      Judge Walker
        Debtor.                     )

---

### BRIAN MANOOKIAN'S REQUEST FOR LEAVE TO RESPOND IN OPPOSITION AND OBJECTION TO SUPPLEMENTAL APPLICATION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

---

Brian Manookian, as the owner of the Debtor (Cummings Manookian, PLLC), opposes and objects to the Trustees' Supplemental Application to Employ Thompson Burton PLLC or Phillip Young, Esq. as Special Counsel in this matter and seeks leave to file a response to the same.

1.      The Chapter 7 Trustee seeks to employ Thompson Burton and Phillip Young as Special Counsel in this matter. (D.E. No. 6). Brian Manookian has objected based upon actual conflicts of interest. (D.E. No. 14).

2.      On December 20, 2019, this Court held that the Trustee had failed to provide sufficient bases for employing Thompson Burton or Phillip Young in either its Application to Employ Special Counsel or through testimony elicited at the December 17, 2019 hearing on the matter. (D.E. No. 20). In its Order, the Court provided the Chapter 7 Trustee an opportunity to supplement its deficient Application. *Id*.

1

3.     The Chapter 7 Trustee filed its response on December 21, 2019.  (D.E. 21).
The response was styled "Supplement to Application of Trustee to Employ Special
Counsel" (hereinafter the "Supplemental Application").

4.     The Supplemental Application contains untested testimony and allegations
that go far beyond the original Application to Employ.  Mr. Manookian requests both an
opportunity to respond in writing as well as a hearing to cross-examine Proposed Special
Counsel, Phillip Young, regarding his multi-page declaration – the content of which Mr.
Manookian materially disputes.

5.     Alternatively,  Mr. Manookian  respectfully  submits  that  the  Chapter  7
Trustee's Supplemental Application, along with Mr. Young's Declaration, themselves
provide compelling and necessary bases for denying the Trustee's Request. As just one
example that Mr. Manookian would otherwise brief and cross examine:

   a.  The Trustees admits at Paragraph 1 of her Supplemental Application that the
       Employment of Thompson Burton and Phillip Young will include the
       collection of legal fees owed, or which the Trustee alleges are owed to the
       debtor, and those purported fees are identified specifically at Paragraph 5 of
       the Declaration of Phillip Young;

   b.  That Declaration specifically included the collection of funds in *Miller v.
       Vanderbilt University Medical Center*;

   c.  Cummings Manookian, the Debtor, has already been sued in a presently
       pending matter over Phillip Young's prior, improper attempts to collect such

2

fees in *Miller v. Vanderbilt University Medical Center*. (*See*, D.E. No. 21, Appendix A, at Page 11.

d. It appears Phillip Young's primary motivation in employment as Special Counsel in this case is to insulate himself and his firm, Thompson Burton, from otherwise meritorious claim by Cummings Manookian against Phillip Young for his prior conduct.

6. The Trustee's Supplemental Application and the Declaration of Phillip Young are replete with presumably unwitting but additional examples of Phillip Young (and by imputed, required extension, Thomson Burton's) inability and unsuitability to serve as Special Counsel in this case.

a. Entire sections of the "Trustee's" motion are dedicated to the "extremely prejudicial effect" on the Debtor of not employing Phillip Young; but those prejudicial effects are a consequence solely as a result of actions previously taken by Phillip Young. (*See*, D.E. 21, Para. 3.)

b. With respect to Section 327(e), the Trustee is requesting that Phillip Young be employed on matters for which Phillip Young has not only created liability for the Debtor, but is presently a co-Defendant with the Debtor in at least one pending lawsuit;

c. But Phillip Young's prior missteps and liability for the same redound to the benefit of the estate and necessarily require suit by the Debtor against Phillip Young in the same matter in which he proposes to represent the Debtor.

3

7.     To the extent necessary to repeat the following, Brian Manookian does not object to the employment of Special Counsel.  This appears to be a case necessitating the same.  Brian Manookian simply objects to the employment of Special Counsel that has present, substantial, and actual conflicts of interest that are only likely to multiply over time.

8.     None of this debate is necessary.  There are scores of capable lawyers who would undoubtedly serve as Special Counsel in this case who have no previous connection to the matter.

9.     The Trustee's sole objection to locating alternative counsel is that there is a presently pending deadline that could prejudice the Debtor and Estate.  She proceeds to unironically concede such deadline was secured by none other than Phillip Young at a time that his employment as Special Counsel was opposed.

10.     Thompson Burton and Phillip Young are not suitable choices as Special Counsel in this case.  They are not, however, willing to graciously withdraw from consideration; necessitating otherwise needless adversarial motion practice on what should be a non-controversial topic.

For all of the above reasons, Brian Manookian respectfully requests that the Trustees' Motion for Appointment of Special Counsel be **DENIED, WITHOUT PREJUDICE,** in order to allow the Trustee an opportunity to select Special Counsel with no relationship to the Debtor.  Alternatively, Mr. Manookian requests the opportunity to fully respond to the Chapter 7 Trustee's Supplemental Application, including a hearing to

4

put on witnesses, introduce exhibits, and cross-examine the otherwise unchallenged testimony submitted by Declaration in support of the Supplemental Application.

Respectfully submitted,

Brian Manookian
45 Music Square West
Nashville, TN 37203
T: 615.266.3333
F: 615.266.0250

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response was electronically served via the ECF filing system to the following individuals by U.S. Mail on December 23, 2019:

Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pk Ste 103-116
Nashville, TN 37215

United States Trustee
701 Broadway, Customs House, Suite 318
Nashville, TN 37203

Phillip G. Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Cir., Ste 200
Franklin, TN 37067

In re:                                                          Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                        Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0650-3          User: anm0611          Page 1 of 1          Date Rcvd: Dec 23, 2019
                             Form ID: pdf001          Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 25, 2019.
db              +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
intp            +BRIAN MANOOKIAN,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                  TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 25, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 23, 2019 at the address(es) listed below:
        DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
         paralegalgroup@puryearlawgroup.com
        DANIEL HAYS PURYEAR   on behalf of Creditor Sandra   Chase dpuryear@puryearlawgroup.com,
         paralegalgroup@puryearlawgroup.com
        DANIEL HAYS PURYEAR   on behalf of Creditor Dean   Chase dpuryear@puryearlawgroup.com,
         paralegalgroup@puryearlawgroup.com
        JEANNE ANN BURTON    TN24@ecfcbis.com
        LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
         slefkovitz@lefkovitz.com,
         stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
         cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
         es@lefkovitz.com
        PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
        PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
        PHILLIP L NORTH   on behalf of Creditor Toby   Smith, M.D. pn@npr.legal
        PHILLIP L NORTH   on behalf of Creditor George   Robertson, M.D. pn@npr.legal
        PHILLIP L NORTH   on behalf of Creditor Phillip   Family Medical Associates pn@npr.legal
        US TRUSTEE   ustpregion08.na.ecf@usdoj.gov
                                                                          TOTAL: 11



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/23/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO: 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) | Chapter 7 |
| | ) | Honorable Charles M. Walker |
| Debtor. | ) | |

**ORDER OVERRULING OBJECTION AND EMPLOYING
THOMPSON BURTON PLLC AS SPECIAL COUNSEL**

This matter came before the Court for hearing on December 17, 2019 (the "Hearing"), on

the Objection to the Chapter 7 Trustee's Application and Notice to Employ Thompson Burton

PLLC as special counsel for the estate, filed pro se by Mr. Brian Manookian. Despite Mr.

Manookian's dubious legal standing to object, the court considered the testimony of Phillip G.

Young and argument of counsel and Mr. Manookian at the Hearing, as well as, the Application

to Employ (Docket # 6), Mr. Manookian's Objection to the Employment (Docket #14), the

Trustee's Supplemental Brief (Docket # 16), Mr. Manookian's Supplemental Reply (Docket #

18), Trustee's Response to Manookian's Reply (Docket #19), and Trustee's Supplemental

Application to Employ (Docket # 21). After fully considering the matter, the Court finds as

follows:

Pursuant to the requirements of 11 U.S.C. § 327(e), Phillip G. Young and all members in

the firm of Thompson Burton PLLC, are duly admitted to practice in this Court, represent no

interest adverse to the debtor or to the estate with respect to the matters on which Thompson

Burton PLLC is being employed by the Trustee and such employment is in the best interest of the estate.

      **IT IS HEREBY, ORDERED** that the Objection filed by Mr. Manookian located at docket entry #14 is **OVERRULED**. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016(b), the Application to Employ is **APPROVED**. Jeanne Ann Burton, Trustee, is authorized to employ Thompson Burton PLLC to represent her, as special counsel in the administration of the above-styled estate.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

This Order has been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/26/2019

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE: )
) Case No: 3:19-bk-07235
Cummings Manookian, PLLC, ) Chapter 7
) Honorable Charles M. Walker
Debtor, )
_____ )

## ORDER DENYING REQUEST FOR LEAVE TO RESPOND

THIS MATTER is before the Court on the request of Brian Manookian for leave to respond (Docket #24) to the supplement to the Trustee's Application to Employ Phillip Young and Thompson Burton PLLC as special counsel for the Trustee (Docket #21). The Court entered an Order on December 23, 2019 (Docket #23) approving the Trustee's Application. Mr. Manookian now seeks leave to respond and present evidence in light of the information provided in the supplement. The Court has considered the request, and being duly advised finds as follows:

 a) The Court has an independent duty to evaluate the reasonableness and appropriateness of the employment. The Court permitted the filing of a supplement to clarify information gleaned at the hearing held on December 17, 2019.

 b) Mr. Manookian's standing to object is dubious at best given his position as principle of the Debtor.

 c) By the statements in his filings, Mr. Manookian was aware of the factual information contained in the Application and the supplement.

 d) Mr. Manookian was given an opportunity to present evidence and cross-examine Mr. Young at the hearing held on December 17, 2019. Mr. Manookian cross-examined Mr. Young, but failed to present any evidence at the hearing. The Court declines to afford him a second bite at the apple by reopening the proceedings and permitting him to present evidence.

 e) The Court has already approved the application, therefore, Mr. Manookian is requesting reconsideration of that Order. Even if this Court were to deem the request for leave as a motion for reconsideration, Mr. Manookian has provided no basis for such extraordinary relief as required by Federal Rule of Civil Procedure 59 or 60.

Therefore, for the reasons stated above, IT IS HEREBY ORDERED that the motion for leave is **DENIED**.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

In re:                                                          Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                         Chapter 7
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0650-3        User: anm0611        Page 1 of 1        Date Rcvd: Dec 26, 2019
                            Form ID: pdf001       Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 28, 2019.
db          +CUMMINGS MANOOKIAN, PLLC,  45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
intp        +BRIAN MANOOKIAN,  45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                             TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 28, 2019                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 26, 2019 at the address(es) listed below:
          DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
           paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
           paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
           paralegalgroup@puryearlawgroup.com
          JEANNE ANN BURTON    TN24@ecfcbis.com
          LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
           slefkovitz@lefkovitz.com,
           stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
           cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
           es@lefkovitz.com
          PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
          PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor George  Robertson, M.D. pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
          US TRUSTEE   ustpregion08.na.ecf@usdoj.gov
                                                                             TOTAL: 11

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/26/2019



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                              )
                                  ) Case No: 3:19-bk-07235
Cummings Manookian, PLLC,     ) Chapter 7
                                  ) Honorable Charles M. Walker
             Debtor,         )
_____)

## ORDER DENYING REQUEST FOR LEAVE TO RESPOND

THIS MATTER is before the Court on the request of Brian Manookian for leave to respond (Docket #24) to the supplement to the Trustee's Application to Employ Phillip Young and Thompson Burton PLLC as special counsel for the Trustee (Docket #21). The Court entered an Order on December 23, 2019 (Docket #23) approving the Trustee's Application. Mr. Manookian now seeks leave to respond and present evidence in light of the information provided in the supplement. The Court has considered the request, and being duly advised finds as follows:

    a)      The Court has an independent duty to evaluate the reasonableness and appropriateness of the employment. The Court permitted the filing of a supplement to clarify information gleaned at the hearing held on December 17, 2019.

    b)      Mr. Manookian's standing to object is dubious at best given his position as principle of the Debtor.

    c)      By the statements in his filings, Mr. Manookian was aware of the factual information contained in the Application and the supplement.

    d)      Mr. Manookian was given an opportunity to present evidence and cross-examine Mr. Young at the hearing held on December 17, 2019. Mr. Manookian cross-examined Mr. Young, but failed to present any evidence at the hearing. The Court declines to afford him a second bite at the apple by reopening the proceedings and permitting him to present evidence.

    e)      The Court has already approved the application, therefore, Mr. Manookian is requesting reconsideration of that Order. Even if this Court were to deem the request for leave as a motion for reconsideration, Mr. Manookian has provided no basis for such extraordinary relief as required by Federal Rule of Civil Procedure 59 or 60.

Therefore, for the reasons stated above, IT IS HEREBY ORDERED that the motion for leave is **DENIED**.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### Case No. <u>3:19−bk−07235</u>
#### Chapter 7

In re:

CUMMINGS MANOOKIAN, PLLC
45 MUSIC SQUARE WEST
NASHVILLE, TN 37203

Employer Tax ID / Other nos.:
47−2636732

## NOTICE OF NEED TO FILE PROOF OF CLAIM
## DUE TO RECOVERY OF ASSETS

**Notice is given that:**

The initial notice in this case instructed creditors that it was not necessary to file a proof of claim. Since that notice was sent, assets have been recovered by the trustee. Creditors who wish to share in any distribution of funds must file a proof of claim with the clerk of the bankruptcy court on or before:

Claims Deadline Date: 4/1/20

Creditors who do not file a proof of claim on or before this date will not share in any distribution from the debtor's estate. Registered Users must file their claim electronically at **HTTPS://ECF.TNMB.USCOURTS.GOV.** Non−registered claim filers may file the claim by regular mail. If filing by regular mail you must include a stamped, self−addressed envelope for return of claim. A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim (Official Form B410) can be obtained at the bankruptcy courts web site: **http://www.tnmb.uscourts.gov/forms**, the United States Court Web Site: **http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx** or at any bankruptcy clerk's office.

There is no fee for filing the proof of claim.

If you have already filed a proof of claim, do not file another.

BY THE COURT

Dated: <u>1/3/20</u>

<u>TERESA C. AZAN</u>
Court Clerk

**Address of the Bankruptcy Clerk's Office:**
701 Broadway Room 170
Nashville, TN 37203
Telephone number:  615−736−5584

In re:                                                    Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                   Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0650-3        User: jmw0113        Page 1 of 1        Date Rcvd: Jan 03, 2020
                            Form ID: 2040l       Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 05, 2020.
db            +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
intp          +BRIAN MANOOKIAN,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
cr            +George Robertson, M.D.,   414 Union Street,   1850,   Nashville, TN 37219-1783
cr            +Middle Tennessee Pulmonary,   414 Union Street, Ste. 1850,   1850,   Nashville, TN 37219-1783
cr            +Phillip Family Medical Associates,   414 Union Street,   1850,   Nashville, TN 37219-1783
cr            +Toby Smith, M.D.,   414 Union Street, Ste. 1850,   1850,   Nashville, TN 37219-1783
7037352       +D.F. CHASE, INC.,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042445       +D.F. Chase, Inc.,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,
               Nashville, TN 37205-2245
7037353       +DEAN CHASE ET AL,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042443       +Dean Chase,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,   Nashville TN 37205-2245
7047371       +GRANT KONVALINKA & HARRIS,   633 CHESTNUT STREET,   SUITE 900,   CHATTANOOGA TN 37450-0900
7059550       +INSBANK,   PHILIP FONS EVP & CHIEF CREDIT OFFICER,   2106 CRESTMOOR ROAD,
               NASHVILLE TN 37215-2605
7037354       +SANDRA CHASE,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042444       +Sandra Chase,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,   Nashville, TN 37205-2245

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                         TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 05, 2020               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 2, 2020 at the address(es) listed below:
          DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
           paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
           paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
           paralegalgroup@puryearlawgroup.com
          JEANNE ANN BURTON   TN24@ecfcbis.com
          LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
           slefkovitz@lefkovitz.com,
           stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
           cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
           es@lefkovitz.com
          PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
          PHILLIP L NORTH   on behalf of Creditor George  Robertson, M.D. pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
          US TRUSTEE   ustpregion08.na.ecf@usdoj.gov
                                                                         TOTAL: 11

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### Case No. <u>3:19−bk−07235</u>
#### Chapter 7

In re:

    CUMMINGS MANOOKIAN, PLLC
    45 MUSIC SQUARE WEST
    NASHVILLE, TN 37203

Employer Tax ID / Other nos.:
    47−2636732

## NOTICE OF NEED TO FILE PROOF OF CLAIM
## DUE TO RECOVERY OF ASSETS

**Notice is given that:**

The initial notice in this case instructed creditors that it was not necessary to file a proof of claim. Since that notice was sent, assets have been recovered by the trustee. Creditors who wish to share in any distribution of funds must file a proof of claim with the clerk of the bankruptcy court on or before:

Claims Deadline Date: 4/1/20

Creditors who do not file a proof of claim on or before this date will not share in any distribution from the debtor's estate. Registered Users must file their claim electronically at **HTTPS://ECF.TNMB.USCOURTS.GOV.** Non−registered claim filers may file the claim by regular mail. If filing by regular mail you must include a stamped, self−addressed envelope for return of claim. A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim (Official Form B410) can be obtained at the bankruptcy courts web site: **http://www.tnmb.uscourts.gov/forms**, the United States Court Web Site: **http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx** or at any bankruptcy clerk's office.

There is no fee for filing the proof of claim.

If you have already filed a proof of claim, do not file another.

                               BY THE COURT

Dated: <u>1/3/20</u>                        <u>TERESA C. AZAN</u>
                                   Court Clerk

**Address of the Bankruptcy Clerk's Office:**
701 Broadway Room 170
Nashville, TN 37203
Telephone number:  615−736−5584

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. _____** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Jeanne Ann Burton, the Trustee in the above-captioned case, files this action against the above-named Defendants, for conversion, fraudulent transfer, tortious interference with contract, successor liability/alter ego, turnover, declaratory judgment, injunctive relief, and related relief, and would further state:

## PARTIES

1.      Plaintiff Jeanne Ann Burton (the "Trustee") is the duly appointed Chapter 7 Trustee of the Estate of Cummings Manookian, PLC[1] (the "Debtor" or "CM"). The Trustee brings this Complaint in her capacity as trustee, on behalf of the Debtor, for its claims against Defendants.

---

[1] The Debtor is incorrectly named "Cummings Manookian, PLLC" in the petition.

2. Defendant Hagh Law, PLLC ("Hagh Law") is, on information and belief, a professional limited liability company organized under the laws of Tennessee and may be served with process upon its managing member, Afsoon Hagh, at 45 Music Square W, Nashville, TN 37203.

3. Defendant Afsoon Hagh ("Hagh") is, on information and belief, a resident of Davidson County, Tennessee and may be served with process at 45 Music Square W, Nashville, TN 37203.

4. Defendant Manookian, PLLC ("Manookian PLLC") is, on information and belief, a professional limited liability company organized under the laws of Tennessee and may be served with process upon its managing member, Brian Manookian, at 45 Music Square W, Nashville, TN 37203.

5. Defendant First-Citizens Bank and Trust Company ("First Citizens") is, on information and belief, a commercial bank chartered under the laws of North Carolina and may be served with process via certified United States mail upon its Chief Executive Officer, Frank B. Holding, Jr. at 4300 Six Forks Road, #FCC22, Raleigh, NC 27609, or upon its registered agent for service of process, CT Corporation System at 300 Montvue Road, Knoxville, TN 37919.

<u>JURISDICTION AND VENUE</u>

6. This Court has jurisdiction in the matter pursuant to 28 U.S.C. § 157(b).

7. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

2

9.    The statutory predicate for the relief sought herein includes, but is not limited to, 11 U.S.C. §§ 541, 542, 544, 548, 550 and 551, Rule 7001 of the Federal Rules of Bankruptcy Procedure, and T.C.A. §§ 66-3-101 *et seq.* and 66-3-301 *et seq.*

<u>BACKGROUND</u>

10.    Upon information and belief, CM was a law firm founded by Brian Cummings and Brian Manookian ("Manookian") in 2015 that specialized in representing plaintiffs in personal injury and medical malpractice cases. In September 2018, Brian Cummings withdrew from CM. Subsequently, on December 2018, Brian Manookian's law license was temporarily suspended by the Tennessee Board of Professional Responsibility.

11.    After the withdrawal of Brian Cummings from CM, Mr. Cummings took over as primary counsel of record (through his new law firm) on certain CM matters. Mr. Cummings and another attorney, Mark Hammervold, assisted with the completion of a number of CM case files. Upon information and belief, Mr. Cummings, Mr. Hammervold and CM reached an agreement concerning the division of fees between CM and these other attorneys. CM received a substantial portion of the fees of each such CM case.

12.    Not all CM files were outsourced to other counsel after December 2018. CM continued providing legal services to some existing clients until at least March 2019, through Afsoon Hagh. Hagh is a licensed attorney, is the wife of Manookian, and provided legal services to CM on certain cases both before and after December 2018.

13.    From December 2018 through at least March 2019, Hagh filed pleadings, under the firm name of CM, in certain cases. For example, in the case of *Fitzgerald v. Osborne*, Williamson County Circuit Court Case No. 2018-CV-311 (the "Fitzgerald Case"), Hagh filed pleadings under

the firm designation of CM through February 2019, then filed more pleadings with no firm designation but using a CM email address in March 2019.

14.     In fact, in the Fitzgerald Case, Brian Manookian filed a motion to withdraw as counsel of record on December 13, 2018, though he never submitted an order approving his withdrawal.  The motion to withdraw filed by Brian Manookian specifically stated, "Afsoon Hagh continues to represent the Plaintiffs".  That motion was signed by Brian Manookian, but included Afsoon Hagh's name, as attorneys for Cummings Manookian.

15.     On March 25, 2019, Afsoon Hagh formed Hagh Law PLLC with the Tennessee Secretary of State.  The information filed with the Secretary of State shows that Hagh Law had one member and its principal place of business was listed as "45 Music SQ W, Nashville, TN 37203 (the same address as the office of CM).

16.     Sometime after March 25, 2019, Hagh began filing pleadings in the Fitzgerald Case and certain other CM cases with a signature block of "Hagh Law PLLC".  Hagh filed no notice of substitution of counsel, nor did she file any notice of address changes in any of the CM cases in which she was continuing to provide services.  Rather, she simply changed the firm name on her signature block from CM to Hagh Law.

17.     Upon information and belief, Afsoon Hagh, now doing business as Hagh Law, continued utilizing CM's office space, CM's furnishings and equipment, CM's telephone numbers and email addresses, all to work on CM's client files.  Neither Afsoon Hagh nor Hagh Law compensated CM for use of CM's property or client files.

18.     Similarly, on January 14, 2019, Brian Manookian formed Manookian PLLC with the Tennessee Secretary of State, with a delayed effective date of February 1, 2019.  The information filed with the Secretary of State shows that Manookian PLLC had one member and

its principal place of business was listed as "45 Music SQ W, Nashville, TN 37203 (the same address as the office of CM).

19.     Sometime after May 17, 2019, after Brian Manookian's law license had been reinstated, Manookian began filing pleadings and/or taking depositions in the Fitzgerald Case and certain other CM cases with a signature block of "Manookian PLLC". Manookian filed no notice of substitution of counsel, nor did he file any notice of address changes in any of the CM cases in which he was continuing to provide services. Rather, he simply changed the firm name on his signature block from CM to Manookian PLLC.

20.     Upon information and belief, beginning on or after May 17, 2019, Manookian PLLC began utilizing CM's office space, CM's furnishings and equipment, CM's telephone numbers and email addresses, all to work on CM's client files. Neither Brian Manookian nor Manookian PLLC compensated CM for use of CM's property or client files.

THE RECEIVERSHIP

21.     On April 25, 2019, Dean Chase, Sandra Chase and D.F. Chase, Inc. (the "Chase Plaintiffs") filed a motion (the "Receivership Motion") in the Williamson County Circuit Court asking the court to appoint a receiver to assist the Chase Plaintiffs in collecting a $750,000 sanctions award rendered jointly and severally against Brian Manookian, Mark Hammervold, CM and Hammervold PLC. In the Receivership Motion, the Chase Plaintiffs asked the court to appoint a receiver for the purpose of levying on choses in action belonging to CM and Hammervold PLC.

22.     On June 20, 2019, the Williamson County Circuit Court granted the Receivership Motion and entered an order (the "Receivership Order") appointing Phillip G. Young (the "Receiver") as receiver for the purposes of collecting the CM and Hammervold PLC choses in action. Among the powers granted by the court to the Receiver was: "The right to file notices of

5

attorney'/*[sic]* liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership. . . ."

23. In furtherance of this directive, the Receiver filed attorneys' liens in the following cases (the "CM Cases"):

| Case Name | Court |
|---|---|
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

24. The Receiver has received from Brian Cummings CM's portion of fees and expenses in the *Thompson v. Sidrys* case, plus CM's portion of fees and expenses in two cases that settled prior to the Receiver's filing of attorneys' liens (*Hanna* and *Long*). The Trustee has received from Brian Cummings CM's portion of fees and expenses in the *Ruffino v. Archer* case.[2]

---

[2] The Trustee received one-third of the feed in the *Ruffino* case plus one-half of the expense reimbursement in that case. The Trustee has reserved all rights regarding whether CM is entitled to more than one-half of the expenses in that case, pending further investigation by the Trustee.

25.     Upon information and belief, the Fitzgerald Case was a case in which CM was expecting a large fee.  Neither Brian Cummings' new law firm nor Mark Hammervold's law firm participated with CM in the representation of the plaintiffs.

26.     The Fitzgerald Case settled on August 19, 2019.  Pursuant to the non-confidential settlement agreement, the defendant in that case agreed to pay the plaintiffs $4,050,000.00 to settle the matter.

27.     According to the engagement agreement between the plaintiffs and CM dated May 23, 2018, CM was to receive one-third of the fees from the settlement of the Fitzgerald Case. Based upon the settlement amount and the engagement agreement, CM was entitled to receive $1,350,000.00 in fees.

28.     The Receiver made demand on the defendant's counsel to remit $1,350,000.00 to the Receiver.  The defendant's counsel refused, stating that Brian Manookian had directed him to remit the funds to Hagh Law PLLC.

29.     Brian Manookian, as counsel for Hagh Law, argued that CM was entitled to no fees for two reasons:  (1) because the engagement agreement between CM and the plaintiffs did not allegedly allow CM to receive any fees if it withdrew from representation; and (2) Brian Manookian, on behalf of CM, allegedly sent a letter to the plaintiffs on December 7, 2018 in which CM withdrew from representing the plaintiffs and disclaimed any rights to fees.  According to Manookian, CM waived its rights to attorney fees to allow the plaintiffs to retain new counsel in the case since Manookian had been suspended by the Board of Professional Responsibility.

30.     The engagement agreement between CM and the plaintiffs did not, in fact, specify that CM was entitled to no attorneys' fees if CM withdrew from representation.

7

31. Furthermore, even though CM allegedly notified the plaintiffs on December 7, 2018 that it was withdrawing as counsel and that it was waiving its rights to any attorneys' fees, CM never formally withdrew as counsel in the Fitzgerald Case and it kept representing the plaintiffs through attorney Afsoon Hagh.

32. At least through March 2019, Hagh continued to file pleadings in the Fitzgerald Case on behalf of CM. From March 2019 through the settlement of the Fitzgerald Case in August 2019, Hagh filed pleadings and/or made appearances through her new firm, Hagh Law, and Manookian filed pleadings and/or made appearances through his new firm, Manookian PLLC.

33. Because the defendant's counsel in the Fitzgerald Case refused to turn funds over to the Receiver, the Receiver sought and was granted a temporary restraining order on August 23, 2019 (the "First TRO"). The First TRO prevented the defendant in the Fitzgerald Case from delivering any attorneys' fees to Hagh Law.

34. Ultimately, Manookian and the Receiver entered into an Agreed Order Regarding Temporary Restraining Order (the "Agreed Order") on August 29, 2019. Pursuant to the terms of the Agreed Order, Hagh Law was ordered to hold $760,000 (the "Trust Funds") in an IOLTA trust account pending the Receiver's and/or the court's determination of the ownership of the Trust Funds; the remaining attorneys' fees from the Fitzgerald Case (totaling approximately $590,000) were released to Hagh Law. The $590,000 released to Hagh Law were, in fact, fees earned by CM.

35. In October 2019, Brian Manookian, as counsel for Hagh Law, informed the Receiver that the Trust Funds had been moved from Hagh Law's IOLTA trust account to a regular checking account in the name of "Afsoon Hagh d/b/a Hagh Law PLLC". That account was maintained at First-Citizens Bank & Trust Company.

36.     According to Manookian, Hagh and/or Manookian moved the Trust Funds because they were instructed by the Board of Professional Responsibility that it was unethical for Hagh Law to continue holding the Trust Funds in its trust account. So, without leave of court, Hagh and/or Manookian transferred the Trust Funds out of the Hagh Law IOLTA trust account.

37.     Upon learning of the unilateral movement of the Trust Funds, and in order to protect the Receiver's interest in the Trust Funds, the Receiver filed a motion asking the court to order that the Trust Funds be paid into the Williamson County Circuit Court.

38.     The court issued an oral ruling on November 5, 2019 requiring Afsoon Hagh and/or Hagh Law to deposit the Trust Funds with the clerk of the Williamson County Circuit Court by noon on November 12, 2019. That same day Brian Manookian, as counsel for Hagh and Hagh Law, informed the court's assistant that he planned to submit a competing order prior to November 12, 2019. However, on November 8, 2019, Manookian withdrew as counsel for both Hagh and Hagh Law, citing a new suspension of his license by the Board of Professional Responsibility.

39.     Ultimately, the court entered an Order Directing Hagh Law PLLC to Deposit Funds into Court on November 12, 2019. Pursuant to the terms of that order, Hagh Law was required to deposit the Trust Funds with the clerk of the Williamson Court Circuit Court by no later than noon on November 12, 2019.

40.     The Trust Funds had not been deposited with the court as of November 18, 2019. Therefore, the Receiver sought and was granted a temporary restraining order (the "Second TRO") on November 18, 2019. Pursuant to the terms of the Second TRO, Afsoon Hagh, Hagh Law and First Citizens were each restrained from moving the Trust Funds or allowing the Trust Funds to be moved, pending further order of the court.

9

41.     On December 10, 2019, the court held a hearing on the Receiver's request to enjoin the disposition of the Trust Funds.  On December 13, 2019, the court entered a Temporary Injunction (the "Injunction") in which it enjoined Hagh, Hagh Law and/or First Citizens from transferring $715,000 of the Trust Funds until January 17, 2020 absent a further order of a court of competent jurisdiction.  All of the parties and the state court acknowledged that, due to the filing of this bankruptcy case, this Court was the appropriate forum to make a decision regarding the disposition of the Trust Funds.

<u>FIRST CLAIM FOR RELIEF</u>

(Conversion)

(As to Defendants Afsoon Hagh,  Hagh Law and Manookian PLLC)

42.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

43.     Afsoon Hagh, Hagh Law and Manookian PLLC wrongfully appropriated property of CM, exercised control over that property, and committed the tort of conversion.

44.     More specifically, Afsoon Hagh, Hagh Law and/or Manookian PLLC have taken leased premises, furniture, equipment, intellectual property, attorneys' fees, and reimbursement of costs (the "Property") in excess of $1,350,000, and exercised control over that property to the exclusion of CM.

45.     The Trustee, on behalf of CM, is entitled to judgment against Afsoon Hagh, Hagh Law and Manookian PLLC in an amount to be shown at trial, plus pre- and post-judgment interest, attorneys' fees, and the costs of this action.  Further, because Afsoon Hagh, Hagh Law and Manookian PLLC acted wrongfully, maliciously, and oppressively, the Trustee is entitled to exemplary and punitive damages in an amount to be shown at trial.

10

## SECOND CLAIM FOR RELIEF

## (State Law Fraudulent Transfer)

### (As to Defendants Afsoon Hagh,  Hagh Law and Manookian PLLC)

46.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

47.     Afsoon Hagh,  Hagh Law and Manookian PLLC wrongfully took the Property of CM in an attempt to hinder, delay and defraud creditors of CM.

48.     Afsoon Hagh,  Hagh Law and Manookian PLLC received substantial Property of CM without giving reasonably equivalent value, and such transfers caused or were during the insolvency of CM, rendered CM insolvent or unable to pay its debts when due, or were taken when CM was engaged in or about to be engaged in transactions for which CM had unreasonably small capital.

49.     The Trustee, on behalf of CM, is entitled to avoid, and recover back, all such fraudulent transfers, pursuant to, among other things, Tennessee's law against fraudulent conveyances, T.C.A. § 66-3-101, *et seq.*, and Tennessee's codification of the Uniform Fraudulent Transfers Act, T.C.A. § 66-3-301, *et seq.*, which include strong-arm provisions of the Trustee pursuant to 11 U.S.C. § 544(b).  The Trustee is further entitled to damages in an amount of all such fraudulent transfers, to be proven at trial, plus pre- and post-judgment interest, attorneys' fees and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfers Pursuant to Bankruptcy Code)

### (As to Defendants Afsoon Hagh,  Hagh Law and Manookian PLLC

11

50. Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

51. Afsoon Hagh, Hagh Law and/or Manookian PLLC received substantial transfers from CM for the purposes of hindering, delaying, and defrauding creditors.

52. Further, on information and belief, Afsoon Hagh, Hagh Law and/or Manookian PLLC received substantial transfers form CM without giving reasonably equivalent value, and such transfers caused or were during the insolvency of CM, rendered CM insolvent or unable to pay its debts when due, or were taken when CM was engaged in or about to be engaged in transactions for which CM had unreasonably small capital.

53. At all relevant times, creditors of CM existed who had the right to assert a claim for fraudulent transfer or avoidance based on such transfers.

54. Without limitation, the fraudulent transfers consisted of all property, funds, and transfers of any kind received by Afsoon Hagh, Hagh Law and/or Manookian PLLC which belonged to CM (including the Property described above), whether Afsoon Hagh,  Hagh Law and/or Manookian PLLC received such transfers as initial, mediate, or intermediate transferees.

55. Plaintiff is entitled to avoid, and recover back, on behalf of CM, all such fraudulent transfers, pursuant to, among other things, the United States Bankruptcy Code's Section prohibiting fraudulent transfers, 11 U.S.C. § 548.

56. Pursuant to 11 U.S.C. §§ 550 and 551, Plaintiff is entitled to recover back the avoided property or the value thereof, and such avoidances are recovered for the benefit of the estate.  The Trustee is further entitled to recover pre- and post-judgment interest, attorneys' fees, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Tortious Interference with Contract)

### (As to Defendants Afsoon Hagh and Hagh Law)

57.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

58.     CM had a binding contractual relationship with the plaintiffs in the Fitzgerald Case. More specifically, CM had an engagement agreement with the plaintiffs in which CM agreed to represent the plaintiffs in the Fitzgerald Case in exchange for one-third of the monetary recovery.

59.     Upon information and belief, Afsoon Hagh and Hagh Law had actual knowledge of the engagement agreement between the Fitzgerald Case plaintiffs and CM, intended to interfere with CM's contractual rights pursuant to that engagement agreement, and actually interfered with CM's contractual rights by coercing the Fitzgerald Case defendants from remitting to CM $1,350,000 in attorneys' fees.

60.     Afsoon Hagh and Hagh Law's interference with CM's contract with the Fitzgerald Case plaintiffs continues, as CM and the Trustee have been denied access to $1,350,000 in attorneys' fees to which CM is entitled to recover.

61.     Afsoon Hagh and Hagh Law's interference with the contract between CM and the Fitzgerald Case plaintiffs is improper and, as a result, the Plaintiff, on behalf of CM, has incurred damages in an amount of $1,350,000, plus pre- and post-judgment interest, attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Successor Liability and Alter Ego)

### (As to Defendants Hagh Law and Manookian PLLC)

62. Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

63. Hagh Law, Manookian PLLC and CM are all one and the same entity, and Hagh Law and/or Manookian PLLC are a mere continuation of CM. Many of the clients and vendors of CM are the same or are vastly similar to the clients and vendors of Hagh Law and Manookian PLLC. Brian Manookian held 100% of the membership interests of CM, and he and Afsoon Hagh were the only attorneys who rendered services on behalf of CM after September 2018. Brian Manookian is also the 100% owner of the membership interests of Manookian PLLC and Afsoon Hagh is the 100% owner of the membership interests of Hagh Law.

64. As outlined in *RXAR Co., LLC v. Rheumatology Assoc., P.A.,* the United States District Court for the Middle District of Tennessee (citing Tennessee law), stated that a successor entity is a mere continuation if;

> 1) The predecessor "transferred its assets" to the successor, 2) the successor company "pays less than adequate consideration for the assets", 3) the successor company continues the predecessor's business, 4) both companies "share one common officer who was instrumental in the transfer", and 5) the predecessor company "is left incapable of paying its creditors."

*RXAR Co., LLC v. Rheumatology Assoc., P.A.,* 2017 U.S. Dist. LEXIS 64354 (M.D. Tenn. 2017).

65. Hagh Law and/or Manookian PLLC provide services to many of the same clients as CM and use the same vendors as CM. They occupy the same leased real estate as CM (without a new lease), utilize the same computers and equipment as CM, and utilize some of the same telephone numbers as CM.

66. No funds were transferred to CM as compensation for the transfer of any of these assets; in fact, funds have been diverted from CM to Hagh Law.

14

67. CM provided legal services to personal injury and medical malpractice plaintiffs; both Hagh Law and Manookian PLLC provide the exact same services, and to many of the same clients.

68. Both CM and Manookian PLLC were, or are still, 100% owned by Brian Manookian. For several months, Afsoon Hagh was the only practicing attorney who represented CM's clients and Afsoon Hagh continues representing CM's clients through Hagh Law, which is 100% owned by Afsoon Hagh. Brian Manookian and/or Afsoon Hagh made all decisions regarding the transfer or use of CM's assets, the creation of Hagh Law and Manookian PLLC, and the filing of CM's bankruptcy petition. Brian Manookian, the 100% owner of CM, represented Hagh Law in diverting and instructing third parties to divert attorneys' fees owing CM to Hagh Law and/or Afsoon Hagh.

69. According to the schedules and claims filed in this bankruptcy, CM has over $1,000,000 in liabilities but only $70,000 in assets; accordingly, due to the transfer of over $1,000,000 in CM's accounts receivable to Hagh Law and/or Afsoon Hagh, CM could not pay its debts as they came due.

70. Brian Manookian, Afsoon Hagh, Hagh Law and Manookian, PLLC sought to shift any valuable assets away from CM and leave all debt in the corporate shell of CM, in an attempt to hinder, delay, and defraud CM's creditors.

71. Given that Hagh Law and Manookian PLLC are nothing more than a mere continuation and alter ego of CM, Plaintiff requests that the court enter a judgment against Hagh Law and Manookian PLLC, jointly and severally, in the full amount of the indebtedness owed by CM, plus all attorneys' fees and costs incurred by the Trustee and the estate for the pursuit of this action.

## SIXTH CLAIM FOR RELIEF

### (Turnover)

### (As to Defendants Afsoon Hagh, Hagh Law and First Citizens)

72.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

73.     Plaintiff is entitled to the turnover of $715,000 held in a First Citizens bank account in the name of Hagh Law and/or Afsoon Hagh pursuant to 11 U.S.C. §542.  The $715,000 is the product of the settlement of the Fitzgerald Case, for which CM has a contractual and/or equitable right to payment of fees in the amount of $1,350,000.

74.     Moreover, Plaintiff is entitled to the turnover of an additional $635,000 from Hagh Law and/or Afsoon Hagh.  This is the amount of the Fitzgerald Case settlement funds that have been released to Hagh Law and/or Afsoon Hagh.

75.     This Court should find that the $715,000 held in a First Citizens bank account in the name of Hagh Law and/or Afsoon Hagh, that is the product of the settlement of the Fitzgerald Case, is property of the estate and that the Plaintiff is entitled to turnover of that property pursuant to 11 U.S.C. §542.

76.     Additionally, this Court should find that the $635,000 that was released to Hagh Law and/or Afsoon Hagh, but that is the product of the settlement of the Fitzgerald Case, is property of the estate and that the Plaintiff is entitled to turnover of that property pursuant to 11 U.S.C. §542.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment)

### (As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC)

77. Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

78. Pursuant to 11 U.S.C. §541 and Rule 7001 of the Rules of Bankruptcy Procedure, the Court can determine the extent of the estate's interest in property.

79. CM has a legal and/or equitable interest in the attorneys' fees generated by each of the CM Cases, listed herein.

80. The Court should determine the extent of CM's portion of the fees and expenses generated by each of the CM cases, and find that this estate, and not Afsoon Hagh, Hagh Law or Manookian PLLC, is entitled to receive CM's portion.

WHEREFORE, the Plaintiff requests that the Court enter a judgment:

A. Granting Plaintiff a monetary judgment against Defendants Afsoon Hagh, Hagh Law and Manookian PLLC in an amount to be proven at trial;

B. Granting Plaintiff a judgment against Afsoon Hagh, Hagh Law and Manookian PLLC for the conversion of property of CM, in an amount to be proven at trial;

C. Avoiding the pre-petition fraudulent transfers to Defendants Afsoon Hagh and Hagh Law pursuant to 11 U.S.C. § 544(b) and T.C.A. §§ 66-3-101 *et seq.* and 66-3-301 *et seq.*;

D. Avoiding the pre-petition fraudulent transfers to Defendants Afsoon Hagh and Hagh Law pursuant to 11 U.S.C. §§ 548, 550 and 550;

E. Granting Plaintiff a judgment against Afsoon Hagh and Hagh Law, in an amount to be shown at trial, for tortious interference of a contract between CM and the plaintiffs in the Fitzgerald Case;

F.   Finding that Hagh Law and Manookian PLLC are a mere continuation of CM and, as such, are jointly and severally liable for all debts owed by CM, plus all attorneys' fees and costs incurred by the Trustee and the estate for the pursuit of this action, pursuant to Tennessee state law on successor liability;

G.   Finding that the $715,000 held in a First Citizens bank account in the name of Hagh Law and/or Afsoon Hagh is property of this estate, and ordering the turnover of those funds to the Trustee pursuant to 11 U.S.C. §542;

H.   Finding that the $635,000 from the Fitzgerald Case settlement funds that were released to Hagh Law and/or Afsoon Hagh is property of this estate, and ordering the turnover of those funds to the Trustee pursuant to 11 U.S.C. §542;

I.   Finding that this estate, and not Afsoon Hagh, Hagh Law or Manookian PLLC, is entitled to receive CM's portion of the fees and expenses generated by each of the CM Cases.

J.   Granting pre- and post-judgment interest, attorneys fees, the costs of this action, treble damages, and punitive damages as appropriate; and

K.   Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

18

B 104
(Rev. 8/87)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

**PLAINTIFFS**

Jeanne Ann Burton, Trustee

**DEFENDANTS**

Hagh Law, PLLC
Afsoon Hagh
Manookian, PLLC
First-Citizens Bank & Trust Company

ATTORNEYS (Firm Name, Address, and Telephone No.)

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6000

ATTORNEYS (If Known)
John Spragens
1200 16th Ave. South
Nashville, TN 37212
(615) 983-8900
Attorney for Hagh Law PLLC

PARTY (Check one box only) ☐ 1 U.S. PLAINTIFF ☐ 2 U.S. DEFENDANT ■ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for conversion, fraudulent transfer, tortious interference with contract, successor liability / alter ego, turnover, declaratory judgment, Injunctive relief, and related relief

## NATURE OF SUIT
(Check the one most appropriate box only.)

■ 454 To Recover Money or Property

☐ 435 To Determine Validity, Priority, or Extent of a Lien or other interest in property

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan

☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523

☐ 434 To obtain an injunction or other equitable relief

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 498 Other (specify)

ORIGIN OF PROCEEDINGS

(Check one box only.)

■ 1 Original Proceeding  ☐ 2 Removed Proceeding  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND**

NEAREST THOUSAND
$1,300

OTHER RELIEF SOUGHT
Injunctive relief and declaratory judgment

☐ JURY DEMAND

BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

NAME OF DEBTOR
Cummings Manookian PLLC

BANKRUPTCY CASE NO.
3:19-bk-07235

DISTRICT IN WHICH CASE IS PENDING
Middle District of Tennessee

DIVISIONAL OFFICE
Nashville

NAME OF JUDGE
Charles Walker

RELATED ADVERSARY PROCEEDING (IF ANY) ☐ YES ■ NO

PLAINTIFF

DEFENDANT

ADVERSARY PROCEEDING NO.

DISTRICT

DIVISIONAL OFFICE

NAME OF JUDGE

FILING FEE   (Check one box only.)   ☐ FEE ATTACHED   ☐ FEE NOT REQUIRED   ■ FEE IS DEFERRED

DATE
January 8, 2020

PRINT NAME
Phillip G. Young, Jr.

SIGNATURE OF ATTORNEY (OR PLAINTIFF)
/s/ Phillip G. Young, Jr.

B-104
(Rev. 8/87)

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self explanatory.

**Parties**. The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action**. Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. §1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. §544."

**Nature of Suit**. Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings**. Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed form a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand**. On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000 enter "1," for $10,000 enter "10," for $100,000 enter "100," if $1,000,000 enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000 enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises**. Enter the name of the debtor and the docket number of the bankruptcy case form which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings**. State the names of the parties and the six digit adversary proceeding number form and adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee**. Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government of the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds i the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee). There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

IN RE:                                   &ast;
                                         &ast;      CASE NO.:  3:19-bk-07235
CUMMINGS MANOOKIAN, PLLC,                &ast;
                                         &ast;      CHAPTER 7
    Debtor.              &ast;

## NOTICE OF APPEARANCE AND REQUEST FOR NOTICES AND PAPERS

**PLEASE TAKE NOTICE** that the undersigned attorneys appear in the above-captioned case on behalf of Grant, Konvalinka & Harrison, P.C., as a creditor and party in interest, and hereby request that all notices given or required to be served in this case be served upon:

> Harry R. Cash, Esq.
> Grant, Konvalinka & Harrison, P.C.
> 633 Chestnut Street, Suite 900
> Chattanooga, Tennessee  37450-0900
> 423-756-8400 (Phone)
> 423-756-0643 (Fax)

Please take further notice that the foregoing request includes not only the notices and papers referred in the *Bankruptcy Rules*, but also includes, without limitation, any notice, application, complaint, demand, motion, pleading or request, whether transmitted or conveyed by mail messenger delivery, telephone, facsimile, telegraph, telex, e-mail or otherwise filed or made with regard to the referenced case and proceedings herein.

This Notice of Appearance and Request for Notices and Papers shall not be deemed or construed to be a waiver of the rights of Grant, Konvalinka & Harrison, P.C. (i) to have final orders in non-core matters entered only after de novo review by a Bankruptcy Judge; (ii) to trial by jury in any proceeding so triable in this case or any case, controversy or proceeding related to this case; (iii) to have the Bankruptcy Court withdraw the referenced matter in any matter subject to mandatory or discretionary withdrawal; or (iv) or any other rights, claims, actions, setoffs or

recoupments to which Grant, Konvalinka & Harrison, P.C. is or may be entitled, in law or in equity,

all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

Dated: January 24, 2020.

Respectfully submitted,

GRANT, KONVALINKA & HARRISON, P.C.

By: /s/ *Harry R. Cash*
        HARRY R. CASH (BPR #9385)
        633 Chestnut Street, Suite 900
        Chattanooga, Tennessee 37450-0900
        423-756-8400
        423-756-6518 - facsimile

2

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

IN RE:                          )
                                   )

**CUMMINGS MANOOKIAN, PLLC,**    )   **Case No. 3:19-bk-07235**
     **Debtor.**                   )   **Chapter 7**
                                   )   **Judge Walker**

## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

Comes now Jeanne Ann Burton, Trustee, (the "Trustee") by and through special counsel and pursuant to 11 U.S.C. §521(a)(4), and files this *Trustee's Motion to Compel Turnover of Records* (the "Motion") and in support thereof shows this Court as follows:

1.      On November 6, 2019 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition in this Court. Jeanne Ann Burton was appointed to serve as trustee herein on the same day.

2.      Despite repeated requests of the Debtor's corporate representative, Brian Manookian, and the Debtor's counsel, the Trustee has received very few documents related to the operations, assets and liabilities of the Debtor.

3.      For example, the Debtor has failed to cooperate with the Trustee in giving her bank records, credit card statements, documents related to operations of the Debtor's business, and other documents evidencing assets or liabilities of the Debtor.

4.      Absent an order directing the Debtor and the Debtor's corporate representative to turnover these business records, the Trustee cannot perform her fiduciary duties to the estate or its creditors.

5.      Accordingly, the Trustee seeks an order requiring the Debtor to turnover the following books and records, pursuant to 11 U.S.C. §521(a)(4):

a. Copies of all bank statements for all of Debtor's accounts from November 1, 2017 to the Petition Date;

b. Copies of all credit card statements for any credit card account maintained by or used by the Debtor from November 1, 2017 to the Petition Date;

c. Copies of all tax returns (including all schedules) for 2017 and 2019;

d. A list of all active cases as of September 1, 2018, in which the Debtor represented any party (identifying the client's name, case number, and jurisdiction);

e. Copies of all engagement letters for each case referenced in paragraph (d) herein;

f. Copies of any disengagement letters, or any other correspondence regarding the withdrawal of representation by the Debtor with regard to each case referenced in paragraph (d) herein;

g. Copies of proof of delivery (e.g., FedEx receipts or certified mail receipts) for correspondence referenced in paragraph (f) herein;

h. Any document evidencing an expense advanced by the Debtor for cases referenced in paragraph (d) herein, including receipts and invoices;

i. All notices of change of address, notices of withdrawal, or notices of substitution of counsel filed by the Debtor or any agent thereof in the cases referenced in paragraph (d) herein;

j. Copies of any leases to which the Debtor was a party from November 1, 2017 to the Petition Date (including, but not limited to, real property leases), and any correspondence related to those leases;

k.    Any document evidencing the Debtor's purchase or ownership of equipment, furnishings or other personal property;

l.    A list of all vendors with whom the Debtor conducted business as of September 1, 2018, and copies of all contracts with any such vendors; and

m.    All documents associated with Grant, Konvalinka & Harrison, P.C.'s representation of the Debtor, including signed engagement letters, disengagement letters, and/or invoices for services rendered.

WHEREFORE, pursuant to 11 U.S.C. §521(a)(4), the Trustee respectfully requests the Court to enter an order compelling the Debtor and the Debtor's corporate representative, Brian Manookian, to turnover the documents listed in Paragraph 6 herein, and for such other and further relief as the Court deems equitable and appropriate under the circumstances.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton,
Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served this 28th day of January, 2020, upon all parties of record requesting notice through the Court's electronic filing system, including counsel for the Debtor.

/s/ Phillip G. Young
Phillip G. Young

4

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

---

Bankruptcy Proceeding No.  3:19−bk−07235
Chapter 7
Judge  Charles M Walker

In Re:
    CUMMINGS MANOOKIAN, PLLC
    45 MUSIC SQUARE WEST
    NASHVILLE, TN 37203
Social Security No.

Employer's Tax I.D. No.
    47−2636732

---

PLEASE TAKE NOTICE that a hearing will be held at:

Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203 on 2/11/20 at 09:00 AM

to consider and act upon the following:

Trustee's Motion and Notice to Compel Turnover of Records − All responses due by 2/7/20 at 5:00 p.m.


Dated: 1/28/20                          /s/ TERESA C. AZAN
                                         Clerk, U.S. Bankruptcy Court

In re:                                                    Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                  Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0650-3        User: leq0323        Page 1 of 2        Date Rcvd: Jan 28, 2020
                           Form ID: hrgnot2      Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 30, 2020.
db            +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
aty           +DANIEL HAYS PURYEAR,   PURYEAR LAW GROUP,   104 Woodmont Boulevard,
               The Woodmont Centre, Suite 201,   NASHVILLE, TN 37205-2245
aty           +LEFKOVITZ AND LEFKOVITZ, PLLC,   618 CHURCH ST STE 410,   NASHVILLE, TN 37219-2452
aty           +PHILLIP G YOUNG,   Thompson Burton PLLC,   One Franklin Park,   6100 Tower Circle, Suite 200,
               FRANKLIN, TN 37067-1465
aty           +PHILLIP L NORTH,   NORTH PURSELL & RAMOS,   414 UNION STREET,   STE 1850,
               NASHVILLE, TN 37219-1783
intp          +BRIAN MANOOKIAN,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
cr            +George Robertson, M.D.,   414 Union Street,   1850,   Nashville, TN 37219-1783
cr            +Middle Tennessee Pulmonary,   414 Union Street, Ste. 1850,   1850,   Nashville, TN 37219-1783
cr            +Phillip Family Medical Associates,   414 Union Street,   1850,   Nashville, TN 37219-1783
cr            +Toby Smith, M.D.,   414 Union Street, Ste. 1850,   1850,   Nashville, TN 37219-1783
7037352       +D.F. CHASE, INC.,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042445       +D.F. Chase, Inc.,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,
               Nashville, TN 37205-2245
7037353       +DEAN CHASE ET AL,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042443       +Dean Chase,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,   Nashville, TN 37205-2245
7047371       +GRANT KONVALINKA & HARRIS,   633 CHESTNUT STREET,   SUITE 900,   CHATTANOOGA TN 37450-0900
7084049        Grant, Konvalinka & Harrison, P.C.,   633 Chestnut Street, Suite 900,
               Chattanooga, TN  37450-0900
7059550       +INSBANK,   PHILIP FONS EVP & CHIEF CREDIT OFFICER,   2106 CRESTMOOR ROAD,
               NASHVILLE TN 37215-2605
7037354       +SANDRA CHASE,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042444       +Sandra Chase,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,   Nashville, TN 37205-2245

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty           +E-mail/Text: hcash@gkhpc.com Jan 29 2020 02:03:27     HARRY R CASH,
               GRANT KONVALINKA & HARRISON PC,   633 CHESTNUT STREET 9TH FLOOR,   CHATTANOOGA, TN 37450-4000
tr             E-mail/Text: jeanne.burton@comcast.net Jan 29 2020 02:03:02     JEANNE ANN BURTON,
               Jeanne Ann Burton PLLC,   4117 Hillsboro Pk,   Suite 103-116,   NASHVILLE, TN 37215
ust            E-mail/Text: ustpregion08.na.ecf@usdoj.gov Jan 29 2020 02:03:00     US TRUSTEE,
               OFFICE OF THE UNITED STATES TRUSTEE,   701 BROADWAY STE 318,   NASHVILLE, TN  37203-3966
                                                                                TOTAL: 3

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            Grant, Konvalinka & Harrison, P.C.,   633 Chestnut Street, Suite 900,
               Chattanooga, TN  37450-0900
                                                                TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 30, 2020                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 28, 2020 at the address(es) listed below:
              DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
               paralegalgroup@puryearlawgroup.com
              DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
               paralegalgroup@puryearlawgroup.com
              DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
               paralegalgroup@puryearlawgroup.com
              HARRY R CASH   on behalf of Creditor    Grant, Konvalinka & Harrison, P.C. hcash@gkhpc.com,
               hdowney@gkhpc.com
              JEANNE ANN BURTON    TN24@ecfcbis.com
              JOHN TATE SPRAGENS   on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

     JOHN TATE SPRAGENS    on behalf of Defendant    Hagh Law PLLC JOHN@SPRAGENSLAW.COM
     LEFKOVITZ AND LEFKOVITZ, PLLC    on behalf of Debtor    CUMMINGS MANOOKIAN, PLLC
     slefkovitz@lefkovitz.com,
     stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
     cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
     es@lefkovitz.com
     PHILLIP G YOUNG    on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
     PHILLIP G YOUNG    on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
     PHILLIP L NORTH    on behalf of Creditor George  Robertson, M.D. pn@npr.legal
     PHILLIP L NORTH    on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
     PHILLIP L NORTH    on behalf of Creditor    Middle Tennessee Pulmonary pn@npr.legal
     PHILLIP L NORTH    on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
     US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                               TOTAL: 15

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

Bankruptcy Proceeding No.  3:19−bk−07235
Chapter 7
Judge  Charles M Walker

In Re:
    CUMMINGS MANOOKIAN, PLLC
    45 MUSIC SQUARE WEST
    NASHVILLE, TN 37203
Social Security No.

Employer's Tax I.D. No.
    47−2636732

PLEASE TAKE NOTICE that a hearing will be held at:

Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203 on 2/11/20 at 09:00 AM

to consider and act upon the following:

Trustee's Motion and Notice to Compel Turnover of Records − All responses due by 2/7/20 at 5:00 p.m.

Dated: 1/28/20                               /s/ TERESA C. AZAN
                                                Clerk, U.S. Bankruptcy Court

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                          )
                                )
CUMMINGS MANOOKIAN, PLLC        )    **Case No: 319-07235-CW-7**
                                )    **Chapter 7**
                                )    **Judge Walker**
            Debtor.             )

## MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY
## PROVISIONS OF 11 U.S.C. §362(A)

Comes now, Jeanne Ann Burton, Chapter 7 Trustee, and moves this Honorable Court to hold Afsoon Hagh and Hagh Law, PLLC in contempt of this Court for willful violation of the automatic stay provisions of 11 U.S.C. §362(a), and in support thereof, states as follows:

On November 6, 2019, (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and Jeanne Ann Burton was appointed as the Chapter 7 Trustee (the "Trustee").

On December 19, 2019,  Hagh Law PLLC filed a complaint in the Circuit Court for Davidson County, Tennessee, <u>Hagh Law PLLC v. Phillip Young, Cummings Manookian PLC and Hammervold PLC</u>, Docket # 19C2966 (The "Complaint") , a copy of which is attached as Exhibit A. The Complaint seeks damages and declaratory relief regarding a pre-petition state court action.

Prior to December 19, 2019, Afsoon Hagh and Hagh Law PLLC were aware of the bankruptcy filing.  One example of this knowledge was the Reply of Hagh Law PLLC in opposition to a motion filed in state court, a copy of which is attached as Exhibit B, signed by Afsoon Hagh which specifically states that Cummings Manookian, PLLC filed a Chapter 7 bankruptcy petition on November 6, 2019.  The Reply is signed by Afsoon Hagh and is dated December 5, 2019.  The Reply was emailed by Afsoon Hagh to the Administrative Assistant of the Judge, Davd Allen.

On January 2, 2020, Trustee sent a letter by certified mail to Afsoon Hagh, a copy of which is attached as Exhibit C, requesting that the case against the Debtor be dismissed.  To date, the certified mail receipt has not been returned signed, but certified mail tracking shows the certified mail was left with an individual at the mailing address on January, 9, 2020.   The letter sent by regular U.S. mail has not been returned.  As of January 30, 2020, Afsoon Hagh and Hagh Law PLLC have taken no action to dismiss the complaint against the Debtor.

**BASED ON THE FOREGOING,** the Trustee prays that Afsoon Hagh and Hagh Law PLLC be held in willful violation of the automatic stay provisions of 11 U.S.C. § 362(a), be required to pay all damages incurred by the Trustee for the Debtor; be assessed with punitive damages for willfull violation of the automatic stay; and that the Trustee have such other and further relief as is just and proper.

Respectfully submitted,

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
417 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone: 615.678.6960
Jeanne.burton@comcast.net


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the Court's ECF system to the US Trustee this 31st day of January, 2020, and was served by United States mail on the following parties:
Afsoon Hagh, Esq.
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
Attn: Afsoon Hagh, Esq.
45 Music Square West
Nashville, TN 37203

John Spragens, Esq.
Attorney for Hagh Law, PLLC and Afsoon Hagh
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| **HAGH LAW PLLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | NO._____ |
| **v.** | ) | |
| | ) | |
| **PHILLIP YOUNG, CUMMINGS** | ) | |
| **MANOOKIAN PLC, HAMMERVOLD** | ) | |
| **PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

---

The Plaintiff for its causes of action respectfully states to the Court the following:

**I.**          **PARTIES, VENUE, AND JURISDICTION**

1.      Plaintiff Hagh Law PLLC is a Tennessee Professional Limited Liability Company with its principle place of business located in Davidson County, Tennessee.

2.      Defendant Phillip Young is a Tennessee licensed attorney who engages in the practice of law in Davidson County, Tennessee.

3.      Defendant Cummings Manookian PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

4.      Defendant Hammervold PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

*Ex. A*

1

Case 3:19-bk-07235    Doc 19-1    Filed 12/20/19    Entered 12/20/19 07:07:26    Desc
Exhibit A    Page 1 of 5
Case 3:23-cv-00918    Document 3    Filed 09/14/23    Page 214 of 313 PageID #: 246

211

5.    This suit seeks damages and declaratory relief. The Plaintiff requests a declaration regarding a purported attorney's lien improperly asserted by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

6.    Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-101. This Court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101 and Tenn. Code Ann. § 29-14-102.

**II.**                    **FACTUAL ALLEGATIONS**

7.    Plaintiff Hagh Law PLLC is a law firm in Nashville, Tennessee specializing in personal injury and wrongful death cases.

8.    On or around March 19, 2019, Afsoon Hagh of Hagh Law PLLC filed suit against Vanderbilt University Medical Center on behalf of Carla Miller in Davidson County Circuit Court (hereinafter "the Miller Case").

9.    On or around August 12, 2019, Phillip Young filed a "Notice of Attorney's Lien" in the Miller Case on behalf of Cummings Manookian PLC and Hammervold PLC.

10.    Neither Cummings Manookian PLC nor Hammervold PLC are attorneys in the Miller case or have performed any work in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to any payment or fee in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to a lien on any proceeds or damages awarded in the Miller Case.

11.    Phillip Young has been advised that neither Cummings Manookian PLC nor Hammervold PLC has any cognizable claim to a payment or fee in the Miller Case.

2

Case 3:19-bk-07235    Doc 19-1    Filed 12/20/19    Entered 12/20/19 07:07:26    Desc
Exhibit A    Page 2 of 5
Case 3:23-cv-00918    Document 3    Filed 09/14/23    Page 215 of 313 PageID #: 247

212

Defendant Young nevertheless refuses to strike, remove, or otherwise withdraw his attorney's lien in the Miller Case.

12. The recording and ongoing presence of the bogus attorney's lien has had and continues to have a negative effect on the progression and successful prosecution of the Miller Case resulting in damages to the Plaintiff.

**III.**                    **COUNT ONE – DECLARATORY JUDGMENT**

13. The allegations in the foregoing paragraphs are hereby incorporated by reference, as if set forth herein.

14. Tenn. Code Ann. § 29-14-102 provides that "Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

15. Tenn. Code Ann. § 29-14-102 additionally provides that "[t]he declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."

16. Tenn. Code Ann. § 29-14-101 provides that the purpose of this court's declaratory power "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

17. Tenn. Rule Civ. Pro. 57, Declaratory Judgments, provides that "[t]he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

3

Case 3:19-bk-07235   Doc 19-1   Filed 12/20/19   Entered 12/20/19 07:07:26   Desc
Exhibit A   Page 3 of 5
Case 3:23-cv-00918    Document 3    Filed 09/14/23    Page 216 of 313 PageID #: 248

213

18.     There is a bona fide controversy, uncertainty, and insecurity as to the propriety of the attorney's lien claimed and filed by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

### RELIEF REQUESTED

**WHEREFORE**, the Plaintiff requests the following:

1.     That proper process be issued and served upon the Defendants and the Defendant be required to appear and answer this Verified Complaint.

2.     That the court order a speedy hearing on this matter, advancing it on the court's calendar.

3.     That the court enter a judgment in favor of the Plaintiff declaring that neither Phillip Young, Cummings Manookian PLC, nor Hammervold PLC is entitled to an attorney's lien, payment, or a fee in the Miller Case.

4.     That the Plaintiff be awarded reasonable damages incurred as a result of the improper placement of the bogus attorney's lien, including its attorney's fees.

5.     That the Plaintiff be awarded its costs pursuant to Tenn. Code Ann. § 29-14-111.

6.     That the Plaintiff be awarded any such further and other general relief to which it may be entitled.

Case 3:19-bk-07235    Doc 19-1    Filed 12/20/19    Entered 12/20/19 07:07:26    Desc
Exhibit A    Page 4 of 5
Case 3:23-cv-00918    Document 3    Filed 09/14/23    Page 217 of 313 PageID #: 249

214

Respectfully Submitted,

**Afsoon Hagh, #28393**
Hagh Law PLC
45 Music Square West
Nashville, TN 37203
(615) 266-3653 (phone)
(615) 266-3655 (fax)
afsoon@haghlaw.com

5

Case 3:19-bk-07235   Doc 19-1   Filed 12/20/19   Entered 12/20/19 07:07:26   Desc
Exhibit A   Page 5 of 5
Case 3:23-cv-00918   Document 3   Filed 09/14/23   Page 218 of 313 PageID #: 250

215

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

D.F. CHASE, INC. et al.,            )
                                    )
      Plaintiff,              )
                                    )
v.                                  )            NO. 2019-221
                                    )
CUMMINGS MANOOKIAN PLC,             )
et al.,                             )
                                    )
      Defendants.             )

---

## NON-PARTY HAGH LAW'S REPLY IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND/ OR TEMPORARY INJUNCTION

---

## INTRODUCTION

Comes now, Non-Party Hagh Law and responds to Receiver Phillip Young's (the "CM Receiver") *ex parte* Motion for Temporary Restraining Order and Temporary Injunction seeking to indefinitely "freeze" $760,000 in funds earned by Hagh Law. That request should be denied on both procedural and substantive grounds.

Procedurally, Cummings Manookian filed for Chapter 7 Bankruptcy on November 6, 2019 prior to the CM Receiver seeking this present extraordinary relief. That bankruptcy filing both (a) automatically stayed any collection attempts and, importantly, (b) deprived the CM Receiver any standing or authority to act on behalf of Cummings Manookian or seek any relief for Cummings Manookian. As the CM Receiver himself acknowledges in his motion, any dispute wherein Cummings Manookian asserts rights to any property must be brought in the United States Bankruptcy Court for the Middle District of Tennessee by

1

the Chapter 7 Trustee. That is now the sole appropriate forum for this dispute, and it is fully open to the parties in this matter for adjudication of any dispute involving property alleged to belong to Cummings Manookian.

Substantively, the CM Receiver seeks to "freeze" an astounding amount of money earned by a totally separate law firm, despite the fact that neither Cummings Manookian, the CM Receiver, or the Chapter 7 Trustee has, to date, ever actually made any claim to those funds. Nor could they. Under the terms of Cummings Manookian's engagement with the Fitzgeralds, Cummings Manookian is simply not entitled to any payment of an attorney fee because Cummings Manookian unilaterally terminated the engagement.

As a result, the CM Receiver has no likelihood of success on the merits; and, in fact, has taken no steps to actually initiate any litigation on which it could succeed on the merits. That fact alone is determinative in denying his request for an indefinite "freeze" of $760,000.00. Moreover, the CM Receiver cannot establish the requisite immediate and irreparable harm as its purported harm is fully compensable by money damages; which, as a matter of law, is not "irreparable." This fact is, as well, dispositive.

## FACTS

### I. The Fitzgerald Matter.

Cummings Manookian was a Tennessee law firm founded by Brian Cummings and Brian Manookian in January of 2015 for the purpose of practicing plaintiff's law.[1] In May of 2018, Cummings Manookian was retained to represent the family of a deceased

---

[1] Declaration of Brian Manookian at Para. 2.

2

seventeen-year-old daughter whose death arose out of a motor vehicle accident.[2] The Cummings Manookian engagement agreement with the Fitzgerald contained specific terms regarding the parties rights and responsibilities relative to a termination of their relationship.[3]

In the event that the client terminated the relationship, the client remained responsible for all costs and expenses incurred prior to the termination, and Cummings Manookian would be entitled to receive from the proceeds of any recovery a reasonable fee for the work performed based upon the amount of time required, the complexity of the matter, the time frame within which the work was performed, and the results obtained.[4]

Conversely, if Cummings Manookian terminated the relationship, the engagement agreement provided that Cummings Manookian would only be entitled to receive advanced costs.[5]

On September 4, 2018, Brian Cummings provided written notice of his voluntary withdrawal as a member of Cummings Manookian.[6] On October 4, 2018, Brian Cummings formally left the firm as a member, partner, and attorney.[7]

On September 21, 2018, Brian Manookian was temporarily suspended from the practice of law with an effective date of December 7, 2018.[8] Pursuant to applicable Rules

---

[2] Declaration of Brian Manookian at Para. 3.
[3] Declaration of Brian Manookian at Para. 4
[4] *Id.*
[5] *Id.*
[6] Declaration of Brian Manookian at Para. 5.
[7] *Id.*
[8] Declaration of Brian Manookian at Para. 6.

3

of Professional Conduct, on October 11, 2018, Mr. Manookian moved to withdraw as counsel in the Fitzgerald matter.[9]

On December 7, 2018, Brian Manookian gave written notice to the Fitzgeralds of his withdrawal and the withdrawal of Cummings Manookian as their counsel, and requested in writing that they obtain another firm or attorney to represent them.[10] Pursuant to the terms of the engagement agreement, Cummings Manookian specifically disclaimed any portion of an attorney's fee, but exercised its right to reimbursement for all advanced costs and expenses, which were estimated to be less than three thousand dollars ($3,000).[11]

Because Brian Cummings had left the firm, and Mr. Manookian was suspended from the practice Brian Manookian of law, Cummings Manookian ceased operating as a law firm and its cases were transferred to other firms and attorneys capable of handling those specific matters.[12] A number of the medical malpractice cases were taken on by Brian Cummings with Cummings Law given his expertise and experience in the field.[13]

The Fitzgeralds elected not to retain Brian Cummings and instead retained Afsoon Hagh of Hagh Law to pursue their case.[14] Afsoon Hagh has significant experience in trying motor vehicle accident cases (such as the Fitzgerald matter) to juries in Tennessee.[15] Afsoon Hagh and Hagh Law subsequently settled the Fitzgerald case on behalf of the Plaintiffs.[16]

---

[9] *Id.*
[10] Declaration of Brian Manookian at Para. 7.
[11] *Id.*
[12] Declaration of Brian Manookian at Para. 8.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] Declaration of Brian Manookian at Para. 9.

4

In connection with this action, Brian Manookian informed Receiver Phillip Young no later than August 27, 2019, that Cummings Manookian may be entitled to reimbursement of advanced expenses and costs in the Fitzgerald case, but that it was not entitled to any portion of an attorney's fee award.[17]

On September 17, 2019, Brian Manookian met with Receiver Phillip Young and provided him with the engagement agreement as well as notice of termination in the Fitzgerald Case.[18] Mr. Young had actual knowledge by September 17, 2019 that the engagement agreement provided that Cummings Manookian would only be entitled to reimbursement of advanced expenses in the event that Cummings Manookian terminated its representation.[19] Likewise, Mr. Young had actual knowledge that Cummings Manookian had terminated its representation of the Fitzgeralds.[20] Mr. Young omitted those facts from his *ex parte* Motion for Temporary Restraining Order.

## II. Cummings Manookian's Filing of Bankruptcy.

On November 6, 2019, Cummings Manookian filed for bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee.[21] As a result of that filing a Chapter 7 Trustee was appointed to handle Cummings Manookian's affairs and collections and other actions against Cummings Manookian were automatically stayed.[22]

---

[17] Declaration of Brian Manookian at Para. 10.
[18] Declaration of Brian Manookian at Para. 11.
[19] *Id.*
[20] *Id.*
[21] Declaration of Brian Manookian at Para. 12.
[22] *Id.*

# ARGUMENT

**I.     These proceedings are subject to the automatic stay entered by the United States Bankruptcy Court for the Middle District of Tennessee, and that is the appropriate forum for adjudicating any dispute.**

Cummings Manookian filed for Chapter 7 Bankruptcy on November 6, 2019. As a consequence, all matters and disputes regarding any property that purportedly belongs to Cummings Manookian or is owed to Cummings Manookian must be adjudicated in that forum. The CM Receiver acknowledges that fact both in his request for issuance of an injunction (which was filed after institution of the bankruptcy proceeding), and in his application to serve as special counsel in the bankruptcy proceeding itself.[23]

If Cummings Manookian seeks to enjoin any activity it must do so through an adversary proceeding in the United State Bankruptcy Court through the Chapter 7 Trustee. Nothing prevents Cummings Manookian from seeking such an injunction in the appropriate forum and through its appropriate representative.

**II.    The Receiver lacks standing or authority to seek relief on behalf of Cummings Manookian following appointment of the Chapter 7 Trustee.**

As a result of the bankruptcy filing, a Chapter 7 Trustee has been appointed to oversee and administer the assets and debts of Cummings Manookian. That individual is solely vested with the power of determining whether Cummings Manookian is owed money, by whom, and in what fashion such funds should be pursued. As a result, the CM Receiver has no standing or authority to pursue an injunction on behalf of Cummings

---

[23] ("With the Debtor's Chapter 7 filing, there is nothing further for me to do as receiver over the Debtor's choses of action in Circuit Court...") Declaration of Phillip Young, In Re: Cummings Manookian, United Stated Bankruptcy Court for the Middle Distrct of Tennessee, Case No: 3:19-bk-07235.

6

Manookian.  Any such request must come from the Chapter 7 Trustee, and in the forum of the United States Bankruptcy Court.  The CM Receiver has acknowledged the same in filings with the Bankruptcy Court himself.  ("With the Debtor's Chapter 7 filing, there is nothing further for me to do as receiver over the Debtor's choses of action in Circuit Court...").[24]

### III.    In any event, Cummings Manookian is not entitled to any portion of the fee earned by Hagh Law.

As laid out in the facts section above and the Declaration of Brian Manookian, Cummings Manookian is simply not entitled to any portion of the Fitzgerald attorney's fee. Cummings Manookian failed to perform under the terms of the Engagement Agreement when one of its partners left the firm and the other was involuntarily suspended from the practice of law.  As a result, Cummings Manookian unilaterally terminated the Engagement Agreement.   Pursuant to the very terms of the Engagement Agreement, Cummings Manookian is only entitled to reimbursement of advanced expenses, which are estimated to be less than three thousand dollars ($3,000.00).

### IV.    Cummings Manookian, to date, has never presented any claim alleging that it is entitled to any portion of the fee earned by Hagh Law.

Despite seeking to freeze $760,000 in funds owned by Hagh Law, neither the CM Receiver, Cummings Manookian, nor the Chapter 7 Trustee has ever made any claim to any portion of the Fitzgerald attorney's fee.  The reason for that fact is self-evident.

---

[24] Declaration of Phillip Young, In Re: Cummings Manookian, United Stated Bankruptcy Court for the Middle District of Tennessee, Case No: 3:19-bk-07235.

Cummings Manookian is not entitled to any portion of a fee under the express language of its Engagement Agreement and Notice of Withdrawal. Rather, Cummings Manookian is likely entitled to some reimbursement of advanced costs and expenses; the amount of which represents less than one half of one percent of the funds the CM Receiver seeks to indefinitely encumber.

**V.      Even if Cummings Manookian was entitled to any payment of attorney's fees such payment would not approach the amount the Receiver seeks to encumber.**

Cummins Manookian never received any offers of settlement during the time it worked on the Fitzgerald matter, and it did not secure any recovery for the Fitzgeralds either by way of settlement or jury verdict.[25] Prior to Cummings Manookian terminating its representation of the Fitzgeralds, Brian Manookian was the only attorney actively working on the case.[26] Mr. Manookian spent no more than 160 hours working on the Fitzgerald matter prior to Cummings Manookian's withdrawal.[27]

Mr. Manookian is a 2007 graduate of Vanderbilt University School of Law where he served on Law Review.[28] He specializes in plaintiff's cases and has enjoyed success in doing so.[29] By May or 2018, Mr. Manookian had personally recovered tens of millions of dollars as lead counsel on behalf on injured plaintiffs in Tennessee, including millions of dollars for victims of motor vehicle accidents.[30] Based on his education, skill, and

---

[25] Declaration of Brian Manookian at Para. 13.
[26] Declaration of Brian Manookian at Para. 14.
[27] Declaration of Brian Manookian at Para. 15.
[28] Declaration of Brian Manookian at Para. 16.
[29] *Id.*
[30] *Id.*

experience, Mr. Manookian believes a reasonable rate for his time would be $300 per hour.[31]

Thus, even if Cummings Manookian ever does make a formal claim to any portion of the fee in the Fitzgerald Case, that fee would be subject to the limited number of hours invested and the lack of results obtained. For example, if Cummings Manookian were compensated for Mr. Manookian's time at a rate of $300 per hour, the fee would be less than $50,000. Thus, the amount of money the CM Receiver seeks to encumber lacks not only any rational relationship to the contractual provisions of the Engagement Agreement but also to the actual work done by Cummings Manookian.

## VI. The CM Receiver has failed to demonstrate the necessary elements for issuance of an injunction.

The CM Receiver completely ignores the requirement of demonstrating a likelihood of success on the merits in terms of actually demonstrating Cummings Manookian's right to any portion of the attorney's fee. Rather, he simply argues that the Court previously ordered the funds deposited with the Clerk of Court.[32] But the underlying merits for which success must be demonstrated are whether Cummings Manookian is even entitled to any portion of the Fitzgerald fee. Because it indisputably and objectively is not, the CM Receiver cannot meet its burden.

---

[31] *Id.*
[32] After receiving a copy of the signed order directing the funds to be deposited with the Clerk, Hagh Law attempted to have cashier's checks issued accomplishing the same, but the CM Receiver had, at that point, served upon the bank an Order freezing the funds which prevented Hagh Law from doing so.

9

In addition to a likelihood of success on the merits, a moving party <u>must demonstrate that it will suffer irreparable harm in the absence of an injunction</u>. Specifically, "a plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002); *See also Murfreesboro Medical Clinic, P.A. v. Udom*, 2004 WL 193049, at *2 (Tenn. Ct. App. 2004) (reversed on other grounds) (internal citations omitted).

The CM Receiver's request is, by definition, fully compensable by monetary damages. As a result, it simply is not subject to an award of extraordinary relief. If Cummings Manookian – through the Chapter 7 Trustee – ultimately makes a claim to some portion of the Fitzgerald attorney's fee, any compensation will be by award of money damages. The CM Receiver's request is not the type for which preliminary injunctive relief is available. Rather it is akin to a personal injury plaintiff requesting that a defendant's assets be frozen not only prior to any damages being awarded, but prior to any suit being filed.

## IX. Less drastic means exist to accomplish the same result.

Hagh Law desires to work through any issues regarding Cummings Manookian's potential future claims to any portion of the Fitzgerald fee. To that end, Hagh Law previously agreed to embargo $760,000 while the CM Receiver investigated the facts and circumstances of Cummings Manookian's termination of its representation of the Fitzgerald. Hagh Law did so in order to preserve the settlement in that case and to permit

10

all parties to reasonably assure themselves that Cummings Manookian was not entitled to a fee.

The amount of $760,000 was apparently selected because that was the amount of a sanctions judgment previously awarded against Cummings Manookian; not because it represents any estimate of funds owed Cummings Manookian or compensation for work performed by Cummings Manookian. Hagh Law was not involved in the underlying sanctions judgment, nor did it participate in any way in that case. Hagh Law objects to the indefinite freeze of funds that it earned in representation of a client with no end date or action even initiated by Cummings Manookian.

Hagh Law maintains that the CM Receiver's request for an injunction must be denied for all of the reasons stated above. However, to the extent this Court entertains the CM Receiver's request – now that a bankruptcy proceeding is pending – Hagh Law maintains that a significantly reduced amount of funds (representing the actual estimate of work done by Cummings Manookian) should be held in trust for a period of no more than thirty days to allow the Chapter 7 Trustee to pursue whatever remedies – including injunctive relief – it chooses within the bankruptcy proceeding.

## CONCLUSION

For all of the above reasons, the CM Receiver's Request should be denied. To the extent not denied, the Court should order less than $100,000.00 be frozen in Hagh Law's trust account for thirty (30) days in order for the Chapter 7 Trustee to take whatever action she deems fit.

11

Respectfully submitted,

**John Spragens, No. 31445**
Spragens Law PLC
1200 16th Ave. S.
Nashville, TN 37212
T: (615) 983-8900
F: (615) 682-8533

**Afsoon Hagh, No. 28393**
Hagh Law
47 Music Square West
Nashville, TN 37203

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, a true and correct copy of this document was provided, via facsimile, to the following:

Daniel Puryear, Esq.

Greg Oakley, Esq.

Phillip Young, Esq.

Afsoon Hagh

12

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

D.F. CHASE, INC. et al.,                   )
                                           )
     Plaintiff,              )
                                           )
v.                                         )    NO. 2019-221
                                           )
CUMMINGS MANOOKIAN PLC,                    )
et al.,                                    )
                                           )
     Defendants.             )

---

## DECLARATION OF BRIAN MANOOKIAN

Pursuant to Tennessee Rule of Civil Procedure, Brian Manookian declares as follows.

1.    I am an adult over the age of eighteen and am competent to make this declaration. I have personal knowledge of the matters stated herein.

2.    In January of 2015, I formed the law firm Cummings Manookian with Brian Cummings. The firm consisted of two lawyers – Brian Manookian and Brian Cummings – who served as partners in the firm. Cummings Manookian focused on plaintiff's side law with a particular specialty in medical malpractice cases.

3.    In May of 2018, I was asked by Marty and Melissa Fitzgerald to represent them in a case involving the death of their seventeen-year-old daughter in a motor vehicle accident. I agreed to do so, and they entered into a standard Cummings Manookian engagement agreement retaining me as their lawyer.

4.    The engagement agreement provided that both the client and Cummings Manookian had the right to terminate their relationship.

1

a. In the event that the client terminated the relationship, the client remained responsible for all costs and expenses incurred prior to the termination, and Cummings Manookian would be entitled to receive from the proceeds of any recovery a reasonable fee for the work performed based upon the amount of time required, the complexity of the matter, the time frame within which the work was performed, and the results obtained.

b. Conversely, if Cummings Manookian terminated the relationship, the engagement agreement provided that Cummings Manookian would only be entitled to receive advanced costs.

5.     On September 4, 2018, Brian Cummings provided written notice of his voluntary withdrawal as a member of Cummings Manookian. On October 4, 2018, Brian Cummings formally left the firm as a member, partner, and attorney.

6.     On September 21, 2018, I was temporarily suspended from the practice of law with an effective date of December 7, 2018. Pursuant to applicable Rules of Professional Conduct, on October 11, 2018, I moved to withdraw as counsel in the Fitzgerald matter.

7.     On December 7, 2018, I gave written notice to the Fitzgeralds of my withdrawal and the withdrawal of Cummings Manookian as their counsel, and to request in writing that they obtain another firm or attorney to represent them. Pursuant to the terms of the engagement agreement, Cummings Manookian specifically disclaimed any portion of an attorney's fee, but exercised its right to reimbursement for all advanced costs and expenses, which I estimated to be less than three thousand dollars ($3,000).

8.     Because Brian Cummings had left the firm, and I was suspended from the practice of law, Cummings Manookian ceased operating as a law firm and its cases were transferred to

2

other firms and attorneys capable of handling those specific matters. A number of the medical malpractice cases were taken on by Brian Cummings with Cummings Law given his expertise and experience in the field. The Fitzgeralds elected not to retain Brian Cummings and instead retained Afsoon Hagh of Hagh Law to pursue their case. Afsoon Hagh has significant experience in trying motor vehicle accident cases (such as the Fitzgerald matter) to juries in Tennessee.

9.     Afsoon Hagh and Hagh Law subsequently settled the Fitzgerald case on behalf of the Plaintiffs.

10.     I informed Receiver Phillip Young no later than August 27, 2019, that Cummings Manookian may be entitled to reimbursement of advanced expenses and costs in the Fitzgerald case but that it was not entitled to any portion of an attorney's fee award.

11.     On September 17, 2019, I met with Receiver Phillip Young and provided him with the engagement agreement as well as notice of termination in the Fitzgerald Case. Mr. Young had actual knowledge by September 17, 2019 that the engagement agreement provided that Cummings Manookian would only be entitled to reimbursement of advanced expenses in the event that Cummings Manookian terminated its representation. Likewise, Mr. Young had actual knowledge that Cummings Manookian had terminated its representation of the Fitzgeralds.

12.     On November 6, 2019, Cummings Manookian filed for bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee. As a result of that filing a Chapter 7 Trustee was appointed to handle Cummings Manookian's affairs and collections and other actions against Cummings Manookian were automatically stayed.

13.     At no time during Cummings Manookian's representation of the Fitzgeralds was an offer to settle the matter received. Cummings Manookian did not effectuate any settlement of the case or the payment of monies to the Fitzgeralds.

3

14.     Between May 2018 when the Fitzgeralds retained Cummings Manookian and December 2018 when Cummings Manookian terminated the relationship, I was the sole attorney actively working on the case. Brian Cummings did not participate in any way in the case.

15.     I spent no more than 160 hours working on the Fitzgerald case during the time that they were represented by Cummings Manookian. While Cummings Manookian is not entitled to any portion of an attorney's fee award in that matter, if the Court were to require payment to Cummings Manookian, I believe a reasonable rate for my time would be $300 per hour.

16.     I believe $300 per hour is a fair rate for my time based upon my education, skill, and experience. I am a 2007 graduate of Vanderbilt Law School where I served on Law Review. I specialize in plaintiff's cases. By May of 2018, I had personally recovered tens of millions of dollars as lead counsel on behalf of injured plaintiffs in Tennessee, including millions of dollars for victims of motor vehicle accidents.

17.     Cummings Manookian has no agreement or contract with Hagh Law requiring that Hagh Law pay any portion of any attorney's fee in the Fitzgerald matter to Cummings Manookian.

I declare under penalty of perjury the foregoing is true and correct.

Brian Manookian                December 4, 2019

4

LAW OFFICE

## JEANNE ANN BURTON, PLLC

4117 HILLSBORO PIKE, SUITE 103-116

NASHVILLE, TENNESSEE 37215

JEANNE ANN BURTON
EMAIL: jeanne.burton@comcast.net

TELEPHONE (615) 678-6960

January 2, 2020

**Certified Mail and U.S. Mail**

Afsoon Hagh, Esq.
Hagh Law PLLC
45 Music Square West
Nashville, TN 37203

RE: Cummings Manookian, PLLC
Bankruptcy Case No: 319-07235-CW-7

Dear Ms. Hagh,

I am the Chapter 7 Trustee in the Bankruptcy case referenced above, filed on November 6, 2019.
I am aware of the complaint for damages and declaratory relief you filed on December 19, 2019
in the Davidson County Circuit Court (Case No. 19C2966). Please see the attached Suggestion of
Bankruptcy to be filed in the case.

I know you were aware of the bankruptcy filing prior to filing the above referenced complaint
since John Spragens represented Hagh Law in a hearing before Judge David Allen on December
10, 2019.

I request that you promptly dismiss the case against the Debtor, with prejudice, and provide me
with notice of same.

Sincerely,

Jeanne Ann Burton, Trustee

enc.

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| HAGH LAW PLLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 19C2966 |
| | ) |
| PHILLIP YOUNG, CUMMINGS | ) |
| MANOOKIAN PLC, HAMMERVOLD | ) |
| PLC, | ) |
| | ) |
| | ) |
| Defendants, | ) |
| | ) |

## SUGGESTION OF BANKRUPTCY AS TO
## DEFENDANT CUMMINGS MANOOKIAN, PLLC

Comes now Jeanne Ann Burton, Chapter 7 Trustee of Cummings Manookian, PLLC (the "Trustee"), and hereby notifies this Court and all parties that Cummings Manookian, PLLC filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee, Case No. 3:19-bk-07235, on November 6, 2019, prior to the filing of the Complaint on December 19, 2019. Trustee respectfully submits this post-petition action is stayed as to Cummings Manookian, PLLC, pursuant to 11 U.S.C. §362 unless and until ordered otherwise by the Bankruptcy Court.

This document is being filed for informational purposes only, and does not constitute a notice of appearance by the Trustee.

Upon information and belief, Cummings Manookian, PLLC and Cummings Manookian PLC are one and the same entity.

Respectfully submitted,

Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone: 615.678.6960

## CERTIFICATE OF SERVICE

I hereby certify that, on _Dec. 2 2020_, a true and exact copy of the foregoing was served via the Court's electronic case filing system and/or U. S. Mail, postage prepaid, to:

Afsoon Hagh, Esq.
Hagh Law PLLC
45 Music Square West
Nashville, TN 37203

Mark Hammervold, Esq.
Hammervold PLC
1758 N. Artesian Ave.
Chicago, IL 60647-5311

Phillip Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Cir., Ste. 200
Franklin, TN 37067

Jeanne Ann Burton, Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |

## NOTICE OF APPEARANCE AND REQUEST FOR NOTICE

Pursuant to Rules 2002, 4001 and 9010 of the Federal Rules of Bankruptcy Procedure and any other applicable provisions of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code or Local Rules, the undersigned attorney who represents Afsoon Hagh and Hagh Law, PLLC hereby requests that any notice that must be or is sent to any creditor, any official committee or any other party in interest in or related to this case (whether sent by the Court, the U.S. Trustee, the Trustee or any person or other entity involved in the case) also be sent to the following:

Craig V. Gabbert, Jr. (BPR 004702)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6277
cgabbert@bassberry.com

This request includes, without limitation, all orders, proposed orders, notices (including notices of any and all proposed abandonments, sales of property or other actions), applications, motions, petitions, pleadings, requests, complaints, demands, plans and disclosure statements, whether formal, informal, written or oral.

Pursuant to Rule 2002(g) of the Federal Rules of Bankruptcy Procedure, it is further requested that the names and addresses of said party in interest and attorneys be used and added to the Court's master mailing list(s).

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6277
cgabbert@bassberry.com

*Attorney for Afsoon Hagh and*
*Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed January 31, 2020, and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ Craig V. Gabbert, Jr.

27763986.1

Form hrgnot

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

---

Bankruptcy Proceeding No.  3:19−bk−07235
Chapter 7
Judge  Charles M Walker

In Re:
    CUMMINGS MANOOKIAN, PLLC
    45 MUSIC SQUARE WEST
    NASHVILLE, TN 37203

Social Security No.

Employer's Tax I.D. No.
    47−2636732

---

PLEASE TAKE NOTICE that a hearing will be held at:

Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203 on 2/18/20 at 10:00 AM

to consider and act upon the following:

*35* − Motion For Sanctions for Violation of the Automatic Stay Certificate of Service mailed on 1/31/2020. Filed on the behalf of: Trustee JEANNE ANN BURTON. (BURTON, JEANNE)

Dated: 2/3/20                                    /s/ TERESA C. AZAN
                                                 Clerk, U.S. Bankruptcy Court

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

IN RE:                                )
                                      )          **Case No. 3:19-bk-07235**
**CUMMINGS MANOOKIAN, PLLC,**         )          **Chapter 7**
                                      )          **Judge Walker**
              Debtor.                 )

---

## NOTICE OF APPEARANCE AND REQUEST FOR NOTICE

---

Pursuant to Rules 2002, 4001 and 9010 of the Federal Rules of Bankruptcy Procedure and any other applicable provisions of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code or Local Rules, the undersigned attorney who represents Afsoon Hagh and Hagh Law, PLLC hereby requests that any notice that must be or is sent to any creditor, any official committee or any other party in interest in or related to this case (whether sent by the Court, the U.S. Trustee, the Trustee or any person or other entity involved in the case) also be sent to the following:

> Glenn B. Rose (BPR 010598)
> Bass, Berry & Sims PLC
> 150 Third Ave. S., Suite 2800
> Nashville, TN 37201
> (615) 742-6200
> grose@bassberry.com

This request includes, without limitation, all orders, proposed orders, notices (including notices of any and all proposed abandonments, sales of property or other actions), applications, motions, petitions, pleadings, requests, complaints, demands, plans and disclosure statements, whether formal, informal, written or oral.

Pursuant to Rule 2002(g) of the Federal Rules of Bankruptcy Procedure, it is further requested that the names and addresses of said party in interest and attorneys be used and added to the Court's master mailing list(s).

Respectfully submitted,

/s/ Glenn B. Rose
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 010598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and*
*Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed February 4, 2020, and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ Glenn B. Rose

27765641.1

```
In re:                                                    Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                  Chapter 7
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0650-3        User: leq0323        Page 1 of 1           Date Rcvd: Feb 03, 2020
                            Form ID: hrgnot       Total Noticed: 5
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 05, 2020.
db              +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
intp            +Afsoon Hagh,   45 Music Square W,   Nashville, TN 37203-3205
                +HAGH LAW PLLC,   ATTN AFSOON HAGH, ESQ,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
                +JOHN SPRAGENS, ESQ,   ATTORNEY FOR HAGH LAW PLLC AND,   AFSOON HAGH,   SPRAGENS LAW PLC,
                 311 22ND AVE N,   NASHVILLE, TN 37203-1843

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr               E-mail/Text: jeanne.burton@comcast.net Feb 04 2020 02:43:16     JEANNE ANN BURTON,
                 Jeanne Ann Burton PLLC,   4117 Hillsboro Pk,   Suite 103-116,   NASHVILLE, TN  37215
                                                                                              TOTAL: 1

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

```
Date: Feb 05, 2020                           Signature:   /s/Joseph Speetjens
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 3, 2020 at the address(es) listed below:
          CRAIG VERNON GABBERT, JR    on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
           bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Interested Party    Hagh Law, PLLC cgabbert@bassberry.com,
           bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Interested Party Afsoon  Hagh cgabbert@bassberry.com,
           bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Defendant    Hagh Law PLLC cgabbert@bassberry.com,
           bankr@bassberry.com;delores.walker@bassberry.com
          DANIEL HAYS PURYEAR    on behalf of Creditor    D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
           paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR    on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
           paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR    on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
           paralegalgroup@puryearlawgroup.com
          HARRY R CASH    on behalf of Creditor    Grant, Konvalinka & Harrison, P.C. hcash@gkhpc.com,
           hdowney@gkhpc.com
          JEANNE ANN BURTON     TN24@ecfcbis.com
          JOHN TATE SPRAGENS    on behalf of Defendant    Hagh Law PLLC JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS    on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
          LEFKOVITZ AND LEFKOVITZ, PLLC    on behalf of Debtor    CUMMINGS MANOOKIAN, PLLC
           slefkovitz@lefkovitz.com,
           stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
           cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
           es@lefkovitz.com
          PHILLIP G YOUNG    on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
          PHILLIP G YOUNG    on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
          PHILLIP L NORTH    on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor    Middle Tennessee Pulmonary pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor George  Robertson, M.D. pn@npr.legal
          US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                                                                   TOTAL: 19
```

Form hrgnot

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

Bankruptcy Proceeding No. 3:19−bk−07235
Chapter 7
Judge Charles M Walker

In Re:
    CUMMINGS MANOOKIAN, PLLC
    45 MUSIC SQUARE WEST
    NASHVILLE, TN 37203
Social Security No.

Employer's Tax I.D. No.
    47−2636732

PLEASE TAKE NOTICE that a hearing will be held at:

Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203 on 2/18/20 at 10:00 AM

to consider and act upon the following:

*35* − Motion For Sanctions for Violation of the Automatic Stay Certificate of Service mailed on 1/31/2020. Filed on the behalf of: Trustee JEANNE ANN BURTON. (BURTON, JEANNE)

Dated: 2/3/20                                    /s/ TERESA C. AZAN
                                                 Clerk, U.S. Bankruptcy Court

IN THE UNITED STATES BANKRUPTCY COURT FOR THE  FILED
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE 2020 FEB -7 AM 11: 19

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF TN.

IN RE:                                    )
                                          )
CUMMINGS MANOOKIAN, PLLC        )    Case No: 3:19-bk-07235
                                          )    Chapter 7
                                          )    Judge Walker
        Debtor.                          )

---

## BRIAN MANOOKIAN'S RESPONSE TO TRUSTEE'S MOTION TO COMPEL

---

Brian Manookian, as the owner of the Debtor (Cummings Manookian, PLC), files this Response to Trustee's Motion to Compel.

1.      The Trustee represents that she has made repeated requests for the documents for which she seeks a turnover. That representation is false. In fact, her Motion to Compel is the first request for a number of the documents she identifies, and such a request could and should have been made via correspondence rather than unnecessary motion practice.

2.      Mr. Manookian has been working and will continue to work proactively with the Trustee to identify and secure any documents in his possession, custody, or control that the Trustee requests. With respect to each of the specific categories of documents, Mr. Manookian responds as follows:

a-c.    Mr. Manookian does not possess any bank statements, credit card statements, or tax returns and schedules for Cummings Manookian that he has not already turned over. Brian Cummings was responsible for the Debtor's banking and financial operations. Mr. Manookian is happy to help coordinate between the

1

Trustee, Brian Cummings, and any other third-parties to secure the materials she desires.

d-i.    Mr. Manookian is working to identify and secure these case specific documents. He believes he can complete the task within the next thirty (30) days. With respect to documents evidencing expenses advanced on behalf of clients, Mr. Manookian believes some of those materials may reveal attorney work-product by identifying non-testifying consulting experts. Mr. Manookian will work with the Trustee to devise a method of providing her those materials without revealing potentially privileged information regarding clients' cases.

j.    Mr. Manookian has requested a copy of the subject lease and will provide it promptly to the Trustee upon receipt.

k.    Mr. Manookian does not have any documents evidencing the Debtor's purchase or ownership of equipment, furnishings or other personal property.

l.    Mr. Manookian is working to identify any such vendors, however, the Debtor primarily conducted business in one-off transactions with individuals such as expert witnesses and court reporters.

m.    This request is overly broad and unduly burdensome. Mr. Manookian has voluminous correspondence with Grant, Konvalinka & Harrison discussing litigation strategy and other issues both unrelated to this matter and likely privileged. Mr. Manookian has no objection to providing the Trustee with signed engagement letters, disengagement letters, and invoices.

2

WHEREFORE, Mr. Manookian does not oppose the overwhelming majority of the Trustee's requests and will work with the Trustee to promptly secure and turn over the sought materials. For those materials outside of Mr. Manookian's possession, custody, or control, Mr. Manookian will identify for the Trustee the individuals or entities who are likely to have such materials.

Respectfully submitted,

Brian Manookian
45 Music Square West
Nashville, TN 37203
T: 615.266.3333
F: 615.266.0250

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response was electronically served via the ECF filing system to the following individuals on December February 7, 2020:

Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pk Ste 103-116
Nashville, TN 37215

United States Trustee
701 Broadway, Customs House, Suite 318
Nashville, TN 37203

Phillip G. Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Cir., Ste 200
Franklin, TN 37067

3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

CUMMINGS MANOOKIAN, PLLC } Case No. 3:19-bk-07235
45 MUSIC SQUARE WEST }
NASHVILLE, TN 37203 } Chapter 7
SSN: 47-2636732 }
} Judge Walker

Debtor(s).

## RESPONSE OF THE DEBTOR(S) TO THE MOTION AND NOTICE TO COMPEL TURNOVER OF RECORDS BY CHAPTER 7 TRUSTEE

Comes the Debtor(s), through counsel, and for response to the Motion and Notice to Compel Turnover of Records by Chapter 7 Trustee, and would object to said motion. In support, Brian Manookian, as an individual and party in interest, has filed a response to the Motion and Notice to Compel Turnover of Records (Docket No. 41). Debtor is willing to cooperate with the Chapter 7 Trustee's request for records as set forth in said response. As such, to the extent there is any question as to documents that the Debtor can and is willing to turn over, Debtor incorporates and adopts by reference the response filed by Brian Manookian (Docket No. 41) that details out his ability to effectuate such request.

Wherefore, the Debtor(s), prays that the Motion filed herein be dismissed with costs, if any, taxed to the Movant.

Respectfully submitted,

/s/Steven L. Lefkovitz
Steven L. Lefkovitz, No. 5953
Attorney for Debtor
618 Church Street, Ste 410
Nashville, TN 37219
615-256-8300
615-255-4516 fax
slefkovitz@lefkovitz.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was sent to all other parties of interest to receive notice electronically via CM/ECF on February 7, 2020.

/s/ Steven L. Lefkovitz
Steven L. Lefkovitz

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |

---

## [PROPOSED] AGREED ORDER

---

This case is before the Court on the Trustee's Motion for Sanctions for Violation of the Automatic Stay Provisions of 11 U.S.C. §362(a) ("Motion for Sanctions")(Docket No. 35) seeking sanctions against Afsoon Hagh and Hagh Law PLLC for violation of the automatic stay provisions of 11 U.S.C. §362(a) by filing a complaint in the Circuit Court for Davidson County, Tennessee, *Hagh Law PLLC v. Phillip Young, Cummings Manookian PLC and Hammervold PLC*, Docket #19C2966 ("Complaint"). It appears to the Court from signature below that the Complaint was voluntarily dismissed and that based on the dismissal, the Trustee and Counsel for Afsoon Hagh and Hagh Law PLLC have agreed the Motion for Sanctions is moot,

IT IS THEREFORE ORDERED that:

1.      the Trustee's Motion for Sanctions for Violation of the Automatic Stay Provisions of 11 U.S.C. §362(a) ("Motion for Sanctions")(Docket No. 35) is hereby moot; and,

2.      the hearing scheduled for February 18, 2020 at 10:00 AM in Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203 is cancelled.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.

Submitted for entry by:

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 010598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorneys for Afsoon Hagh and
Hagh Law, PLLC*

and

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
417 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone: 615.678.6960
Jeanne.burton@comcast.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed February 7, 2020, and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ Craig V. Gabbert, Jr.

27797383.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

IN RE:                                    )
                                          )
CUMMINGS MANOOKIAN, PLLC,                  )    Case No. 3:19-bk-07235
     Debtor.                             )    Chapter 7
                                          )    Judge Walker
                                          )

---

## JOINT MOTION TO CONTINUE HEARING ON
## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

Come now Jeanne Ann Burton, Trustee (the "Trustee") and Cummings Manookian, PLLC (the "Debtor), by and through counsel, and jointly request a two week continuance of the hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion"). In support for this request, the parties state that the Debtor is working on gathering the requested documents and that an additional two weeks should help minimize any issues that must be discussed with the Court.

Accordingly, counsel for the Trustee and the Debtor have agreed that it is appropriate to continue the hearing on the Motion until for two weeks. Therefore, the parties request that the hearing currently scheduled for February 18, 2020 at 10:00 a.m. be reset on March 3, 2020.

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/ Steven L. Lefkovitz
Steven L. Lefkovitz
Lefkovitz & Lefkovitz
618 Church Street, #410
Nashville, TN 37219
Tel: (615) 256-8300
slefkovitz@lefkovitz.com

Counsel for the Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:                          )

                             )

**CUMMINGS MANOOKIAN, PLLC,**     )    **Case No. 3:19-bk-07235**
        **Debtor.**                    )    **Chapter 7**
                             )    **Judge Walker**

---

## AGREED ORDER CONTINUING HEARING ON
## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on February 18, 2020. Upon consideration of the Joint Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee and the Debtor, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on February 18, 2020 at 10:00 a.m. is hereby be reset to _____, 2020 at ____ a.m.      in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

---

| THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE |
|---|

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee



/s/ Steven L. Lefkovitz
Steven L. Lefkovitz
Lefkovitz & Lefkovitz
618 Church Street, #410
Nashville, TN 37219
Tel: (615) 256-8300
slefkovitz@lefkovitz.com

Counsel for the Debtor

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 2/13/2020



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **Debtor.** | ) | |

**[~~PROPOSED~~] AGREED ORDER**

This case is before the Court on the Trustee's Motion for Sanctions for Violation of the Automatic Stay Provisions of 11 U.S.C. §362(a) ("Motion for Sanctions")(Docket No. 35) seeking sanctions against Afsoon Hagh and Hagh Law PLLC for violation of the automatic stay provisions of 11 U.S.C. §362(a) by filing a complaint in the Circuit Court for Davidson County, Tennessee, *Hagh Law PLLC v. Phillip Young, Cummings Manookian PLC and Hammervold PLC*, Docket #19C2966 ("Complaint"). It appears to the Court from signature below that the Complaint was voluntarily dismissed and that based on the dismissal, the Trustee and Counsel for Afsoon Hagh and Hagh Law PLLC have agreed the Motion for Sanctions is moot,

IT IS THEREFORE ORDERED that:

1. the Trustee's Motion for Sanctions for Violation of the Automatic Stay Provisions of 11 U.S.C. §362(a) ("Motion for Sanctions")(Docket No. 35) is hereby moot; and,

2. the hearing scheduled for February 18, 2020 at 10:00 AM in Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203 is cancelled.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.

Submitted for entry by:

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 010598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorneys for Afsoon Hagh and
Hagh Law, PLLC*

and

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
417 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone: 615.678.6960
Jeanne.burton@comcast.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed February 7, 2020, and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ Craig V. Gabbert, Jr.

27797383.1

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 2/13/2020



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

IN RE:                       )

                                )

**CUMMINGS MANOOKIAN, PLLC,**   )   **Case No. 3:19-bk-07235**
      **Debtor.**                  )   **Chapter 7**
                                )   **Judge Walker**

---

## AGREED ORDER CONTINUING HEARING ON
## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on February 18, 2020. Upon consideration of the Joint Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee and the Debtor, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on February 18, 2020 at 10:00 a.m. is hereby be reset to ___March 3___, **2020 at** _9:00_**a.m.**    in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

| |
|---|
| THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE |

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee



/s/ Steven L. Lefkovitz
Steven L. Lefkovitz
Lefkovitz & Lefkovitz
618 Church Street, #410
Nashville, TN 37219
Tel: (615) 256-8300
slefkovitz@lefkovitz.com

Counsel for the Debtor

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

In re:                                                          Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                        Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0650-3          User: anm0611          Page 1 of 1          Date Rcvd: Feb 13, 2020
                              Form ID: pdf001        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 15, 2020.
db            +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 15, 2020                        Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 13, 2020 at the address(es) listed below:
          CRAIG VERNON GABBERT, JR    on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Interested Party    Hagh Law, PLLC cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Interested Party Afsoon  Hagh cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Defendant    Hagh Law PLLC cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          DANIEL HAYS PURYEAR    on behalf of Creditor Sandra   Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR    on behalf of Creditor Dean   Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR    on behalf of Creditor    D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          GLENN BENTON ROSE    on behalf of Interested Party Afsoon   Hagh grose@bassberry.com,
          bankr@bassberry.com
          GLENN BENTON ROSE    on behalf of Defendant Afsoon   Hagh grose@bassberry.com,  bankr@bassberry.com
          GLENN BENTON ROSE    on behalf of Defendant    Hagh Law PLLC grose@bassberry.com,
          bankr@bassberry.com
          GLENN BENTON ROSE    on behalf of Interested Party    Hagh Law, PLLC grose@bassberry.com,
          bankr@bassberry.com
          HARRY R CASH    on behalf of Creditor    Grant, Konvalinka & Harrison, P.C. hcash@gkhpc.com,
          hdowney@gkhpc.com
          JEANNE ANN BURTON    TN24@ecfcbis.com
          JOHN TATE SPRAGENS    on behalf of Defendant Afsoon   Hagh JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS    on behalf of Defendant    Hagh Law PLLC JOHN@SPRAGENSLAW.COM
          LEFKOVITZ AND LEFKOVITZ, PLLC    on behalf of Debtor    CUMMINGS MANOOKIAN, PLLC
          slefkovitz@lefkovitz.com,
          stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
          cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
          es@lefkovitz.com
          PHILLIP G YOUNG    on behalf of Plaintiff Jeanne Ann Burton  phillip@thompsonburton.com
          PHILLIP G YOUNG    on behalf of Trustee JEANNE ANN BURTON  phillip@thompsonburton.com
          PHILLIP L NORTH    on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor    Middle Tennessee Pulmonary pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor George  Robertson, M.D. pn@npr.legal
          US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                                                            TOTAL: 23

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 2/13/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |

---

## [PROPOSED] AGREED ORDER

---

This case is before the Court on the Trustee's Motion for Sanctions for Violation of the Automatic Stay Provisions of 11 U.S.C. §362(a) ("Motion for Sanctions")(Docket No. 35) seeking sanctions against Afsoon Hagh and Hagh Law PLLC for violation of the automatic stay provisions of 11 U.S.C. §362(a) by filing a complaint in the Circuit Court for Davidson County, Tennessee, *Hagh Law PLLC v. Phillip Young, Cummings Manookian PLC and Hammervold PLC*, Docket #19C2966 ("Complaint"). It appears to the Court from signature below that the Complaint was voluntarily dismissed and that based on the dismissal, the Trustee and Counsel for Afsoon Hagh and Hagh Law PLLC have agreed the Motion for Sanctions is moot,

IT IS THEREFORE ORDERED that:

1. the Trustee's Motion for Sanctions for Violation of the Automatic Stay Provisions of 11 U.S.C. §362(a) ("Motion for Sanctions")(Docket No. 35) is hereby moot; and,

2. the hearing scheduled for February 18, 2020 at 10:00 AM in Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203 is cancelled.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.

Submitted for entry by:

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 010598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorneys for Afsoon Hagh and
Hagh Law, PLLC*

and

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
417 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone: 615.678.6960
Jeanne.burton@comcast.net

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed February 7, 2020, and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ Craig V. Gabbert, Jr.

27797383.1

```
This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.
```

In re:                                                              Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                            Chapter 7
            Debtor

## CERTIFICATE OF NOTICE

District/off: 0650-3        User: anm0611        Page 1 of 1         Date Rcvd: Feb 13, 2020
                           Form ID: pdf001       Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 15, 2020.
db          +CUMMINGS MANOOKIAN, PLLC,  45 MUSIC SQUARE WEST,  NASHVILLE, TN 37203-3205
intp        +BRIAN MANOOKIAN,  45 MUSIC SQUARE WEST,  NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 15, 2020                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 13, 2020 at the address(es) listed below:
          CRAIG VERNON GABBERT, JR   on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR   on behalf of Interested Party   Hagh Law, PLLC cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR   on behalf of Interested Party Afsoon  Hagh cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR   on behalf of Defendant   Hagh Law PLLC cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          GLENN BENTON ROSE   on behalf of Interested Party   Hagh Law, PLLC grose@bassberry.com,
          bankr@bassberry.com
          GLENN BENTON ROSE   on behalf of Interested Party Afsoon  Hagh grose@bassberry.com,
          bankr@bassberry.com
          GLENN BENTON ROSE   on behalf of Defendant Afsoon  Hagh grose@bassberry.com,  bankr@bassberry.com
          GLENN BENTON ROSE   on behalf of Defendant   Hagh Law PLLC grose@bassberry.com,
          bankr@bassberry.com
          HARRY R CASH   on behalf of Creditor   Grant, Konvalinka & Harrison, P.C. hcash@gkhpc.com,
          hdowney@gkhpc.com
          JEANNE ANN BURTON   TN24@ecfcbis.com
          JOHN TATE SPRAGENS   on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS   on behalf of Defendant   Hagh Law PLLC JOHN@SPRAGENSLAW.COM
          LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
          slefkovitz@lefkovitz.com,
          stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
          cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
          es@lefkovitz.com
          PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
          PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
          PHILLIP L NORTH   on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor George  Robertson, M.D. pn@npr.legal
          US TRUSTEE   ustpregion08.na.ecf@usdoj.gov
                                                                                    TOTAL: 23

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 2/13/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| **Debtor.** | ) | **Chapter 7** |
| | ) | **Judge Walker** |

---

## AGREED ORDER CONTINUING HEARING ON
## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on February 18, 2020. Upon consideration of the Joint Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee and the Debtor, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on February 18, 2020 at 10:00 a.m. is hereby be reset to __March 3__, **2020 at** __9:00__ **a.m.** in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

| |
|---|
| THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE |

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee



/s/ Steven L. Lefkovitz
Steven L. Lefkovitz
Lefkovitz & Lefkovitz
618 Church Street, #410
Nashville, TN 37219
Tel: (615) 256-8300
slefkovitz@lefkovitz.com

Counsel for the Debtor

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **CUMMINGS MANOOKIAN, PLLC,** ) | **Case No. 19-bk-07235** |
| ) | **Chapter 7** |
| **Debtor.** ) | |
| ) | **Judge Walker** |

## NOTICE OF APPEARANCE AND REQUEST FOR SERVICE OF DOCUMENTS

      The United States Trustee for the Middle District of Tennessee, Region 8, through

undersigned counsel, hereby files this Notice of Appearance in accordance with Federal

Rules of Bankruptcy Procedure 2002 and 5005, and requests notice of all pleadings,

documents and papers filed in this case, and all underlying and related proceedings.

Pursuant to Local Rules of Court – Administrative Procedures for Electronic Case Filing,

electronic notice should also be sent to: Megan.Seliber@usdoj.gov.

      Paper mailing for the first pleading initiating a potential LBR 9013 contested

matter must be sent in accordance with the FRBP to:

> ***MEGAN SELIBER, Trial Attorney***
> ***Office of the United States Trustee***
> ***318 Customs House, 701 Broadway***
> ***Nashville, TN  37203***

            Respectfully Submitted,

            /S/ MEGAN SELIBER
            Megan Seliber, Trial Attorney
            Office of the United States Trustee
            318 Customs House, 701 Broadway
            Nashville, TN  37203
            Telephone:    (615) 695-4060
            Fax:        (615) 736-2260
            Email: Megan.Seliber@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |

---

## MOTION TO CONTINUE HEARING ON
## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

Come now Jeanne Ann Burton, Trustee (the "Trustee"), by and through counsel, and requests a week continuance of the hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion"). In support for this request, the Trustee states that the Debtor has represented that it is working on gathering the requested documents, and that those documents will be delivered to the Trustee by March 9, 2020. The requested continuance will allow the Trustee to review the produced documents and determine whether any hearing is necessary.

Accordingly, the Trustee believes that it is appropriate to continue the hearing on the Motion until March 24, 2020. Therefore, the Trustee requests that the hearing currently scheduled for March 3, 2020 at 9:00 a.m. be reset on March 24, 2020 at 9:15 a.m.

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 2nd day of March

/s/ Phillip G. Young, Jr.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| **Debtor.** | ) | **Chapter 7** |
| | ) | **Judge Walker** |

---

**ORDER CONTINUING HEARING ON**
**TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS**

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on March 3, 2020. Upon consideration of the Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on March 3, 2020 at 9:00 a.m. is hereby be reset to _____, 2020 at _____ a.m.        in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

---

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE

---

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 3/3/2020



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

IN RE:                                )
                                      )
CUMMINGS MANOOKIAN, PLLC,             )     **Case No. 3:19-bk-07235**
    **Debtor.**    )     **Chapter 7**
                                      )     **Judge Walker**

---

## ORDER CONTINUING HEARING ON
## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on March 3, 2020. Upon consideration of the Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on March 3, 2020 at 9:00 a.m. is hereby be reset to ___March 24___, **2020 at** _9:15_ **a.m.**      in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

```
THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
        INDICATED AT THE TOP OF THE FIRST PAGE
```

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

In re:                                                          Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                        Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-3         User: anm0611          Page 1 of 1          Date Rcvd: Mar 04, 2020
                             Form ID: pdf001         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 06, 2020.
db            +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 06, 2020                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 4, 2020 at the address(es) listed below:
          CRAIG VERNON GABBERT, JR    on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Interested Party   Hagh Law, PLLC cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Interested Party Afsoon  Hagh cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Defendant   Hagh Law PLLC cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          DANIEL HAYS PURYEAR    on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR    on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR    on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          GLENN BENTON ROSE    on behalf of Interested Party   Hagh Law, PLLC grose@bassberry.com,
          bankr@bassberry.com
          GLENN BENTON ROSE    on behalf of Interested Party Afsoon  Hagh grose@bassberry.com,
          bankr@bassberry.com
          GLENN BENTON ROSE    on behalf of Defendant Afsoon  Hagh grose@bassberry.com, bankr@bassberry.com
          GLENN BENTON ROSE    on behalf of Defendant   Hagh Law PLLC grose@bassberry.com,
          bankr@bassberry.com
          HARRY R CASH    on behalf of Creditor   Grant, Konvalinka & Harrison, P.C. hcash@gkhpc.com,
          hdowney@gkhpc.com
          JEANNE ANN BURTON    TN24@ecfcbis.com
          JOHN TATE SPRAGENS    on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS    on behalf of Defendant   Hagh Law PLLC JOHN@SPRAGENSLAW.COM
          LEFKOVITZ AND LEFKOVITZ, PLLC    on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
          slefkovitz@lefkovitz.com,
          stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzcvlecf@lefkovitz.com;r5
          2946@notify.bestcase.com;mspezia@lefkovitz.com
          MEGAN REED SELIBER    on behalf of U.S. Trustee   US TRUSTEE megan.seliber@usdoj.gov
          PHILLIP G YOUNG    on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
          PHILLIP G YOUNG    on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
          PHILLIP L NORTH    on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor George  Robertson, M.D. pn@npr.legal
          US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                                                         TOTAL: 24

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 3/3/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **CUMMINGS MANOOKIAN, PLLC,** ) | **Case No. 3:19-bk-07235** |
| **Debtor.** ) | **Chapter 7** |
| ) | **Judge Walker** |

---

## ORDER CONTINUING HEARING ON
## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on March 3, 2020. Upon consideration of the Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on March 3, 2020 at 9:00 a.m. is hereby be reset to ___March 24___, 2020 at _9:15_a.m. in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

> THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
> INDICATED AT THE TOP OF THE FIRST PAGE

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **IN RE:** | **)** | |
| | **)** | |
| **CUMMINGS MANOOKIAN, PLLC** | **)** | **BK No. 319-07235-CW-7** |
| | **)** | |
| **Debtor(s)** | **)** | |
| | **)** | |

## AGREED ORDER FOR TURNOVER

It appearing to the Court as evidenced by signature of Trustee and Counsel for Dean Chase, Sandra Chase and D.F. Chase, Inc. (the "Chase Parties"), that the parties agree that a portion of monies levied upon by Phillip Young, Receiver (the "Receiver"), in the case of <u>Dean Chase, Sandra Chase and D.F. Chase, Inc., v. Cummings Manookian PLC, et. al.</u>, No.: 2019-221, Circuit Court For Williamson County, Tennessee (the "State Court Action") to satisfy a sanctions judgment against the Debtor and others, is property in which the estate has an interest and should be turned over to the Trustee, subject to the terms below, and would state to the Court as follows:

This Court has jurisdiction over this Agreed Order pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The Receiver was appointed in the State Court Action, pursuant to TCA Sec. 26-1-105 and 26-3-103 for purposes of collecting all choses of action of the Debtor and Hammervold, PLC.

The Receiver collected $45,948.36 from the Debtor's choses in action (settlement of cases in which the Debtor represented Plaintiffs). The sum of $23,637.22 was collected within ninety

(90) days of the order for relief in this case.   It is the Trustee's position that the levy of $23,637.22 is avoidable by the Trustee as a preference under 11 USC § 547.  It is the position of the Chase Parties that they are secured creditors in all funds collected by the Receiver, as a result of an unavoidable execution lien arising under Tennessee law.

The parties have agreed that, subject to final determination by this Court as to the issue of whether the Chase Parties have an unavoidable execution lien in the funds, and without waiving any rights of the Trustee or the Chase Parties, it is appropriate for the funds to be turned over by the Receiver to the Trustee.

Accordingly it is THEREFORE ORDERED ADJUDGED AND DECREED

That the Chase Parties will take such action as is necessary to accomplish turnover of funds in the amount of $23,637.22, held by the Receiver, to the Trustee;

All rights and objections of the Chase Parties and the Trustee as to whether the Chase Parties have an unavoidable execution lien in the funds are reserved for future determination by this Court, and no action undertaken by the Chase Parties in effectuating this order in the State Court shall be construed as a waiver of any rights: and

That this Court shall retain jurisdiction to adjudicate any disputes that may arise under this Order and to enforce the terms of the Order

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

 Approved for Entry:

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Ste 103-116
Nashville, Tennessee 37215
615/678-6960

/s/ Daniel H. Puryear
Daniel H. Puryear
Puryear Law Group PLLC
104 Woodmont Boulevard
Woodmont Centre, Suite 201
Nashville, TN  37205
(615) 255-4859
dpuryear@puryearlawgroup.com
Attorney for Dean Chase, Sandra Chase and D.F. Chase, Inc.



_signature_
Charles M. Walker
U.S. Bankruptcy Judge
Dated: 3/10/2020

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC | ) | BK No. 319-07235-CW-7 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |

### AGREED ORDER FOR TURNOVER

It appearing to the Court as evidenced by signature of Trustee and Counsel for Dean Chase, Sandra Chase and D.F. Chase, Inc. (the "Chase Parties"), that the parties agree that a portion of monies levied upon by Phillip Young, Receiver (the "Receiver"), in the case of <u>Dean Chase, Sandra Chase and D.F. Chase, Inc., v. Cummings Manookian PLC, et. al.</u>, No.: 2019-221, Circuit Court For Williamson County, Tennessee (the "State Court Action") to satisfy a sanctions judgment against the Debtor and others, is property in which the estate has an interest and should be turned over to the Trustee, subject to the terms below, and would state to the Court as follows:

This Court has jurisdiction over this Agreed Order pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The Receiver was appointed in the State Court Action, pursuant to TCA Sec. 26-1-105 and 26-3-103 for purposes of collecting all choses of action of the Debtor and Hammervold, PLC.

The Receiver collected $45,948.36 from the Debtor's choses in action (settlement of cases in which the Debtor represented Plaintiffs). The sum of $23,637.22 was collected within ninety

(90) days of the order for relief in this case. It is the Trustee's position that the levy of $23,637.22 is avoidable by the Trustee as a preference under 11 USC § 547. It is the position of the Chase Parties that they are secured creditors in all funds collected by the Receiver, as a result of an unavoidable execution lien arising under Tennessee law.

The parties have agreed that, subject to final determination by this Court as to the issue of whether the Chase Parties have an unavoidable execution lien in the funds, and without waiving any rights of the Trustee or the Chase Parties, it is appropriate for the funds to be turned over by the Receiver to the Trustee.

Accordingly it is THEREFORE ORDERED ADJUDGED AND DECREED

That the Chase Parties will take such action as is necessary to accomplish turnover of funds in the amount of $23,637.22, held by the Receiver, to the Trustee;

All rights and objections of the Chase Parties and the Trustee as to whether the Chase Parties have an unavoidable execution lien in the funds are reserved for future determination by this Court, and no action undertaken by the Chase Parties in effectuating this order in the State Court shall be construed as a waiver of any rights: and

That this Court shall retain jurisdiction to adjudicate any disputes that may arise under this Order and to enforce the terms of the Order

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

 Approved for Entry:

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Ste 103-116
Nashville, Tennessee 37215
615/678-6960

/s/ Daniel H. Puryear
Daniel H. Puryear
Puryear Law Group PLLC
104 Woodmont Boulevard
Woodmont Centre, Suite 201
Nashville, TN  37205
(615) 255-4859
dpuryear@puryearlawgroup.com
Attorney for Dean Chase, Sandra Chase and D.F. Chase, Inc.

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

AIN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                        )
                                              )
Cummings Manookian, PLLC                      )        Bk. No. 319-07235-CW-7
                                              )
                                              )
            Debtor(s)                         )

---

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS:   April 3, 2020**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: April 14,  2020 at 9:00 a.m.**

**In Courtroom 2, Second Floor Customs House, 701 Broadway, Nashville,  Tennessee 37203.**

---

### NOTICE OF MOTION OF TRUSTEE TO EMPLOY ACCOUNTANT

Jeanne Ann Burton, Trustee, has asked the court for the following: Permission of the Court to employ an accountant.

**YOUR RIGHTS MAY BE AFFECTED.**  If you do not want the Court to grant the attached motion, or if you want the Court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1.      File with the Court your written response or objection explaining your position.  **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING.  ANY RESPONSE, ANSWER OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY.  TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT:** <https://ecf.tnmb.uscourts.gov>.
If you need assistance with Electronic Filing, you may call the Bankruptcy court at (615)736-5584.  You may also visit the Bankruptcy court in person at: 701 Broadway, 1ˢᵗ Floor, Nashville, TN (Monday - Friday, 8:00 a.m. - 4:00 p.m.)

2.      Your response should state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

If a response is filed before the deadline stated above, a hearing will be held at the time and place indicated above.  **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.**  You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at https://ecf.tnmb.uscourts.gov.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: March 13, 2020                          By:  /s/ Jeanne Ann Burton
                                              Jeanne Ann Burton, Trustee
                                              4117 Hillsboro Pike, Suite 103-116
                                              Nashville, TN 37215
                                              (615)678-6960
                                              jeanne.burton@comcast.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                      )
                                            )
Cummings Manookian, PLLC                    )          Bk. No. 319-07235-CW-7
                                            )
                                            )
       Debtor(s)                            )

## MOTION OF THE TRUSTEE TO EMPLOY ACCOUNTANT

Jeanne Ann Burton, Trustee, respectfully represents the following to the Court:

1.     That your applicant was duly appointed as trustee for the above-styled estate, duly qualified, and is now serving in said capacity.

2.     That your applicant hereby requests approval of this Court to employ Larry Williams, CPA, as accountant for this estate.

3.     The Trustee anticipates that the services said accountant may render include: any and all necessary activities relating to federal, state, and local tax liabilities of this estate, including but not limited to advising and consulting with the Trustee regarding the tax impact of accomplished and proposed transactions and, especially, the preparation and filing of federal, state and local tax returns.

4.     The Trustee has selected Larry Williams, CPA, as accountant because of his extensive experience and knowledge. Specifically, Larry Williams, CPA has over forty years experience in performing the accounting services set forth above, and is well qualified to perform the necessary accounting services.

5.     Mr. Williams proposes, subject to court approval, to seek compensation upon the basis of hourly rates ranging from $100.00 to $250.00 per hour for his time. No compensation will be paid to Larry Williams, CPA, from funds of the estate except upon application to and approval by the Court.

6.     Larry Williams, CPA, does not represent any interest adverse to the Trustee or the estate in the matters upon which he is to be engaged and such employment is in the best interest of the estate. Further, Larry Williams, CPA, is a disinterested person with the meaning of 11 U.S.C. Section 101(13).

7.    The employment of Larry Williams, CPA shall commence on the date that this motion is filed with the Court.

WHEREFORE, your applicant respectfully requests that she be authorized to employ Larry Williams, CPA, as accountant for the estate, and for such other relief as is necessary and appropriate.

Respectfully submitted,

By: /s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Ste 103-116
Nashville, TN 37205
(615) 678-6960
jeanne.burton@comcast.net

## VERIFICATION

I, Larry Williams, hereby verify under penalty of perjury, that the statements contained in the foregoing application are true and correct to the best of my knowledge, information and belief, and that I do not have any connection with the debtor, the creditors, or any other party in interest (other than the trustee), or their respective attorneys or accountants, nor do I have any connection with the office of the U.S. Trustee or any of its employees.

Dated: March 13, 2020                    /s/ Larry Williams (with permission)
                                         Larry Williams
                                         Certified Public Accountant

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                              )
                                    )
Cummings Manookian, PLLC            )        Bk. No. 319-07235-CW-7
                                    )
                                    )
        Debtor(s)                   )

## ORDER TO EMPLOY ACCOUNTANT

Upon the application of Jeanne Ann Burton, Trustee, for approval to employ Larry Williams, CPA, 205 Powell Place, Brentwood, TN 37027, twenty-one (21) days' notice having been given pursuant to L.R. 9013-1 of this Court, and no objections having been filed;

It is hereby ORDERED that Jeanne Ann Burton, Trustee, is authorized to employ Larry Williams, CPA, as accountant in this matter. Such employment is effective as of March 13, 2019.

It is further ORDERED that Larry Williams, CPA shall make application to the Court for approval of all compensation.

APPROVED FOR ENTRY:

By: /s/ Jeanne Ann Burton          **Proposed**
Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Ste 103-116
Nashville, TN 37205
(615) 678-6960
jeanne.burton@comcast.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Cummings Manookian, PLLC | ) | Bk. No. 319-07235-CW-7 |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the Debtor(s), Debtor's Attorney, all scheduled secured creditors, the 10 largest scheduled unsecured creditors and to all those requesting notice, as shown on the mailing matrix which is attached to the original of this document and on file in the office of the Clerk of this Court and to the US Trustee, via ECF, on March 13, 2020.

By: /s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Ste 103-116
Nashville, TN 37215
(615) 678-6960
Jeanne.burton@comcast.net

CUMMINGS MANOOKIAN, PLLC
45 MUSIC SQUARE WEST
NASHVILLE, TN 37203-3205

Dean Chase
c/o Daniel H. Puryear
104 Woodmont Blvd-Ste 201
Nashville, TN 37205-2245

BRIAN MANOOKIAN
45 MUSIC SQUARE WEST
NASHVILLE, TN 37203-3205

Toby Smith, M.D.
c/o Phillip North
414 Union St., Ste 1850
Nashville, TN 37219-1783

Glen B. Rose
Bass, Berry & Sims PLC
150 Third Ave. S., Ste. 2800
Nashville, TN 37201

LEFKOVITZ AND LEFKOVITZ, PLLC  +
618 CHURCH ST STE 410
NASHVILLE, TN 37219-2452

GRANT KONVALINKA & HARRIS
Harry R. Cash
Grant, Konvalinka & Harrison, P.C.
633 Chestnut Street, Ste. 900
CHATTANOOGA, TN 37450-0900

George Robertson, M.D.
c/o Phillip North
414 Union Street
Ste. 1850
Nashville, TN 37219-1783

Mark Hammervold
155 S. Lawndale Ave.
Elmhurst, IL 60126

Middle Tennessee Pulmonary
c/o Phillip North
414 Union St., Ste 1850
Nashville, TN 37219-1783

Sandra Chase
c/o Daniel H. Puryear
104 Woodmont Blvd-Ste 201
Nashville, TN 37205-2245

Phillip Family Medical Associates
c/o Phillip North
414 Union St., Ste. 1850
Nashville, TN 37219-1783

Craig v. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Ave. S., Ste. 2800
Nashville, TN 37201

In re:                                                      Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                     Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0650-3          User: anm0611          Page 1 of 1          Date Rcvd: Mar 11, 2020
                              Form ID: pdftop        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 13, 2020.
db              +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 13, 2020                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 11, 2020 at the address(es) listed below:
              CRAIG VERNON GABBERT, JR   on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
              bankr@bassberry.com;delores.walker@bassberry.com
              CRAIG VERNON GABBERT, JR   on behalf of Interested Party   Hagh Law, PLLC cgabbert@bassberry.com,
              bankr@bassberry.com;delores.walker@bassberry.com
              CRAIG VERNON GABBERT, JR   on behalf of Interested Party Afsoon  Hagh cgabbert@bassberry.com,
              bankr@bassberry.com;delores.walker@bassberry.com
              CRAIG VERNON GABBERT, JR   on behalf of Defendant   Hagh Law PLLC cgabbert@bassberry.com,
              bankr@bassberry.com;delores.walker@bassberry.com
              DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
              paralegalgroup@puryearlawgroup.com
              DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
              paralegalgroup@puryearlawgroup.com
              DANIEL HAYS PURYEAR   on behalf of Creditor  D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
              paralegalgroup@puryearlawgroup.com
              GLENN BENTON ROSE   on behalf of Interested Party   Hagh Law, PLLC grose@bassberry.com,
              bankr@bassberry.com
              GLENN BENTON ROSE   on behalf of Interested Party Afsoon  Hagh grose@bassberry.com,
              bankr@bassberry.com
              GLENN BENTON ROSE   on behalf of Defendant Afsoon  Hagh grose@bassberry.com, bankr@bassberry.com
              GLENN BENTON ROSE   on behalf of Defendant   Hagh Law PLLC grose@bassberry.com,
              bankr@bassberry.com
              HARRY R CASH   on behalf of Creditor   Grant, Konvalinka & Harrison, P.C. hcash@gkhpc.com,
              hdowney@gkhpc.com
              JEANNE ANN BURTON    TN24@ecfcbis.com
              JOHN TATE SPRAGENS   on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
              JOHN TATE SPRAGENS   on behalf of Defendant   Hagh Law PLLC JOHN@SPRAGENSLAW.COM
              LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
              slefkovitz@lefkovitz.com,
              stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzcvlecf@lefkovitz.com;r5
              2946@notify.bestcase.com;mspezia@lefkovitz.com
              MEGAN REED SELIBER   on behalf of U.S. Trustee   US TRUSTEE megan.seliber@usdoj.gov
              PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
              PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
              PHILLIP L NORTH   on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
              PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
              PHILLIP L NORTH   on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
              PHILLIP L NORTH   on behalf of Creditor George  Robertson, M.D. pn@npr.legal
              US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                                                                    TOTAL: 24

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 3/10/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                )
                                      )
**CUMMINGS MANOOKIAN, PLLC**          )     **BK No. 319-07235-CW-7**
                                      )
Debtor(s)                             )
                                      )

## AGREED ORDER FOR TURNOVER

It appearing to the Court as evidenced by signature of Trustee and Counsel for Dean Chase, Sandra Chase and D.F. Chase, Inc. (the "Chase Parties"), that the parties agree that a portion of monies levied upon by Phillip Young, Receiver (the "Receiver"), in the case of <u>Dean Chase, Sandra Chase and D.F. Chase, Inc., v. Cummings Manookian PLC, et. al.</u>, No.: 2019-221, Circuit Court For Williamson County, Tennessee (the "State Court Action") to satisfy a sanctions judgment against the Debtor and others, is property in which the estate has an interest and should be turned over to the Trustee, subject to the terms below, and would state to the Court as follows:

This Court has jurisdiction over this Agreed Order pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The Receiver was appointed in the State Court Action, pursuant to TCA Sec. 26-1-105 and 26-3-103 for purposes of collecting all choses of action of the Debtor and Hammervold, PLC.

The Receiver collected $45,948.36 from the Debtor's choses in action (settlement of cases in which the Debtor represented Plaintiffs). The sum of $23,637.22 was collected within ninety

(90) days of the order for relief in this case. It is the Trustee's position that the levy of $23,637.22 is avoidable by the Trustee as a preference under 11 USC § 547. It is the position of the Chase Parties that they are secured creditors in all funds collected by the Receiver, as a result of an unavoidable execution lien arising under Tennessee law.

The parties have agreed that, subject to final determination by this Court as to the issue of whether the Chase Parties have an unavoidable execution lien in the funds, and without waiving any rights of the Trustee or the Chase Parties, it is appropriate for the funds to be turned over by the Receiver to the Trustee.

Accordingly it is THEREFORE ORDERED ADJUDGED AND DECREED

That the Chase Parties will take such action as is necessary to accomplish turnover of funds in the amount of $23,637.22, held by the Receiver, to the Trustee;

All rights and objections of the Chase Parties and the Trustee as to whether the Chase Parties have an unavoidable execution lien in the funds are reserved for future determination by this Court, and no action undertaken by the Chase Parties in effectuating this order in the State Court shall be construed as a waiver of any rights: and

That this Court shall retain jurisdiction to adjudicate any disputes that may arise under this Order and to enforce the terms of the Order

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

Approved for Entry:

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Ste 103-116
Nashville, Tennessee 37215
615/678-6960

/s/ Daniel H. Puryear
Daniel H. Puryear
Puryear Law Group PLLC
104 Woodmont Boulevard
Woodmont Centre, Suite 201
Nashville, TN  37205
(615) 255-4859
dpuryear@puryearlawgroup.com
Attorney for Dean Chase, Sandra Chase and D.F. Chase, Inc.

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
)
CUMMINGS MANOOKIAN, PLLC, ) Case No. 3:19-bk-07235
    Debtor. ) Chapter 7
) Judge Walker
)

---

MOTION TO CONTINUE HEARING ON
TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

Come now Jeanne Ann Burton, Trustee (the "Trustee"), by and through counsel, and requests a four week continuance of the hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion"). In support for this request, the Trustee states that, after consultation with the Debtor's counsel, it was determined that one or both parties would likely call witnesses at the hearing on the Motion. Pursuant to the instructions in the Court's Interim Order Relating to Court Operations Due to Circumstances Caused by COVID-19, it appears that a continuance will be necessary. Upon information and belief, Debtor's counsel does not oppose this continuance.

Therefore, the Trustee requests that the hearing currently scheduled for March 24, 2020 be reset on or after April 14, 2020.

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| **Debtor.** | ) | **Chapter 7** |
| | ) | **Judge Walker** |

---

**ORDER CONTINUING HEARING ON**
**TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS**

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on March 24, 2020. Upon consideration of the Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on March 24, 2020 is hereby be reset to _____, 2020 at _____ a.m. in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

```
THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE
```

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 3/17/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

IN RE:                      )
                             )
**CUMMINGS MANOOKIAN, PLLC,**  )  **Case No. 3:19-bk-07235**
     **Debtor.**              )  **Chapter 7**
                             )  **Judge Walker**

---

## ORDER CONTINUING HEARING ON
## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on March 24, 2020. Upon consideration of the Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on March 24, 2020 is hereby be reset to April 21 , 2020 at 1:00 p.m. ~~a.m.~~ in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

> THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
> INDICATED AT THE TOP OF THE FIRST PAGE

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

In re:                                                        Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                      Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0650-3          User: anm0611          Page 1 of 1          Date Rcvd: Mar 18, 2020
                             Form ID: pdf001         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 20, 2020.
db              +CUMMINGS MANOOKIAN, PLLC,    45 MUSIC SQUARE WEST,    NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 20, 2020                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 18, 2020 at the address(es) listed below:
              CRAIG VERNON GABBERT, JR   on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
              bankr@bassberry.com;delores.walker@bassberry.com
              CRAIG VERNON GABBERT, JR   on behalf of Interested Party   Hagh Law, PLLC cgabbert@bassberry.com,
              bankr@bassberry.com;delores.walker@bassberry.com
              CRAIG VERNON GABBERT, JR   on behalf of Interested Party Afsoon  Hagh cgabbert@bassberry.com,
              bankr@bassberry.com;delores.walker@bassberry.com
              CRAIG VERNON GABBERT, JR   on behalf of Defendant    Hagh Law PLLC cgabbert@bassberry.com,
              bankr@bassberry.com;delores.walker@bassberry.com
              DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
              paralegalgroup@puryearlawgroup.com
              DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
              paralegalgroup@puryearlawgroup.com
              DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
              paralegalgroup@puryearlawgroup.com
              GLENN BENTON ROSE   on behalf of Interested Party   Hagh Law, PLLC grose@bassberry.com,
              bankr@bassberry.com
              GLENN BENTON ROSE   on behalf of Interested Party Afsoon  Hagh grose@bassberry.com,
              bankr@bassberry.com
              GLENN BENTON ROSE   on behalf of Defendant Afsoon  Hagh grose@bassberry.com, bankr@bassberry.com
              GLENN BENTON ROSE   on behalf of Defendant    Hagh Law PLLC grose@bassberry.com,
              bankr@bassberry.com
              HARRY R CASH   on behalf of Creditor   Grant, Konvalinka & Harrison, P.C. hcash@gkhpc.com,
              hdowney@gkhpc.com
              JEANNE ANN BURTON   TN24@ecfcbis.com
              JOHN TATE SPRAGENS   on behalf of Defendant   Manookian PLLC JOHN@SPRAGENSLAW.COM
              JOHN TATE SPRAGENS   on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
              JOHN TATE SPRAGENS   on behalf of Defendant    Hagh Law PLLC JOHN@SPRAGENSLAW.COM
              LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor    CUMMINGS MANOOKIAN, PLLC
              slefkovitz@lefkovitz.com,
              stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzcvlecf@lefkovitz.com;r5
              2946@notify.bestcase.com;mspezia@lefkovitz.com
              MEGAN REED SELIBER   on behalf of U.S. Trustee   US TRUSTEE megan.seliber@usdoj.gov
              PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
              PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
              PHILLIP L NORTH   on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
              PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
              PHILLIP L NORTH   on behalf of Creditor  Phillip  Family Medical Associates pn@npr.legal
              PHILLIP L NORTH   on behalf of Creditor George  Robertson, M.D. pn@npr.legal
              US TRUSTEE   ustpregion08.na.ecf@usdoj.gov
                                                                          TOTAL: 25

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 3/17/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **IN RE:** | ) |
| | ) |
| **CUMMINGS MANOOKIAN, PLLC,** | )   **Case No. 3:19-bk-07235** |
|      **Debtor.** | )   **Chapter 7** |
| | )   **Judge Walker** |

---

## ORDER CONTINUING HEARING ON
## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on March 24, 2020. Upon consideration of the Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on March 24, 2020 is hereby be reset to ___April 21___, 2020 at __1:00 p.m.__ ~~a.m.~~ in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

> THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
> INDICATED AT THE TOP OF THE FIRST PAGE

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                    )
                                          )
Cummings Manookian, PLLC                  )         Bk. No. 319-07235-CW-7
                                          )
                                          )
        Debtor(s)                         )

## ORDER TO EMPLOY ACCOUNTANT

Upon the application of Jeanne Ann Burton, Trustee, for approval to employ Larry Williams, CPA, 205 Powell Place, Brentwood, TN 37027, twenty-one (21) days' notice having been given pursuant to L.R. 9013-1 of this Court, and no objections having been filed;

It is hereby ORDERED that Jeanne Ann Burton, Trustee, is authorized to employ Larry Williams, CPA, as accountant in this matter. Such employment is effective as of March 13, 2019.

It is further ORDERED that Larry Williams, CPA shall make application to the Court for approval of all compensation.

APPROVED FOR ENTRY:

By: /s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Ste 103-116
Nashville, TN 37205
(615) 678-6960
jeanne.burton@comcast.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                            )

                                  )

Cummings Manookian, PLLC        )      Bk. No. 319-07235-CW-7

                                  )

                                  )

     Debtor(s)                 )

## AMENDED ORDER TO EMPLOY ACCOUNTANT

Upon the application of Jeanne Ann Burton, Trustee, for approval to employ Larry Williams, CPA, 205 Powell Place, Brentwood, TN 37027, twenty-one (21) days' notice having been given pursuant to L.R. 9013-1 of this Court, and no objections having been filed;

It is hereby ORDERED that Jeanne Ann Burton, Trustee, is authorized to employ Larry Williams, CPA, as accountant in this matter. Such employment is effective as of March 13, 2020.

It is further ORDERED that Larry Williams, CPA shall make application to the Court for approval of all compensation.


APPROVED FOR ENTRY:

By: /s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Ste 103-116
Nashville, TN 37205
(615) 678-6960
jeanne.burton@comcast.net

Form clkinq

# United States Bankruptcy Court

## MIDDLE DISTRICT OF TENNESSEE
### Case No. 3:19−bk−07235
### Chapter 7

In re:
  CUMMINGS MANOOKIAN, PLLC
  45 MUSIC SQUARE WEST
  NASHVILLE, TN 37203

Social Security No.:

Employer's Tax I.D. No.:
  47−2636732

---

## CLERK'S REMARK

---

Clerk's Remark − The related document has the following defect(s): Order Not Processed.. − Amended Order submitted dkt #64. (RE: related document(s)63 Submitted Order to employ Accountant Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)57).) (lel)

Dated: 4/10/20

TERESA C. AZAN
Court Clerk



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/13/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                    )
                                          )
Cummings Manookian, PLLC                  )        Bk. No. 319-07235-CW-7
                                          )
                                          )
        Debtor(s)                         )

## AMENDED ORDER TO EMPLOY ACCOUNTANT

Upon the application of Jeanne Ann Burton, Trustee, for approval to employ Larry Williams, CPA, 205 Powell Place, Brentwood, TN 37027, twenty-one (21) days' notice having been given pursuant to L.R. 9013-1 of this Court, and no objections having been filed;

It is hereby ORDERED that Jeanne Ann Burton, Trustee, is authorized to employ Larry Williams, CPA, as accountant in this matter. Such employment is effective as of March 13, 2020.

It is further ORDERED that Larry Williams, CPA shall make application to the Court for approval of all compensation.

APPROVED FOR ENTRY:

By: /s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Ste 103-116
Nashville, TN 37205
(615) 678-6960
jeanne.burton@comcast.net

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
|     **Debtor.** | ) | **Chapter 7** |
| | ) | **Judge Walker** |

---

**MOTION TO CONTINUE HEARING ON**
**TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS**

---

Come now Jeanne Ann Burton, Trustee (the "Trustee"), by and through counsel, and requests a one month continuance of the hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion"). In support for this request, the Trustee states that Trustee's counsel and Debtor's counsel are in agreement that this matter should be continued so as to coincide with other matters scheduled in this case.

Therefore, the Trustee requests that the hearing currently scheduled for April 14, 2020 be reset on or after May 19, 2020.

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| **Debtor.** | ) | **Chapter 7** |
| | ) | **Judge Walker** |

---

**ORDER CONTINUING HEARING ON**
**TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS**

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on April 21, 2020. Upon consideration of the Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on March 24, 2020 is hereby be reset to _____, 2020 at _____ **a.m.** in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

---

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE

---

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/15/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

IN RE: )
)
**CUMMINGS MANOOKIAN, PLLC,** ) **Case No. 3:19-bk-07235**
Debtor. ) **Chapter 7**
) **Judge Walker**

---

## ORDER CONTINUING HEARING ON
## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on April 21, 2020. Upon consideration of the Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

April 21

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on ~~March 24~~, 2020 is hereby reset to ___May 19___, **2020 at** 10:15 **a.m.** in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

---

hearing will take place telephonically (Phone number 888-363-4749 Access Code 7250422 ) pursuant to Judge Walker's CH7 & 11 Tuesday Docket Procedures after March 25, 2020 located on the Court's website at: http://www.tnmb.uscourts.gov/coronavirus-disease-covid-19-information-relating-court-operations-intake-department-closed-public

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

In re:                                                        Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                      Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0650-3           User: anm0611         Page 1 of 1          Date Rcvd: Apr 13, 2020
                               Form ID: pdf001       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 15, 2020.
db              +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 15, 2020                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 13, 2020 at the address(es) listed below:
        CRAIG VERNON GABBERT, JR   on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
        bankr@bassberry.com;delores.walker@bassberry.com
        CRAIG VERNON GABBERT, JR   on behalf of Interested Party   Hagh Law, PLLC cgabbert@bassberry.com,
        bankr@bassberry.com;delores.walker@bassberry.com
        CRAIG VERNON GABBERT, JR   on behalf of Interested Party Afsoon  Hagh cgabbert@bassberry.com,
        bankr@bassberry.com;delores.walker@bassberry.com
        CRAIG VERNON GABBERT, JR   on behalf of Defendant   Hagh Law PLLC cgabbert@bassberry.com,
        bankr@bassberry.com;delores.walker@bassberry.com
        DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
        paralegalgroup@puryearlawgroup.com
        DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
        paralegalgroup@puryearlawgroup.com
        DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
        paralegalgroup@puryearlawgroup.com
        GLENN BENTON ROSE   on behalf of Interested Party   Hagh Law, PLLC grose@bassberry.com,
        bankr@bassberry.com
        GLENN BENTON ROSE   on behalf of Interested Party Afsoon  Hagh grose@bassberry.com,
        bankr@bassberry.com
        GLENN BENTON ROSE   on behalf of Defendant Afsoon  Hagh grose@bassberry.com, bankr@bassberry.com
        GLENN BENTON ROSE   on behalf of Defendant   Hagh Law PLLC grose@bassberry.com,
        bankr@bassberry.com
        HARRY R CASH   on behalf of Creditor   Grant, Konvalinka & Harrison, P.C. hcash@gkhpc.com,
        hdowney@gkhpc.com
        JEANNE ANN BURTON   TN24@ecfcbis.com
        JOHN TATE SPRAGENS   on behalf of Defendant   Manookian PLLC JOHN@SPRAGENSLAW.COM
        JOHN TATE SPRAGENS   on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
        JOHN TATE SPRAGENS   on behalf of Defendant   Hagh Law PLLC JOHN@SPRAGENSLAW.COM
        LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
        slefkovitz@lefkovitz.com,
        stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzcvlecf@lefkovitz.com;r5
        2946@notify.bestcase.com;mspezia@lefkovitz.com
        MEGAN REED SELIBER   on behalf of U.S. Trustee   US TRUSTEE megan.seliber@usdoj.gov
        PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
        PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
        PHILLIP L NORTH   on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
        PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
        PHILLIP L NORTH   on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
        PHILLIP L NORTH   on behalf of Creditor George  Robertson, M.D. pn@npr.legal
        US TRUSTEE   ustpregion08.na.ecf@usdoj.gov
                                                                        TOTAL: 25



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/13/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                              )
                                    )
Cummings Manookian, PLLC            )        Bk. No. 319-07235-CW-7
                                    )
                                    )
        Debtor(s)                   )

**<u>AMENDED ORDER TO EMPLOY ACCOUNTANT</u>**

Upon the application of Jeanne Ann Burton, Trustee, for approval to employ Larry Williams, CPA, 205 Powell Place, Brentwood, TN 37027, twenty-one (21) days' notice having been given pursuant to L.R. 9013-1 of this Court, and no objections having been filed;

It is hereby ORDERED that Jeanne Ann Burton, Trustee, is authorized to employ Larry Williams, CPA, as accountant in this matter.  Such employment is effective as of March 13, 2020.

It is further ORDERED that Larry Williams, CPA shall make application to the Court for approval of all compensation.

APPROVED FOR ENTRY:

By:  <u>/s/ Jeanne Ann Burton</u>
Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Ste 103-116
Nashville, TN 37205
(615) 678-6960
jeanne.burton@comcast.net

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

In re:                                                          Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                        Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0650-3          User: anm0611          Page 1 of 1          Date Rcvd: Apr 15, 2020
                              Form ID: pdf001        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 17, 2020.
db              +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                        TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 17, 2020                       Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 15, 2020 at the address(es) listed below:
          CRAIG VERNON GABBERT, JR    on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Interested Party    Hagh Law, PLLC cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Interested Party Afsoon  Hagh cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Defendant    Hagh Law PLLC cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          DANIEL HAYS PURYEAR    on behalf of Creditor    D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR    on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR    on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          GLENN BENTON ROSE    on behalf of Interested Party    Hagh Law, PLLC grose@bassberry.com,
          bankr@bassberry.com
          GLENN BENTON ROSE    on behalf of Interested Party Afsoon  Hagh grose@bassberry.com,
          bankr@bassberry.com
          GLENN BENTON ROSE    on behalf of Defendant Afsoon  Hagh grose@bassberry.com, bankr@bassberry.com
          GLENN BENTON ROSE    on behalf of Defendant    Hagh Law PLLC grose@bassberry.com,
          bankr@bassberry.com
          HARRY R CASH    on behalf of Creditor    Grant, Konvalinka & Harrison, P.C. hcash@gkhpc.com,
          hdowney@gkhpc.com
          JEANNE ANN BURTON    TN24@ecfcbis.com
          JOHN TATE SPRAGENS    on behalf of Defendant    Manookian PLLC JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS    on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS    on behalf of Defendant    Hagh Law PLLC JOHN@SPRAGENSLAW.COM
          LEFKOVITZ AND LEFKOVITZ, PLLC    on behalf of Debtor    CUMMINGS MANOOKIAN, PLLC
          slefkovitz@lefkovitz.com,
          stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzcvlecf@lefkovitz.com;r5
          2946@notify.bestcase.com;mspezia@lefkovitz.com
          MEGAN REED SELIBER    on behalf of U.S. Trustee    US TRUSTEE megan.seliber@usdoj.gov
          PHILLIP G YOUNG    on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
          PHILLIP G YOUNG    on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
          PHILLIP L NORTH    on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor    Middle Tennessee Pulmonary pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor  Phillip  Family Medical Associates pn@npr.legal
          PHILLIP L NORTH    on behalf of Creditor George  Robertson, M.D. pn@npr.legal
          US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                                                        TOTAL: 25

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/15/2020



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

IN RE:                                  )
                                          )

**CUMMINGS MANOOKIAN, PLLC,**    )   **Case No. 3:19-bk-07235**
      **Debtor.**                     )   **Chapter 7**
                                        )   **Judge Walker**

---

## ORDER CONTINUING HEARING ON
## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

---

This matter is currently set for a hearing on the Trustee's Motion to Compel Turnover of Records (the "Motion to Compel") on April 21, 2020. Upon consideration of the Motion to Continue Hearing on Trustee's Motion to Compel Turnover of Records (the "Motion to Continue") filed by the Trustee, and for the reasons set forth in the Motion to Continue, the Court finds that good cause exists and, therefore,

April 21

**IT IS ORDERED** that the hearing on the Motion to Compel presently set on ~~March 24~~, 2020 is hereby be reset to ___May 19___, **2020 at** _10:15_ **a.m.** in Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

---
THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE
---

hearing will take place telephonically (Phone number 888-363-4749 Access Code 7250422 ) pursuant to Judge
Walker's CH7 & 11 Tuesday Docket Procedures after March 25, 2020 located on the Court's website at: http://
www.tnmb.uscourts.gov/coronavirus-disease-covid-19-information-relating-court-operations-intake-department-
closed-public

APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.