# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN MANOOKIAN,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-00918** |
| | ) | **Bankr. Case No. 3:19-bk-07235** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| | ) | **Judge Aleta A. Trauger** |
| **Appellee.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM and ORDER

Before the court is the Notice of Appeal and Statement of Election filed by appellant Brian Manookian (Doc. No. 1; Bankr. No. 190.[1]) Manookian appeals the Bankruptcy Court's Order denying his Motion to Disqualify Bankruptcy Judge Charles Walker. (Bankr. Nos. 187 (Motion), 189 (Order).) Manookian has filed the record pertaining to his appeal, Statement of Issues on Appeal, and supporting Brief. (Doc. Nos. 2, 3, 6.) The plaintiff/appellee, Trustee Jeanne Ann Burton, has filed a responding Brief. (Doc. No. 7.)

The court construes the Notice of Appeal as yet another motion for leave to pursue an interlocutory appeal. For the reasons set forth herein, that motion is **DENIED**, and the appeal is **DISMISSED**.

---

[1] Citations to "Doc. No." refer to the docket number of filings made in the case in this court. Citations to "Bankr. No." are to the lead bankruptcy court docket in the underlying bankruptcy case, *In re Cummings Manookian, PLLC*, Case No. 3:19-bk-07235 (Bankr. M.D. Tenn.). Citations to "Adv. Pro. No." are to filings in a related adversary proceeding ("Adversary Proceeding"), *Burton v. Hagh Law PLLC et al.*, Adv. Pro. No. 3:20-ap-90002 (Bankr. M.D. Tenn.).

## I.    BACKGROUND

On November 6, 2019, Cummings Manookian, PLC[2] filed a Chapter 7 Voluntary Petition in the Bankruptcy Court, which was assigned to Bankruptcy Court Judge Charles M. Walker. (Bankr. No. 1.) Trustee Jeanne Ann Burton was appointed to serve as the Chapter 7 Trustee for the debtor on the same day and continues to serve in that capacity.

The events leading to the present motion have already been detailed in several other Memoranda issued by the undersigned addressing related appeals from other orders entered by Judge Walker. *See Manookian PLLC v. Burton*, No. 3:23-cv-00392 (M.D. Tenn.) (Doc. No. 15, Order affirming denial of Motion to Disqualify) (filed contemporaneously with this order); *see also Manookian PLLC v. Burton*, No. 3:22-cv-00474, Bankr. Case No. 3:19-bk-07235, Adv. Pro. No. 3:20-ap-90002, 2023 WL 1867456 (M.D. Tenn. Feb. 9, 2023) (order denying leave to appeal Order quashing Notice of Deposition). As relevant here, on March 17, 2022, Judge Walker conducted a hearing ("March 17, 2022 hearing") for the purpose of resolving a number of outstanding discovery disputes that had arisen in connection with the Adversary Proceeding, Adv. Pro. No. No. 3:20-ap-90002 (Bankr. M.D. Tenn.), initiated on January 8, 2020 by the Trustee against Hagh Law PLLC ("Hagh Law"), Afsoon Hagh, Manookian PLLC (collectively, "defendants"), and First Citizens Bank and Trust Company.[3] While the parties were able to resolve most of their disputes during the first part of that hearing, one issue on which they had not reached an agreement was where to conduct four depositions the parties agreed should be taken, including

---

[2] The debtor's correct name is apparently Cummings Manookian, PLC. It was named incorrectly as Cummings Manookian, PLLC in the Petition.

[3] After the Bank turned over $715,000 (representing disputed fees in a case in which the debtor had represented one of the parties) being held by the Bank to the Clerk of the Bankruptcy Court, pursuant to the Bankruptcy Court's Order, the Trustee dismissed the Complaint as to the Bank on January 28, 2020. (Adv. Pro. Nos. 15, 17, 25.)

the deposition of Brian Manookian, who is not a party either to the bankruptcy case or the Adversary Proceeding but is the sole owner and member of debtor Cummings Manookian, PLC and Manookian PLLC. The Trustee suggested that the depositions take place in the courthouse, a proposal Judge Walker immediately approved. Counsel for Manookian PLLC and Brian Manookian registered his objection, and the court observed that, while the parties still had the ability to agree on a location, in the absence of an agreement, they would have to hold a hearing. (Adv. Pro. No. 140, at 81–82.)

Counsel for the Manookian and Manookian PLLC continued to argue that holding the depositions at the courthouse would be inconvenient for all concerned. The court then asked counsel for the Trustee whether he could articulate a basis for conducting the depositions at the courthouse. Counsel for the Trustee stated several reasons why he believed the depositions should be taken at the courthouse, including his belief that there was, as he explained it, "a security issue here. There's already been a restraining order put down against Mr. Manookian by one of the creditor[s'] lawyers in this case, and I don't take that lightly on behalf of my client." (*Id.* at 83.)

Counsel for the Trustee, on questioning by Judge Walker, affirmed on the record that he was "uncomfortable doing depositions" in opposing counsel's office. (*Id.* at 84.) Judge Walker then made the following statement, which he undoubtedly regrets in hindsight, given the number of appeals it has generated:

> All right. And then I'll just address the 100-pound gorilla in the room on that issue.
>
> To be candid, Mr. Spragens, I mean, your client's past behavior before the tribunals, and I've had at least two lawyers call the Court and say they don't feel comfortable if your client is going to appear, and, you know, the Court takes those concerns very seriously and makes no conclusion on whether they are valid, they are perceptions which drive behaviors of other parties. And to eliminate any of those perceptions, and to protect everyone against any allegations of bad behavior, misbehavior, or perceived misbehavior, it makes sense to do them here in an environment where no one can get your client further down a rabbit hole of he did this or he did that, that we're in a neutral environment, which affords certain

protections. And if nothing else, in terms of everybody's on their best behavior.

And so the Court's going to make that determination, that the depositions, unless the parties can agree, will be held here in the courthouse.

(*Id.* at 84–85.) No further discussion on this topic ensued, and counsel for Manookian did not object contemporaneously to the court's statement regarding his "client's past behavior," nor did he express concern about or attempt to ask the judge questions about the two telephone calls.

On May 5, 2022, Brian Manookian and Manookian PLLC, through counsel, filed their first Motion to Disqualify Bankruptcy Judge Charles Walker in the Adversary Proceeding, on the basis that the judge had "engaged in multiple prohibited *ex parte* communications about Brian Manookian and this proceeding . . . while this action has been pending." (Adv. Pro. No. 161, at 1–2.) Hagh and Hagh Law later joined in the motion. (Adv. Pro. No. 173, at 1.) In support of the motion, besides pointing to the judge's alleged "communications with at least two [unidentified] lawyers," the defendants represented that they had learned during the deposition of Phillip Young[4] that the Trustee, "through her Special Counsel, has had at least one improper *ex parte* communication with the Court about Mr. Manookian." (Adv. Pro. No. 161, at 1–2 n.2 (citing Adv. Pro. No. 161-2, Young Dep. 43–45).)[5] The Trustee filed a Response in opposition, pointing out

---

[4] Phillip Young functioned as receiver in a state court action filed in Williamson County, before being retained as counsel for the Trustee in Cummings Manookian's Chapter 7 bankruptcy proceeding. In that capacity, he was identified by the Trustee as a fact witness in the Adversary Proceeding. (*See* Adv. Pro. No. 140, at 69, 85.)

[5] As relevant here, Young testified as follows during his deposition:

[T]he very, very first hearing in this case, I called [Judge Walker's] courtroom deputy to alert her to the fact that a creditor's lawyer had an order of protection [against Brian Manookian]. And I didn't know how that was going to work logistically when you have a lawyer who's representing a creditor in the bankruptcy and the debtor's representatives and there was an order of protection down. And so I called to alert them to that so they would know how to handle that. But I don't know if anybody else called.

(Adv. Pro. No. 161-2, Young Dep. 44.) Specifically, he did not know if the lawyer who had obtained the order of protection had also called chambers. (*Id.*)

that counsel for the Trustee testified that he had had a brief conversation with the judge's courtroom deputy—not with the judge himself—and that the conversation involved a procedural question rather than substantive issues. (Adv. Pro. No. 174, at 2.) The Trustee also argued that the judge's comments at the March 17, 2022 Hearing and the decision to hold depositions at the courthouse did not reflect bias but instead a desire to have the depositions conducted at the courthouse in order "to avoid any allegations of bad behavior, whether real or perceived." (*Id.* at 4.) The Trustee asserted that the record did not reflect impermissible *ex parte* communications but also argued that, even if it did, *ex parte* communications, standing alone, do not require a judge's recusal unless the "substance of those communications might cause a reasonable person to question the judge's impartiality." (*Id.* at 6.).

The Bankruptcy Court scheduled a hearing on the Motion to Disqualify for June 29, 2022.[6] On May 31, 2022, Manookian PLLC noticed the deposition of Judge Walker, for the purpose of addressing "(1) Judge Walker and his staff's communications about this matter with third parties outside of court proceedings and (2) Judge Walker and his staff's investigation into this matter, the parties, or witnesses outside of the Court record."(Adv. Pro. No. 177.) Judge Walker entered an eight-page Order the next day, quashing the Notice of Deposition. (Adv. Pro. No. 178.) Manookian PLLC and Brian Manookian filed their Notice of Appeal and Statement of Election on June 14, 2022, specifically giving notice of their appeal to this court "from the Bankruptcy Court's June 1, 2022 Order (Doc. 178)," that is, from the Order Quashing Notice of Deposition. (Adv. Pro. No. 184.)[7]

---

[6] The docket reflects that the parties, throughout this time period, continued to engage in discovery disputes.

[7] At the hearing on the Motion to Disqualify, which convened as planned on June 29, 2022, Judge Walker read a statement into the record. In this statement, he expressed his conclusion that, in light of the appeal of the Order Quashing Notice of Deposition, the court was divested of

This court thereafter issued a Memorandum and Order construing that Notice of Appeal as a motion for leave to appeal an interlocutory order of the Bankruptcy Court and denying it, based on the appellants' failure to show that any of the factors relevant to permitting an interlocutory appeal weighed in their favor and, even if they had, that they failed to make any showing that Judge Walker had abused his discretion in quashing the deposition. *See Manookian PLLC v. Burton*, No. 3:22-cv-00474, Bankr. Case No. 3:19-bk-07235, Adv. Pro. No. 3:20-ap-90002, 2023 WL 1867456 (M.D. Tenn. Feb. 9, 2023).

Following resolution of that appeal, the Bankruptcy Court promptly reset the evidentiary hearing on the Motion to Disqualify (Adv. Pro. No. 220) and, after that hearing was conducted on April 4, 2023, issued the Order Denying Motion to Disqualify (Adv. Pro. No. 229). A timely Notice of Appeal was filed on behalf of Manookian PLLC, Hagh, Hagh Law, and non-party Manookian. (Adv. Pro. No. 231.) That appeal was fully briefed in this court, and the court is contemporaneously issuing a Memorandum and Order (1) holding that the denial of the Motion to Disqualify is not a final order that is immediately appealable as of right: (2) construing the Notice of Appeal as a motion for leave to pursue an appeal of an interlocutory order; (3) granting the construed motion; and (4) affirming the Order denying the Motion to Disqualify. *See Manookian PLLC v. Burton*, No. 3:23-cv-00392 (M.D. Tenn.) (Doc. No. 15) (Order affirming denial of Motion to Disqualify) (filed contemporaneously with this Memorandum and Order)

Meanwhile, the bankruptcy case had been stayed for a period of time, after Brian Manookian appealed the Bankruptcy Court's October 1, 2021 Order (Bankr. No. 147) approving a settlement with certain creditors and finding that Manookian lacked standing to object to that

---

jurisdiction over certain aspects of the case, specifically including both the Motion to Disqualify and the appellants' Motion for Summary Judgment, filed ten days after their Notice of Appeal. (Adv. Pro. No. 212, at 4; *see also* Adv. Pro. No. 188 (Motion for Summary Judgment).)

settlement. Chief Judge Waverly Crenshaw of this court entered a Memorandum Opinion and Order finding that the Bankruptcy Court had not applied the correct legal standard in determining that Manookian lacked standing and, therefore, vacating the Order approving settlement and remanding for further proceedings. *In re Cummings Manookian, PLLC*, 3:21-cv-00797, 2022 WL 677562, at *1 (M.D. Tenn. Mar. 7, 2022) (Crenshaw, C.J.) For unexplained reasons, that ruling was not actually docketed in the bankruptcy case, and the Bankruptcy Court did not take the matter back up following remand until the spring of 2023. Following several settings and continuances, the evidentiary hearing on the question of Manookian's standing was scheduled for August 30, 2023. (Bankr. No. 178.)

In advance of that hearing, Manookian renewed his objections to the proposed settlement, reasserted his standing to bring those objections, and also raised a claim that Judge Walker should disqualify himself from adjudicating any issues related to Manookian. (Bankr. No. 180.) In response to the latter argument, the Trustee objected to the attempt to incorporate by reference the argument for Judge Walker's recusal that had theretofore been lodged only in the Adversary Proceeding as inappropriate, insofar as no motion to disqualify had been filed in the bankruptcy case and the incorporation by reference did not comply either with the Bankruptcy Rules or the Local Rules. (Bankr. No. 181.) Manookian's objection premised on Judge Walker's "failure to recuse" was nonetheless also set for hearing on August 30, 2023. (Bankr. No. 182.)

Manookian filed a formal Motion to Disqualify Bankruptcy Judge Charles Walker on August 23, 2023. (Bankr. No. 187.) That motion cross-references and effectively duplicates the Motion to Disqualify filed by Manookian and Manookian PLLC in the Adversary Proceeding. In fact, it references in a footnote the "recusal appeal" then pending in this court and submits that the "recusal appeal is operative on, and stays, the bankruptcy proceeding as well. To the extent the

[Bankruptcy] Court has concluded that the adversary proceeding recusal appeal does not stay this proceeding, Movant asks the Court to recuse itself in this proceeding as well." (Bankr. No. 187, at 1 n.1.)

By Order entered on August 28, 2023, Judge Walker denied Manookian's Motion to Disqualify, finding that (1) the motion was untimely, insofar as it was premised upon statements made by Judge Walker during the March 17, 2022 Hearing; (2) Manookian was collaterally estopped from seeking recusal, insofar as the court had already adjudicated the essentially identical Motion to Disqualify filed in the Adversary Proceeding, which made "identical allegations regarding the identical issues involving the identical parties"; and (3) all of the same reasons discussed in the Order denying the Motion to Disqualify filed in the Adversary Proceeding also dictated denial of the identical motion filed in the bankruptcy case. (Bankr. No. 189, at 3.) The court also observed that the footnoted argument that the bankruptcy case should have been stayed in light of the appeal of the Order denying the recusal motion in the Adversary Proceeding was unsupported and without merit. (*Id.* at 3–4.)

Manookian promptly filed his Notice of Appeal, supported by a Brief that is virtually identical to that filed in support of the parallel appeal before this court in Case No. 3:23-cv-00392. (Doc. No. 6.) The Trustee filed a response Brief, also raising the same arguments as those in her Brief in the parallel appeal, including that Manookian lacks standing. She adds an argument that the Motion to Disqualify was untimely.[8] Manookian did not file a Reply and, therefore, has not actually addressed the standing or timeliness issues. Moreover, as discussed below, neither party

---

[8] The Trustee addresses the collateral estoppel issue in a footnote, opining that the Bankruptcy Court was "certainly correct" in finding that the second recusal motion is barred by collateral estoppel but also noting that the issue "seems somewhat moot since both orders are now on appeal before this Court." (Doc. No. 7, at 8 n.1.)

addresses the question of whether an order denying a recusal motion is a "final" order giving rise to an immediate right of appeal. The court finds that issue dispositive and will dismiss the appeal on that basis, as discussed below.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 158, a district court has jurisdiction to hear a timely appeal as a matter of right from final orders or decrees issued by a bankruptcy court and, "with leave of court," from interlocutory orders. 28 U.S.C. § 158(a)(1), (a)(3). Rule 8004(a) of the Federal Rules of Bankruptcy Procedure provides that, to appeal from an interlocutory order, a party should file a motion for leave to appeal with its notice of appeal. Fed. R. Bankr. P. 8004(a)(2). At the same time, however, Rule 8004(d) allows the district court to treat a timely notice of appeal as a motion for leave to appeal.

While neither Rule 8004 nor 28 U.S.C. § 158(a) states what factors a district court should consider in deciding whether to grant a motion for leave to appeal, the Sixth Circuit has indicated that the standard set forth in 28 U.S.C. § 1292(b), which deals with interlocutory appeals from district courts to courts of appeal, also applies to bankruptcy appeals. *In re Eggleston Works Loudspeaker Co.*, 253 B.R. 519, 521 (B.A.P. 6th Cir. 2000); *see also In re Energy Conversion Devices, Inc.*, 638 B.R. 81, 88 (E.D. Mich. 2022) (citations omitted). Under that standard, a district court considering a motion to permit an interlocutory appeal should consider "whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion; whether an immediate appeal may materially advance the ultimate termination of the litigation; and whether denying leave would result in wasted litigation and expense." *In re Eggleston Works*, 253 B.R. at 521; *see also In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). Even when all these criteria are met, "district courts have 'unfettered discretion to deny certification' in light of the strong bias in federal practice against interlocutory appeals."

*In re Great Atl. & Pac. Tea Co.*, 615 B.R. 717, 722 (S.D.N.Y. 2020) (citation omitted). Further, it is well established that permitting interlocutory appeals is "the exception, rather than the rule." *Energy Conversion Devices*, 638 B.R. at 89 (citing *In re Doria*, No. 09-75261, 2010 WL 2870813, at *2 (E.D. Mich. July 21, 2010)).

## III. DISCUSSION

### A. The Order Denying Motion to Disqualify Is Not a "Final Order"

In his opening Brief, Manookian contends that the court has jurisdiction over this appeal as a matter of right, under 28 U.S.C. § 158(a), and, in the alternative, asks the court to consider his timely Notice of Appeal as a motion for leave to file an interlocutory appeal. He does not, however, provide any argument in support of that request.

"Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). The denial of a recusal motion is generally considered interlocutory and not immediately appealable. *In re Royal Manor Mgmt.*, 525 B.R. at 345–46 (citing *Lopez v. Behles (In re Amer. Ready Mix, Inc.)*, 14 F.3d 1497, 1499 (10th Cir. 1994));[9] *accord In re Williams*, ADV LA 04-02775 SB, 2006 WL 6817587, at *6 (B.A.P. 9th Cir. Mar. 10, 2006) ("An order denying a motion to recuse is interlocutory until a final decision is entered."); *Willis v. Kroger*, 263 F.3d 163, 163 (5th Cir. 2001); *In re Moix-McNutt*, 215 B.R. 405, 408 (8th Cir. B.A.P. 1997) ("A majority of courts treat recusal

---

[9] In *Royal Manor*, the court deemed the denial of the recusal motion, along with several other orders, to be final, "because they all relate[d] to the sanctions judgment and that is the only issue remaining to complete these Chapter 11 cases." *In re Royal Manor Mgmt.*, 525 B.R. at 346. It also noted that the "finality requirement is considered 'in a more pragmatic and less technical way in bankruptcy cases than in other situations.'" *Id.* (quoting *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 488 (6th Cir. 1996) (some internal quotation marks omitted)).

orders as interlocutory." (collecting cases)).

This court finds that the Order Denying Motion to Disqualify entered in the bankruptcy case is an interlocutory order from which no immediate right to appeal attaches. The court, therefore construes the Notice of Appeal as a motion for leave to appeal. Fed. R. Bankr. P. 8004(d).

**B.      Whether to Grant Leave to Appeal**

As set forth above, a court may permit an interlocutory appeal if the order in question involves a controlling question of law as to which a substantial ground for difference of opinion exists and an immediate appeal may materially advance the ultimate termination of the litigation. *Energy Conversion Devices*, 638 B.R. at 88. All of these factors must be met. *Id.* And even then, the court may exercise its discretion to deny leave to appeal. *Id.*

With respect to the first factor, the presence of a controlling question of law, recusal motions under § 455 are generally left to the sound discretion of the judge. *See Garrett v. Ohio State Univ.*, 60 F.4th 359, 368 (6th Cir. 2023) (reviewing denial of recusal motion for abuse of discretion), *cert. denied sub nom. The Ohio State Univ. v. Gonzales*, 143 S. Ct. 2659 (2023). Interlocutory appeals, however, are typically "limited to questions that present 'neat abstract issues of law.'" *Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir. 2006) (quoting *Turner v. Scott*, 119 F.3d 425, 428 (6th Cir. 1997)). "A legal question of the type envisioned in § 1292(b), . . . generally does not include matters within the discretion of the trial court." *Id.* (citing *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994)).

Many courts have denied leave to appeal the denial of a recusal motion for failure to establish that they involve a disputed *legal* issue. *See, e.g.*, *In re Highland Capital Mgmt., L.P.*, 3:21-CV-0879-K, 2022 WL 394760, at *4 (N.D. Tex. Feb. 9, 2022) ("The Recusal Order was an exercise of the Bankruptcy Judge's discretion, so there is no controlling issue of law presented."); *In re Gonzalez*, 8:12-BK-19213-KRM, 2016 WL 1253274, at *5 (M.D. Fla. Mar. 30, 2016)

*McCallan v. Hamm*, 502 B.R. 245, 249 (M.D. Ala. 2013) (denying leave to appeal denial of motion to accuse where the parties did not dispute the applicable legal standards but "the bankruptcy judge's application of the recusal standard to the facts of the particular case"); *In re The Ad Hoc Comm. of Tort Victims*, No. 04CV08934, 2005 WL 267564, at *4–7 (S.D.N.Y. Feb. 3, 2005) (declining discretionary jurisdiction over bankruptcy judge's denial of motion to recuse on the grounds that the dispute did not concern a doubtful legal principle but was rather "a fact-intensive question that would be more appropriate for resolution after the final judgment").

This court agrees with those rulings and finds that the present appeal does not concern a controlling issue of law but, rather, a question of applying settled law to the facts of this case. Moreover, there is no substantial ground for difference of opinion as to the standard governing motions for a judge's recusal. In any event, the parties agree that 28 U.S.C. § 455 governs the question. They simply disagree as to how it applies to the facts in this case. The court also finds that the third element—whether an interlocutory appeal will materially advance the ultimate end to this matter—is not met.

Finally, granting leave to appeal would not further the interests of judicial efficiency, because, even before reaching the merits of the appeal in this case, the court would be called upon to address the ancillary matters of timeliness, standing, and collateral estoppel. Moreover, the court has already addressed Manookian's appeal of Judge Walker's Order Denying Motion to Disqualify in the Adversary Proceeding and found no merit to Manookian's substantive arguments in support of disqualification. Under the circumstances presented here, engaging in the analysis of these issues would be an inefficient use of the court's time and resources.

For these reasons, the court declines to grant leave to appeal the interlocutory Order Denying Motion to Disqualify.

**IV.     CONCLUSION AND ORDER**

The Order Manookian seeks to appeal is not a "final order" giving rise to an automatic right to appeal. The court, therefore, construes the Notice of Appeal as a motion for leave to appeal an interlocutory order. That motion is **DENIED**, and this appeal is **DISMISSED**.

This appeal having been fully disposed of, the Clerk shall close this case.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge